ML:KCB
F. #2018R02184

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

LUCIO CELLI,

        Defendant.

- - - - - - - - - - - - - - - - -X

<u>STIPULATION AND RULE 16(d)(1)
PROTECTIVE ORDER</u>

No. 19-CR-127 (AMD)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

    1.    Any and all discovery material designated by the government as "sensitive discovery material" and produced to the defendant LUCIO CELLI (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, may be used by the defendant and defense counsel for any purpose consistent with this Protective Order in furtherance of the representation of the defendant in connection with the above-captioned indictment;

    2.    Sensitive discovery material is defined as materials that include the personal information or other identifying information of Jane Doe and John Doe, including but not limited to phone numbers, email accounts, addresses, calls and recordings of Jane

Doe and John Doe. Defense counsel may petition the Court at any time to challenge the government's designation of material as "sensitive discovery material";

3. Any and all sensitive discovery material produced to the defendant by the government and any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of and expert witnesses and interpreters retained by defense counsel, who shall be bound by the entirety of this Protective Order, without further notice to and consent by the government, or order by the Court;

4. Each of the individuals to whom disclosure is authorized in paragraph 3, that is, members of the legal staff of and expert witnesses and interpreters retained by defense counsel, shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Protective Order;

5. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff. The defendant is further prohibited from disseminating any sensitive discovery material, and may not take sensitive discovery material, or copies thereof, into any jail facility outside the presence of defense counsel or defense counsel's legal staff, possess sensitive discovery material or copies in any such

facility outside the presence of defense counsel or defense counsel's legal staff, or provide information from sensitive discovery material to others;

6. Where the defendant and/or defense counsel wishes to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. None of the sensitive discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to attach any portion of the sensitive discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

8. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

9. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material unless and until substitute counsel enters into this Protective Order;

10. The defendant and defense counsel will return to the government any sensitive discovery materials and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses and linguists retained by defense counsel who have signed this Protective Order, (a) within seven days of a verdict of acquittal rendered by a jury, (b) within seven days of the date when an appeal of any sentence was required to be filed, if no appeal is filed, (c) at the time defense counsel ceases to represent the defendant, or (d) within seven days of the issuance of an appellate decision rendering a final judgment of any direct appeal; and

11. Any violation of this Protective Order (a) will require the immediate return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
April 1, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: *Kayla Bensing*
Kayla Bensing
Assistant U.S. Attorney
(718) 254-6279

*Michael Weil*
Michael Weil, Esq.
Attorney for LUCIO CELLI

SO ORDERED
this ____ day of April, 2019

_____
THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE