UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Docket#** 19-cr-00127-AMD-ST-1 18-mj-1101-RER |
| - versus - | : | U.S. Courthouse Brooklyn, New York |
| LUCIO CELLI, Defendant | : | January 9, 2019 11:23 AM |

TRANSCRIPT OF CRIMINAL CAUSE FOR PROCEEDING
BEFORE THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**


__**For the Government**__: **Richard P. Donoghue, Esq.**
United States Attorney

BY: **Kayla Bensing, Esq.**
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

__**For the Defendant**__: **Leticia Olivera, Esq.**
Federal Defenders of
New York, Inc.
One Pierrepont Plaza
16th Floor
Brooklyn, NY 11201

__**Transcription Service**__: **Transcriptions Plus II, Inc.**
61 Beatrice Avenue
West Islip, New York 11795
laferrara44@gmail.com


Proceedings recorded by electronic sound-recording, transcript produced by transcription service

THE CLERK: Criminal Cause for Order of Excludable Delay, docket number 18-m-1101, United States of America v. Lucio Celli.

Counsel, please state your name for the record.

MS. BENSING: Kayla Bensing for the government.

Good morning, your Honor.

THE COURT: Good morning.

MS. OLIVERA: Good morning, your Honor.

Leticia Olivera, Federal Defenders of New York on behalf of Mr. Celli.

THE COURT: Good morning.

I understand that the defendant is consenting to an order of excludable delay from today through February 8th. Is that correct?

MS. BENSING: That's correct.

THE COURT: And I noted that the docket sheet indicated that the last order of excludable delay was entered over his objection. He does now consent to this particular extension.

MS. BENSING: That's correct.

THE COURT: And you've discussed that matter with him?

MS. BENSING: Yes.

THE COURT: And you're satisfied it's in his interest to agree to this exclusion?

MS. BENSING: I am.

THE COURT: And the reason for the exclusion is to allow the parties to have additional time to engage in plea discussions?

MS. BENSING: That's correct.

THE COURT: All right, Mr. Celli, I have before me the proposed order of excludable delay. Is that your signature on the defendant's signature line?

THE DEFENDANT: Yes, it is, your Honor.

THE COURT: Have you read this document and discussed it with your attorney?

THE DEFENDANT: She read it to me, yes, and she discussed it with me.

THE COURT: And do you understand what you're agreeing to by signing this document?

THE DEFENDANT: I'm excluding time from -- for -- for indictment, yes.

THE COURT: And you understand the implications of that?

THE DEFENDANT: There's --

THE COURT: You understand what it means to exclude time?

THE DEFENDANT: Yeah, it extends -- extends the date, the indictment, yes.

THE COURT: And I will explain it in a moment

but I just want to make sure that you have some basic understanding of what you're agreeing to. The proposed order would exclude the time from today through February 8th from the time within which the formal charges must be brought.

Under the Constitution and laws of the United States, a defendant in a criminal case is entitled to a speedy trial. Part of that right is the right to have formal charges brought promptly. Specifically by statute, an indictment or information must be filed within 30 days of the defendant's arrest with certain periods of time excluded from that 30-day calculation.

If formal charges are not brought within that period of time, that could form the basis for a motion to dismiss the charges. By agreeing to exclude the time from today through February 8th, you in effect are agreeing that the Speedy Trial clock will not be running at all during that specified period.

THE DEFENDANT: I -- I --

THE COURT: Do you understand that?

THE DEFENDANT: Yes, I understood that. Yes.

THE COURT: And if you later made a motion to dismiss the charges on the grounds that you had not been formally charged within 30 days, you would not be able to take into account in your calculation, the period of time

specified in this proposed order or in the prior order that was entered over your objection.

Do you understand that?

THE DEFENDANT: Yes, because it's my choice.

THE COURT: And understanding that, do you still wish me to approve this order of excludable delay?

THE DEFENDANT: Yes.

THE COURT: And I should mention one other thing. I see you are in custody. You should understand that by agreeing to delay the time for your indictment, or information, you likely will be delaying the ultimate trial of your case if you decide not to plead guilty as you have an absolute right to do.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And understanding that as well, do you still want me to approve this proposed order?

THE DEFENDANT: Yes.

THE COURT: I find that the defendant's consent is knowing, intelligent and voluntary, and that approving this order serves the ends of justice. Therefore, it's approved.

Is there anything further?

MS. OLIVERA: Nothing further.

MS. BENSING: If we could just set a calendar

date for February 8th at 11 a.m. in this court.

THE COURT: All right. Very good. Thank you for reminding me. So we'll put it down for February 8th before the duty magistrate. Thank you very much.

MS. BENSING: Thank you.

MS. OLIVERA: Thank you.

THE DEFENDANT: Thank you. Have a nice day.

THE COURT: You, too.

(Matter concluded)

-o0o-

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **29th** day of **May**, 2019.

Linda Ferrara

AAERT CET 656

Transcriptions Plus II, Inc.