```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2
         - - - - - - - - - - - - - X
 3
           UNITED STATES OF AMERICA,    :   19-CR-127(AMD)
 4                                      :
                                        :   U.S. Courthouse
 5                                      :   Brooklyn, New York
              -against-                 :
 6                                      :   TRANSCRIPT OF
                                        :   TELEPHONIC STATUS
 7                                      :   CONFERENCE
                                        :
 8         LUCIO CELLI,                  :
                                        :   September 2, 2020
 9                Defendant.            :   1:00 p.m.
                                        :
10
         - - - - - - - - - - - - - X
11
       BEFORE:
12                 HONORABLE ANN M. DONNELLY, U.S.D.J.

13     APPEARANCES:

14     For the Government:       SETH D. DuCHARME, ESQ.
                                 Acting United States Attorney
15                               271 Cadman Plaza East
                                 Brooklyn, New York 11201
16                               BY:  KAYLA BENSING, ESQ.
                                      Assistant U.S. Attorney
17

18     For the Defendant:        ZACHARY TAYLOR, ESQ.

19
       Also Present:             DAVID GORDON, ESQ.
20                               Standby CJA Counsel

21
       Court Reporter:     Holly Driscoll, CSR, FCRR
22                         Chief Court Reporter
                           225 Cadman Plaza East
23                         Brooklyn, New York 11201
                           (718) 613-2274
24

25     Proceedings recorded by mechanical stenography, transcript
       produced by Computer-Assisted Transcript.
```

1  (THE FOLLOWING TAKES PLACE VIA TELECONFERENCE.)
2  THE COURT: Hi, it's Judge Donnelly.
3  Donna, can you call the case please.
4  THE COURTROOM DEPUTY: Yes.
5  This is criminal cause for telephone status
6  conference, docket number 19-CR-127, USA versus Celli.
7  Before asking the parties to state their appearance
8  I would like to note the following: Persons granted remote
9  access to proceedings are reminded of the general prohibitions
10 against photographing, recording and rebroadcasting of court
11 proceedings. Violation of these prohibitions may result in
12 sanctions including removal of court issued media credentials,
13 restricted entry to future hearings, denial of entry to future
14 hearings, or any other sanction deemed necessary by the court.
15 Counsel, state your appearances, government first.
16 MS. BENSING: Good morning, this is Kayla Bensing
17 for the government -- good afternoon.
18 THE COURT: Good afternoon.
19 MR. TAYLOR: Good afternoon, Your Honor, this
20 Zachary Taylor on behalf of Mr. Lucio Celli.
21 THE COURT: Good afternoon.
22 PRETRIAL SERVICES OFFICER DORN: Good afternoon,
23 Your Honor, Pretrial Services Officer Michael Dorn.
24 THE COURT: Good afternoon.
25 PRETRIAL SERVICES OFFICER BARRIOS: Good afternoon,

3

1 Your Honor --
2     THE COURT: Go ahead.
3     PRETRIAL SERVICES OFFICER BARRIOS: Leo Barrios from
4 Pretrial Services, Southern District of New York.
5     THE COURT: Good afternoon.
6     Mr. Celli, are you there?
7     THE DEFENDANT: Yes, Judge. Good afternoon. How
8 are you?
9     THE COURT: Well, I've been better I have to say.
10 I want to stop having these telephone calls because I tell you
11 to do stuff and then you don't do it and every time we have
12 one of these calls it's because you've disobeyed one of my
13 orders and so I want to know what we're going to do about
14 that.
15     Let me hear from Pretrial if I could please, I guess
16 either Officer Dorn or Barrios.
17     PRETRIAL SERVICES OFFICER DORN: Good afternoon,
18 Your Honor, this is Michael Dorn. Our position right now is
19 that the defendant's bail should be revoked for his continued
20 violations of Your Honor's order, continuing to call AUSA
21 Bensing and his continued inappropriate telephone behavior
22 towards others. We believe that the pattern of behavior
23 represents a risk of danger to the community.
24     THE COURT: Well, Mr. Taylor, do you have anything
25 to say about this?

1    MR. TAYLOR:  Yes, Your Honor.  While Mr. Celli's
2 initial interaction with the reporter, Ms. Edelman, is
3 definitely inappropriate and, you know, just not the way a
4 person should behave, I don't think it comes close to
5 evidencing any kind of danger to the community.
6    First of all, I understand that after Mr. Celli
7 first called Ms. Edelman, which he should not have done, and
8 he called her nasty names, which he absolutely should not have
9 done and he's acknowledged as much to me and perhaps more
10 importantly he's acknowledged as much to Ms. Edelman herself
11 without any involvement from me because I didn't know this was
12 going on, he called her back after the first call and
13 apologized for the bad name that he called her and he
14 explained that he feels anxious and he says things that he
15 then later regrets and I think Your Honor is aware because of
16 some of the materials that have been made available to the
17 Court recently that, you know, this is -- you know, that this
18 is genuinely a condition that Mr. Celli has anxiety and that
19 he can become overwhelmed by stress and therefore he does
20 things that he should not do.
21    Now, this is in no way to excuse the behavior but to
22 put it into context and I believe that Mr. Celli, you know,
23 will express himself that he understands that this is not
24 something that he should do and that he's not going to engage
25 in these kinds of calls in the future but I don't think that

5

1  this is a danger to the community, I don't think there was a
2  threat to anyone, I think it is just name calling which is not
3  something he should do.  I think there's certain people like
4  Ms. Bensing whom he should absolutely not call under any
5  circumstances but, again, he has not threatened her.
6          So, I don't believe that his behavior warrants
7  revocation of bail.  I think it would also be very harmful to
8  him if his bail were revoked.
9          THE COURT:  Well, I also just want to place on the
10 record that Mr. Celli has started calling the Court which I
11 don't think that's on the list of things that you're are not
12 supposed to do but you can't do that either.
13         So, Mr. Celli, what do you have to say for yourself
14 here just on this topic?
15         THE DEFENDANT:  So, when I called the Court
16 yesterday or the day before, I don't remember, I apologized
17 and I said I was recording it, I told the -- I don't recall
18 the lady's name, I think her name was Alexis, I'm not sure.
19         THE COURT:  Well, you weren't supposed to be calling
20 so why -- you know that you're not supposed to call --
21         THE DEFENDANT:  Well, I wanted -- here's the
22 reason why I did it, I wanted to have Mr. Taylor discharged
23 and told him when to do it, it's been three weeks.  I called
24 Ms. Bensing to tell her the same thing.  That's why I called
25 her, that's the only reason, and I know she can't speak to me

1  because it is against the ethics rule, I know that's why she's
2  not supposed to speak to me, I'm sorry to put her in that
3  position but I needed --
4           THE COURT:  Mr. Celli, I'm going to stop you.
5  Mr. Celli, listen to me and listen to me good, do not call
6  Ms. Bensing again for any reason.  Is there anything about
7  what I'm saying that you do not understand?
8           THE DEFENDANT:  No, I understand that but I --
9           THE COURT:  If you call her again I will put you in
10 jail, do you understand that?
11          THE DEFENDANT:  Yes.  Then I need someone else to
12 call.
13          THE COURT:  No, you don't.  You do not.  You do not
14 need someone else to call.  This is what I'm going to tell you
15 to do, you know you're not supposed to be doing these things,
16 you're a grown up; when you call people you tell them that you
17 know you're not supposed to be calling them, you apologize and
18 yet you keep doing it and so you don't give me a whole lot of
19 choice here, Mr. Celli, that's the problem, and so I don't
20 want to keep having these calls.  So, I'm going to suggest
21 that you do this, when you're tempted to call somebody that
22 you're not supposed to call, take a pad of paper, write down
23 the things that you are wanting to say and you bring it with
24 you the next time that we have court.
25          You can call your lawyer and tell him that you want

1  to speak to the judge.  That's the way you can do it.  Is that
2  clear?
3            THE DEFENDANT:  Yes.
4            THE COURT:  And so I also think when you take the
5  time to think about what the consequences of your behavior are
6  going to be, it will make you stop doing it.
7            Ms. Bensing does not want your call, do you
8  understand that?
9            THE DEFENDANT:  She's not supposed to have my calls,
10 I know that ethical reason, I know that, Your Honor.
11           THE COURT:  You are not supposed -- you, not
12 Ms. Bensing, you are not supposed to call her.  I think I've
13 made myself clear.
14           Now, you spent a little time in jail, a few months,
15 didn't you?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Did you like it?
18           THE DEFENDANT:  No.
19           THE COURT:  What kind of effect do you think that
20 would have on your parents?
21           THE DEFENDANT:  Oh, I know what an effect it would
22 have.
23           THE COURT:  It would be terrible, wouldn't it?
24           THE DEFENDANT:  Yes, it would, it was.
25           THE COURT:  You have to start thinking about someone

1  other than yourself.  The next time that you're inclined to do
2  that think of what that would do to your mother, okay.
3              THE DEFENDANT:  Yes.
4              THE COURT:  You must listen to me.  You have two
5  Pretrial Services officers who are trying to work with you,
6  I've spoken with both of them, but I am at the end of my rope,
7  I really am, because I think sometimes you think the rules
8  don't apply to you.  They do.  How often are you getting
9  therapy?
10             THE DEFENDANT:  Once a week.
11             THE COURT:  I think we might try to see if you can
12 do that twice a week.
13             THE DEFENDANT:  All right.
14             THE COURT:  That would be somebody to whom you could
15 express your frustration, okay?
16             THE DEFENDANT:  Judge --
17             THE COURT:  Let me tell you one other thing, every
18 time you are thinking about picking up that telephone you
19 remember what I said to you, okay?
20             THE DEFENDANT:  Uh-huh.
21             THE COURT:  I'm not playing.
22             THE DEFENDANT:  Yes.
23             THE COURT:  So, if you want to call your lawyer, you
24 can call your lawyer.  If you want to call your therapist, you
25 can call your therapist.  If you want to call either of your

1  Pretrial Services officers, you may call them.  You may not
2  call Ms. Bensing and don't call the Court.
3           THE DEFENDANT:  Okay.
4           THE COURT:  All right?
5           THE DEFENDANT:  Uh-huh.
6           THE COURT:  And don't make me keep having these
7  meetings.
8           THE DEFENDANT:  Uh-huh.
9           THE COURT:  Now, I do want to know -- we have a date
10 scheduled in December.  What's the date, Donna?
11          THE DEFENDANT:  The 15th.
12          THE COURTROOM DEPUTY:  The 15th.
13          THE COURT:  Thank you, Mr. Celli.  So, that is a
14 status conference, is that right?
15          THE COURTROOM DEPUTY:  Yes, Judge.
16          THE COURT:  All right.  What we're going to do on
17 the 15th is pick a date for trial unless the parties are able
18 to work out a disposition and that is something that will be
19 done between your lawyer and Ms. Bensing, not you, Mr. Celli.
20 You can certainly talk to your lawyer.
21          And just so I'm clear, because I don't have this in
22 front of me, the charge that Mr. Celli is facing, what is the
23 guideline range for that, Ms. Bensing?
24          MS. BENSING:  Your Honor, let me just -- it's been a
25 while.

10

1  THE DEFENDANT: 26 to 37 months.
2  MS. BENSING: Give me one second, Your Honor, I
3  apologize.
4  THE COURT: Sure.
5  THE DEFENDANT: If I remember correctly, it was 26
6  to 37 months.
7  MS. BENSING: Your Honor, unfortunately I --
8  THE COURT: It's okay. Mr. Celli has a recollection
9  of it. I'm not sure what his criminal history score would be.
10 MS. BENSING: No, I apologize, Your Honor, I have
11 it. So, I believe that he is looking at a total offense level
12 of 20, the 27 to 33 months was taking into account less two
13 for acceptance of responsibility. I believe that he is in
14 Criminal History Category I. So, if he were to go to trial on
15 the count, it would be a total offense level of 20 and a
16 Criminal History Category of I and I just --
17 THE COURT: That's okay.
18 MS. BENSING: -- need to look up the guideline.
19 THE COURT: I was just trying to figure out how much
20 time we were talking about here; and probation is an option as
21 well, isn't it?
22 MS. BENSING: I would just want to double-check
23 that, Your Honor, so that I don't misstate anything.
24 THE COURT: It's fine. The Court is not -- I'm not
25 involving myself in plea discussions, I'm just getting my

1   bearings there.
2           So, in any event, we will meet again in December for
3   that status conference and then we will either pick a trial
4   date or pick a date for a disposition because it is time to
5   move on this case.  I know it is hard to pick juries right now
6   because of Covid, it's hard to get -- and it's not a great
7   situation for the lawyers to be doing in-person proceedings so
8   we won't be able to do that then but we will see where we are
9   in December.
10          Mr. Celli, I know you understand my ruling today.
11          THE DEFENDANT:  Yes.
12          THE COURT:  So, just whatever you need to do to not
13  violate my ruling do it because it's going to be the end after
14  that.  I'm not going to keep having these conversations
15  because it tells me that you don't respect the rules that I
16  have put in place and if you don't respect the rules that I
17  put in place, then it makes me wonder if you are a danger to
18  the community.  So, you've been warned but my patience is at
19  an end.  All right.
20          So, I don't think we have anything else to discuss
21  today.
22          MR. TAYLOR:  Your Honor, if I may, this is Zachary
23  Taylor.
24          Mr. Celli, if you don't mind allowing me to speak
25  first, I think if there's something I say that you want to

1 correct, then please do so.
2 THE COURT: Well, I'll direct it here.
3 MR. TAYLOR: I'm sorry, Judge.
4 THE COURT: That's okay.
5 Mr. Celli, let your lawyer speak, he does an
6 excellent job.
7 Go ahead, Mr. Taylor.
8 MR. TAYLOR: I put in a letter yesterday and, you
9 know, I think that this issue is connected to the phone calls
10 which is that Mr. Celli has directed me to inform the Court
11 that he doesn't want my services anymore. Now, I am not at
12 this time supportive of a motion for new counsel. I know that
13 Mr. Celli, as the Court is well aware, has had numerous
14 counsel. You know, there are certainly difficulties in our
15 communication. I'm hoping, however, that our relationship has
16 not completely broken down and that we can continue to work
17 together but I did want to put this on the record that
18 Mr. Celli wants to be represented I suppose by someone else
19 and has directed me to inform the Court of this.
20 THE COURT: All right. Well, I'm not going to
21 change lawyers.
22 You don't have the right to keep changing lawyers,
23 Mr. Celli. You have a good one because he talked me out of
24 putting you in jail today, so I might keep that in mind if I
25 were you. I'm not going to change your lawyer today and, as I

1   said, we are going to meet again in December and don't forget
2   what I said, Mr. Celli, okay.
3          THE DEFENDANT:  I have some more things, Your Honor.
4   One, can I go to the gym to relieve my stress?
5          THE COURT:  Can you what?
6          THE DEFENDANT:  Go to the gym to relieve my stress?
7          THE COURT:  Well, let me just check with your
8   Pretrial Services officer.  It sounds like a good idea.
9          What do you think, Officers Dorn and Barrios?
10         PRETRIAL SERVICES OFFICER DORN:  Your Honor, this is
11  Michael Dorn.  As long as the Court is inclined to grant that,
12  we can give him an exercise schedule.
13         THE COURT:  Okay.
14         Good plan, Mr. Celli.
15         What's next?
16         THE DEFENDANT:  The second thing is the fact of what
17  happened in bail has affected me getting my retro money, so
18  even though that --
19         THE COURT:  I'm sorry, I don't understand.
20         THE DEFENDANT:  So, here's --
21         THE COURT:  Speak slowly, slowly.
22         THE DEFENDANT:  So, you know, I was denied my
23  procedural due process rights at bail which caused me five
24  months, under these fair credit, whatever that is called
25  clause plus the choice of law, you know, I should be getting

14

1  my retro money but, you know, other people who were put in
2  jail for my length of time retrieved their retro money.  I'm
3  being denied.
4           THE COURT:  By who, Mr. Celli?
5           THE DEFENDANT:  By my employer.
6           THE COURT:  Oh, oh, I see.  So, there's some kind of
7  money you're supposed to get?
8           THE DEFENDANT:  Yes.
9           THE COURT:  What is the status of your employment?
10          THE DEFENDANT:  Unemployed.
11          THE COURT:  Oh, okay.  Well, I don't have any
12 control over that, about the situation with your employer.  I
13 suggest if you want to rectify that you -- don't call anybody
14 up and threaten them, don't do that, but there are legal ways
15 that you can do that and one way that -- I have no idea what
16 the rules are for that but one start would be staying out of
17 jail on this case, okay.
18          THE DEFENDANT:  Okay.
19          THE COURT:  All right.  I just don't know anything
20 about that.
21          Anything else?
22          THE DEFENDANT:  No.
23          THE COURT:  All right.  All right, everybody, I want
24 to thank our two Pretrial Service Officers for being on the
25 line today and for being so attentive to Mr. Celli's case.  I

1  want to thank Mr. Taylor for being so professional and so well
2  prepared for all of these sessions that we have, he's an
3  excellent lawyer, and thank you to Ms. Bensing also.
4              I do want to thank our court reporter, I hope we
5  haven't taxed her patience too much today.
6              All right, everybody, the next time I want to hear
7  from everybody is -- what's the time again, Donna?
8              THE COURTROOM DEPUTY:  December 15th at 11:30.
9              THE COURT:  We'll hear from everybody then.  I want
10 nothing but glowing reports, Mr. Celli.
11             THE DEFENDANT:  Okay.
12             THE COURT:  Don't forget.
13             MR. GORDON:  Your Honor, this is David Gordon,
14 hello.  Hello, Judge.
15             THE COURT:  Hello.
16             MR. GORDON:  This is David Gordon.  I was asked to
17 be available as standby CJA.  I just wanted the record to
18 indicate that I have been listening, I have been here.  I
19 didn't state an appearance earlier, I wasn't asked.
20             THE COURT:  I'm so sorry, Mr. Gordon.  Thank you
21 very much.
22             MR. GORDON:  Lest anyone think that I didn't add
23 myself to the call, I've been here.
24             THE COURT:  Okay.  That's my fault, I'm sorry about
25 that.  Thank you very much.

16

1          MR. GORDON:  Thank you.
2          THE COURT:  All right.
3          I think we have excluded the time already from the
4  last time we had a court appearance and that's still excluded
5  in the interests of justice.  All right.  Everybody stay
6  healthy.
7          MS. BENSING:  Thank you.
8          MR. TAYLOR:  Thank you, Your Honor.
9          THE COURT:  Thank you.
10         (Time noted:  1:22 p.m.)
11         (End of proceedings.)