LAW OFFICE OF

# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

January 4, 2021

**By ECF**
Honorable Paul A. Engelmayer
United States District Judge
Eastern District of New York[1]
40 Foley Square
New York, NY 10007

Re: *United States v. Lucio Celli*, 19 Cr. 127 (PAE)

Your Honor:

Attached please find a letter motion from Mr. Celli that I respectfully submit on his behalf, and which was previewed at the December 15, 2020 conference. The motion primarily seeks a remedy for improper pretrial detention in late 2018 and early 2019. Mr. Celli has asked me to convey his respectful request that the Court provide a public hearing to address these matters. He also asked me to convey that, notwithstanding certain statements in his submission, he is not seeking new counsel.

Respectfully submitted,

 /s/ Benjamin Silverman
Benjamin Silverman

cc: Counsel of Record (by ECF)

---

[1] Sitting by designation.

# Exhibit A

Dear Judge Paul Engelmayer:

I, Lucio Celli and defendant in the above-mentioned action, am writing this letter to assert my rights ignored by the court since the start of these criminal proceedings against.

**First**, every litigant is entitled to a "fair trial in a fair tribunal . . . before a judge with no actual bias." Bracy v. Gramley, 520 U.S. 899, 904-905 (1997) (internal quotation marks and citation omitted). Second, "justice must satisfy the appearance of justice." Offutt v. United States, 348 U.S. 11, 14 (1954)).

It appears that everything that has been done to me, since the start of this criminal proceeding is to punish me for revealing the criminal conduct of Judge Cogan because he failed to appraise me of his former status as counsel for the UFT for matter concern the Taylor Law and to impede any mention of his association and his obvious help to the UFT in my civil case. Please look at the impeachment of the last two judges convicted prior Judge Kent, as one of the issues presented was the fact that these judges were not honest about their association (rather that outright lied to the litigants) with parties or parties who were not named but had an interest in the proceeding, which is the same issue that presented itself between Your Honor, Senator Schumer and Senator self-proclaimed sister (Ronda "Randi" Weingarten or aka "the evil mob boss" or "the Grand Lech of all cash cow milking leeches of the UFT"). Randi does not want her mob crimes, against UFT members, to come out and based on Your Honor's answer to my statement of "Your Honor was recommended by Senator Schumer does give the appearance that you were placed on my case for a specific reason to hide her criminal conduct.

Then, there are the facts (undisputable because they are documents on the docket) that constitutes collusion between Judge Brodie with Judge Cogan, Randi, Betsy Combier and Peter Zucker. Example: Betsy started a suit based on her website that is paid for by a nonprofit, started by Betsy, and Betsy filed workpaper with IRS that her nonparty would only go to maintain the website, and NO ONE would get paid. This is a crime and Betsy came into federal district court and appeals court saying that she lost income—hmm, how could Betsy loose income if she told the IRS that NO ONE would gain a paycheck? Nowhere can I find a document, IRS does not have it—I called, where Betsy filed she earns income from the websites she sued about because there is a form when nonprofit earn money that does not fit its

1

goals of the nonprofit—this is not in discovery either and this is something that I need to speak to my lawyer.

**Second**, I have told Mr. Silverman that the court has gone with delays with Judge Donnelly to lighten speed with Your Honor, but each time the court has overlooked the denial of my constitutional rights. My rights are never discussed, but always couched (Judge Donnelly) or ignored and based on our interaction on Oct. 16—I believe that Your Honor will totally ignore them too.

In *Moore* the Court reversed a federal district court's dismissal on demurrer of a habeas petition that alleged "that the **appellants were hurried to conviction under the pressure of a mob without any regard for their rights and without according to them due process of law**." 261 U.S. at 87. The detailed allegations of the petition paint a stark picture of a judicial lynching. *See id.* at 87-90. *Johnson* involved denial of petitioner's right to counsel, 304 U.S. at 459, and was, moreover, an attempt to obtain relief from a *federal* conviction.

The *Kalb* Court in fact did a marked disservice to Justice Holmes's eloquent opinion in *Moore*. That opinion is cast throughout in due process language, and its only mention of the word "jurisdiction" comes in recounting the appellants' unavailing attempts to obtain habeas relief from the state Chancellor. 261 U.S. at 92. By contrast, the dissenting opinion of Justice McReynolds, joined by Justice Sutherland, bristles with references to jurisdiction in arguing that appellants' only remedy was direct review. *Id.* at 94-96 (quoting Frank v. Mangum, 237 U.S. 309 (1915)). The citation of *Moore* and *Johnson* may have been meant to convey that the Court was aware of the due process issue in *Kalb*; if so, the effort was not one of Justice Black's more successful endeavors.

If I under the Kalb Court decision, the issue now becomes a jurisdictional issue and I believe it is not subject-matter, but personal (I know it's a Latin term, but I cannot find it). Below, Your will find were constitutional issues that I would for you to address or remedy because I believe it is incumbent upon the Court to protect my rights and/or remedy them—I have a caselaw for this, but I cannot find it at this moment.

## Rights Denied by the Court, AUSA, or previous defense lawyers or all the above

I.  I believe that Your Honor has failed to realize that you did
    not provide my current lawyer enough time to investigate for
    pretrial motions or merely investigate any issue that I am
    presenting to Your Honor's court. See Williams v. Taylor, 529
    U.S. 362, 396 (2000) (**requiring adequate and reasonable
    pretrial investigation.**)
    1. Your Honor only provided two weeks for my current lawyer to
       do any type of investigation into this matter
            a) I only met with Mr. Silverman, esq. once
            b) By no fault of Mr. Silverman, but he has not touch
               upon all the issues that need to be brought in in his
               pretrial motion, like the issue of speedy trial or the
               misconduct of AUSA Bensing.
            c) Your Honor does not know what has happened but I have
               audio-recordings to prove no pretrial investigation
               has occurred because of the answers I have received
               and the caselaws I have presented to them and now Your
               Honor.
    2. My prior lawyers did not do any investigation into this
       matter
    3. What Your Honor has done, either on intentionally or
       inadvertently, is appoint counsel for show because no counsel
       can prepare motions, interview me once and/or no one else,
       investigate and research the law for each issue with only two
       weeks of time. See United States v. Cronic, 466 U.S. 648, 655
       (1984) (citing *Avery*, 308 U.S. at 446) (concluding that "mere
       formal appointment" does not satisfy the text of the Sixth
       Amendment, which requires "assistance" of counsel)

            a) Rather, lawyers must be appointed under
               circumstances that permit them to do their jobs. As
               the United States Supreme Court has explained, the
               Sixth Amendment "requires not merely the provision
               of counsel to the accused, but 'Assistance,' which
               is to be 'for his defen[s]e.'" *United States* v.
               *Cronic*, 466 U.S. 648, 654 (1984). That right would
               be "an empty formality" if appointed counsel is
               precluded from providing his or her client any
               meaningful representation. *Ungar* v. *Sarafite*, 376
               U.S. 575, 589 (1964).
            b) In Powell v. Alabama, 287 US 45, 58 (1932), the
               Court stated that "Observing that it would be
               "vain" to give a defendant a lawyer "without giving
               the latter any opportunity to acquaint himself with
               the facts or law of the case." Your Honor has not
               provided my lawyer with enough time to know the
               facts to mount a meaningful preparing that is
               required in my case.

3

c) DOJ cites in their briefs: Plaintiffs' complaint is not with their individual lawyers' competence but with the State's alleged failure, on a system-wide level, to meet "its foundational obligation under *Gideon* to provide legal representation" to defendants who cannot afford it. *Hurrell-Harring* v. *State*, 930 N.E.2d 217, 222 (N.Y. 2010). There is no legal bar to bringing such a claim in a civil suit outside the context of a final conviction and sentence; indeed, a pre-trial civil action seeking prospective, injunctive relief is the only judicial mechanism by which a court can find and remedy a State's systemic noncompliance with *Gideon*.

d) The DOJ cites in their briefs: The court in *Wilbur* v. *City of Mount Vernon*, No. 2:11-CV-1100, 2012 WL 600727 (W.D. Wash. Feb. 23, 2012) (*Wilbur I*), followed a similar analysis. Like the *Hurrell-Harring* court, it recognized that plaintiffs' suit did not allege ineffective assistance of counsel under *Strickland*, but rather asserted a systemic deprivation of the right to counsel promised in *Gideon*. *Id.* at *2. The *Wilbur* court found that the facts that plaintiffs asserted could support a finding "that the assignment of public defenders is little more than a sham," *ibid.*, and concluded that a civil action seeking a systemic remedy was appropriate for such allegations, explaining that "[w]here official government policies trample rights guaranteed by the Constitution, the courts have not hesitated to use their equitable powers to correct the underlying policies or systems," *id.* at *3. See also *Duncan* v. *State*, 774 N.W.2d 89, 127-128 (Mich. Ct. App. 2009) (concluding that plaintiffs state a valid civil claim where they allege an actual denial of counsel, a constructive denial of counsel, or conflicted counsel)

e) *Luckey* v. *Harris*, 860 F.2d 1012, 1018 (11th Cir. 1988) (concluding that a civil Sixth Amendment claim was cognizable where plaintiffs asserted, among other things, "systemic delays in the appointment of counsel," that their attorneys are denied the resources necessary to investigate their cases, and that attorneys are pressured to hurry cases to trial and to enter guilty pleas) This case was dismissed on remand based on abstention grounds under *Younger* v. *Harris*, 401 U.S. 37 (1971). See *Luckey* v. *Miller*, 976 F.2d 673, 675 (11th Cir.

1992). But the Eleventh Circuit's initial opinion remains good law.

4. I informed Mr. Silverman that the court went from procrastinating to lighting speed to trail, which he is willing to bring up.

5. I informed Mr. Silverman that we NEED an investigator because someone met with Judge Cogan, Randi Weingarten, Elizabeth Combier and Peter Zucker—I was told "someone that is always in the news" by Peter Zucker and this why I email Senator Charles Schumer and Chief Katzman.

6. Traditional Markers of effective counsel: Courts assessing a constructive-denial-of-counsel claim should, therefore, first consider whether traditional markers of representation are typically present for clients of publicly appointed attorneys. These include the attorneys' availability to engage in meaningful attorney-client contact to learn from and advise their clients; the attorneys' ability to investigate the allegations and the clients' circumstances that may inform strategy; and the attorneys' ability to advocate for clients either through plea negotiation, at trial, or post-trial. When these markers of representation are absent, there is a serious question whether the assigned counsel is merely a lawyer in name only. Indeed, "[a]ctual representation assumes a certain basic representational relationship." *Hurrell-Harring*, 930 N.E.2d at 224 (emphasis added); see also *Wilbur II*, 989 F. Supp. 2d at 1124 (finding that, where clients met their attorneys for the first time in court and immediately accepted a plea bargain without discussing their cases in a confidential setting, the system "amounted to little more than a 'meet and plead' system," and that the resulting lack of representational relationship violated the Sixth Amendment); *Public Defender, Eleventh Jud. Cir. of Fla.* v. *State*, 115 So. 3d 261, 278 (Fla. 2013) (finding denial of counsel where attorneys were "mere conduits for plea offers," did not communicate with clients, were unable to investigate the allegations, and were unprepared for trial).

7. I have sent letters to Mr. Silverman of the requirement of proper pretrial preparation that I took from the DOJ, which found in briefs/motions filed by the DOJ and made under under 28 USC §517 (DOJ's Office of (or "for") Access to Justice)

8. I except that any lawyer assigned to me, they will follow the high standards set out by the DOJ.

9. Those are my expectations of effective counsel and those should be Your Honor's expectations, too.

II. United States v. Ash, 413 U.S. 300, 309 (1973) (recognizing the right to counsel as fundamentally minimizing the "imbalance in the adversary system")

I have not had any lawyer minimize the imbalance since the start of these criminal proceedings. In fact, I have not had a lawyer that will correct or address the imbalance caused at probable cause hearing/ bail hearing.

I feel that Your Honor is hurrying me to trial without any regard to my constitutional rights that were violated by Judge Scraton, who clerked for Judge Katzman, during my bail hearing and done intentionally, so that I would be detained. Again, I highlight the following case that creates the grounds jurisdictional claim:

> In *Moore* the Court reversed a federal district court's dismissal on demurrer of a habeas petition that alleged "that the **appellants were hurried to conviction under the pressure of a mob without any regard for their rights and without according them their due process of law.**" 261 U.S. at 87.

1. This is part of my "Denial of Liberty without due process: Probable Cause and Bail/detention hearing"
2. I was not allowed to showcase Judge Cogan's behavior of helping the UFT, fixing my state case, and his intimidation of me.
3. I was not allowed to showcase Judge Brodie's collusion, via documents, as it was preplanned by Randi Weingarten, Judge Cogan, Betsy Combier, and Peter Zucker to fix the case before Judge Brodie.

III. Denial of Liberty without due process: Probable Cause and Bail/detention hearings

### 1. Probable Cause Hearing:

I was misguided by Leticia Olivera, esq., who was colluding to with judges to deprive me of liberty, as she tricked me to waive my probable cause hearing. Even though, I waived my right to probable cause hearing, the Bail Reformed Act requires a probable cause hearing prior to any detention.

a) Leticia Olivera, esq. was required to protect my substantive due process rights to liberty
b) Magistrate Vera Scanton was required to protect my substantive due process rights to liberty
c) AUSA Penelope Brady was required to protect my substantive due process rights to liberty
d) Leticia Olivera, esq., AUSA Penelope Brady, and Magistrate Scanton colluded to violate my substantive due process rights by depriving me of procedural due process during my Bail hearing, as no procedures were provided to me or protected from state action.
e) The golds were to impede the US Marshalls from testifying at the probable cause hearing and bail hearing, and to punish me for telling the truth about Judge Cogan, Judge Brodie and Judge Katzman (being disrespectful towards Judge Katzman)

**2. 18 USC § 3142(e) requires:**

| | |
|---|---|
| The judicial officer to find probable cause prior to any detention | The Magistrate Scanton did not make a determination of probable prior to detention and said magistrate clerked for Judge Robert Katzman |

**3. 18 USC §3142(f)(2)(B) requires the following procedures:**

| From 18 USC §3142(f)(2)(B) | Facts that occurred or facts missing/impeded from appearing on the transcript |
|---|---|
| 1.a: At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. to testify, | 1.b: I was provided a Ms. Leticia Olivera and she appeared pro forma because she did not do a single thing to protect me or my rights to liberty<br><br>A State does not satisfy its obligation under *Gideon* simply by appointing lawyers to indigent defendants. See *Avery v. Alabama*, 308 U.S. 444, 446 (1940) (the "mere formal appointment" of a lawyer does not satisfy the constitutional |

7

right to counsel). That right would be "an empty formality" if appointed counsel is precluded from providing his or her client any meaningful representation. *Ungar* v. *Sarafite*, 376 U.S. 575, 589 (1964). **Without going deeper**, my lawyer acted and carried out the wishes of the judges to retaliate against me by helping them deprive me of all procedural safeguards of the Bail Act that would have protected me from detention and I would have received my retro money.

| | |
|---|---|
| 2.a: The person shall be afforded an opportunity to testify, | 2.b: Magistrate Scaton said, "please keep your client quiet" and Ms. Olivera said, "Mr. Celli, you cannot speak."<br><br>This is evident from the transcript of November 14, 2018 |
| 3.a: To present witnesses | 3.b: I told Ms. Olivera that the US Marshalls were needed, and the Magistrate never asked. **See** Washington v. Texas, 388 U.S. 14, 19 (1967) (extending the Sixth Amendment right of a defendant to present witnesses to the states) |
| 4.a: to cross-examine witnesses who appear at the hearing, | 4.b: My lawyer colluded with the judge to impede the US Marshall from testifying because if they testified, I would have been released. **See** Pointer v. Texas, 380 U.S. 400, 407-08 (1965) (extending the Sixth Amendment right to |

8

be confronted by adverse
witnesses to the states)

This is for the number 3 and 4, as my lawyer, the court and the
AUSA denied me of my right to a defense on the facts during the
probable cause hearing and the bail hearings. See Crane v.
Kentucky, 476 U.S. 683, 690 (1986), In *Crane,* the Court
reasoned, "[w]hether rooted directly in the Due Process Clause
of the Fourteenth Amendment or in the Compulsory Process or
Confrontation Clauses of the Sixth Amendment, the Constitution
guarantees criminal defendants 'a meaningful opportunity to
present a complete defense."' 476 U.S. at 690 (quoting
California v. Trombetta, 467 U.S. 479,485 (1984)).

**Please Take Notice**, the defense not presented with the facts
(evidence of Judge Cogan's criminal conduct to help his former
clients the UFT, therefore, I would have rebutted the issue of
dangerous because my intent was to expose Judge Cogan for
helping the UFT.

5.a: to present information by
proffer or otherwise

5.b: I was not allowed to
present evidence that Judge
Cogan used his office for his
former clients the UFT, who is
the union that represents me.

I was not allowed to present
evidence of how Judge Brodie
colluded with Randi
Weingarten, Judge Cogan, Peter
Zucker, and Elizabeth Combier

6.a: The hearing may be
reopened, before or after a
determination by the judicial
officer, at any time before
trial if the judicial
officer finds that information
exists that was not known to
the movant at the time of the
hearing and that has a
material bearing on the issue
whether there are conditions
of release that will

6.b: The US Marshalls did not
believe that I was a danger,
which was the topic of emails
(corralinks) with my lawyer
while at MDC Brooklyn, an
email sent by mom and numerous
audio-recordings between
myself and prior lawyers.

The US Marshalls waited nearly
two weeks prior to arresting
me, which AUSA Bensing

reasonably assure the appearance of such person as required and the safety of any other person and the community.

acknowledged to Your Honor on October 16, 2020—and this was the topic of emails (corralinks) with my lawyer while at MDC Brooklyn, an email sent by mom and numerous audio-recordings between myself and prior lawyers.

Judge Hurley wrote an opinion that the time the judges wrote to the US Marshalls and the time the US Marshalls took to respond to alleged threaten is important to consider a person is not truly a danger, which was the topic of emails (corralinks) with my lawyer while at MDC Brooklyn, an email sent by mom and numerous audio-recordings between myself and prior lawyers. Also, this was the topic of an email sent to AUSA Bensing by my mom and topic of conference of January 13, 2020. See US v. McCrudden Cr-11-061

The email being sent was the actual topic and not the content, but the content provides AUSA with notice of required Brady information, which I mentioned to Your Honor on October 16, 2020. Yet, Your Honor ignored the fact like Judge Donnelly and my liberty continues to be denied without due process.

It worries me that Your Honor allowed Mr. Zachary Taylor lie about the facts of each hearing because, Judge Hurely's decision shows that I would have not been detained

**4. 18 USC §3142(i)requires the contents of the Detention order:**

| | |
|---|---|
| include written findings of fact and a written statement of the reasons for the detention; | There are no written findings whatsoever, but verbal order without a statement of facts. Please see transcript of November 14, 2020 |

5. I am claiming, which is evident from the transcript that Your Honor read, that I was deprived of the procedural safeguards of the Bail Act, which in turn deprived me of 5 months of liberty and retro money (because the only way NYC DOE will give me my retro money, if there was a mistake in procedure in detaining me—this is audio-recorded. Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" was discriminatory and violates the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, 118 US 356, (1886).

6. I am asking the court for a remedy and NYC DOE knows that what happened at my bail hearing has nothing to do with them because NYC DOE has paid teachers, their retro money, who were detained by the State of New York.

7. **Please Take Notice**, when Judge Scranton and Leticia Olivera did not allow me to testify, they committed a crime against me, as it is a protect right under 18 USC §241 and 18 USC §242. The 2d Cir. found that the right to testify as a witness in a federal proceeding and "attaches at the time such a person is possessed of evidence sufficient to create the potential information of becoming a federal witness." See US v. Harvey, 526 F.2d 529, 535 n.6 (2d. Cir. 1975). **In fact**, when the US Marshalls were allowed to testify about that I was not a danger, which is included in their notes, was a criminal act Ms. Olivera because she impeded their attendance at the bail hearing.

8. **Please Take Further Notice**, it is a crime under 18 USC §241 and 18 USC §242 due process of law (procedural due process) and can be found in jury instructions for all federal circuits, expect for the 2d Cir. that is not available to the public and Federal Cir. that would not handle these type of criminal cases. An example of these crime can be found in US V. O'Dell 462 F.2d 224 (6th Cir. 1972). In O'Dell, state

official did not follow the statutory requirements for
procedural due process, which is the same conduct that
happened to me prior to detention and Bail Reform Act states
the required procedural due process prior to the state take
someone's liberty.

9. **Please Take Even Further Notice:** The failure to accord (a
   criminally) accused a fair hearing violates even the minimal
   standards of due process. See Irvin v. Dowd, 366 US 717, 727
   (1960). I have described the bail hearing and probable cause
   hearings as being denied because they lacked even the basic
   procedural safeguards required by law. See Miranda v.
   Arizona, 384 US 436 (1966).

10. **EVEN Senator Schumer**, on the senate floor and video
    recorded, has stated (numerous times over the years) that
    when people act together (in jury instructions it is called
    concerted action or concerted effort) to deprive anyone of
    procedural safeguards needs to be held criminally liable. **So,**
    Your Honor read the transcript and knows that a crime
    occurred to me and I was deprived of liberty without due
    process. **PLEASE NOTE,** Your Honor is seen promising to uphold
    and defend people's constitutional rights that appear before
    you in Your Honor's courtroom—but Your Honor allowed Mr.
    Zachary Taylor, Esq. to lie

11. Supreme Court has said that "prior to detention, there MUST
    be a "a full-blown adversary hearing." See US v. Salerno, 107
    S. Ct. 2095, 2103 (1987). As I point out in my chart from
    above, I was not afforded a "a full-blown adversary hearing
    prior to detention, as required by the Court.

12. In Restatement of (Second) of Torts § 669 (1977), "the
    initiation of a criminal proceeding for an improper purpose,
    "such as to put pressure upon the accused and compel him to
    make payment of a private debt, is not in any way insistent
    with his reasonable belief in the guilt of the accused and
    the existence of grounds reasonable justifying that belief."
    Judge Brodie and Judge Cogan with Judge Katzman want to
    coverup their criminal conduct.

13. "The majority proceeds as though the only substantive
    right protected by the Due Process Clause is the right to be
    free from punishment before conviction." See US v. Salerno,
    107 S. Ct 2095, 95 L. Ed. 2d 697, 1987 (or 481 US 739). Due
    to the fact that procedural safeguards were not provided or
    honored, I was subjected to punishment prior to jury.
    Therefore, I was deprived of a substantive right that is
    protected by Due Process Clause of the 5th and 14th Amendments
    with rights deprived under the 4th Amendment, as well. My
    detention was retaliation for speaking the truth that Judge

Cogan and Judge Brodies colluded with Randi Weingarten and
Elizabeth Combier. Judge Cogan worked for the UFT to create
the collective bargaining agreement between the UFT and City
of New York, as Strook, Strook, and Lavin has negotiated the
CBA for the UFT since the 1980s (from the information that I
have obtained). Only after pleading guilty or jury trial does
the constitution provide for punishment for the reason of
retributive, rehabilitative, deterrent, and preventive. See
Kennedy, 372 U.S. at 168. I did not plead guilty to anything
or have a jury trial

14. The burden on the defendants is one of production, not
persuasion, and it is clear from the record that the
defendants produced evidence from which the district court
could infer that they do not pose a danger to the community.
As we have repeatedly noted, albeit in a somewhat different
context, we do not require "robotic incantations" by district
court judges in order to hold that the obligation to consider
statutory factors has been satisfied. *See e.g.*, *United States
v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*). There
is evidence that is STILL being withheld by the government
(which Your Honor ignored and called me stupid and liar) and
my lawyers and magistrate did not allow me to present emails
as evidence, which would have shown that I was not a danger.
Once evidence is presented, there the 2d Cir. (along with
many others ) have stated that as long as the defendant
produces some evidence for rebuttal because the requirement
is not a high one, then the favor falls with the defendant
(which I have to find them for Your Honor.)
)

## IV. Sham proceedings:

What occurred to me in the probable/ bail hearings and
subsequent conferences/supposed violation hearings all have been
shame proceedings. In the section above, I clearly described the
detention hearing and the lack of procedural due process. When I
describe the proceedings to others, they say that I was
railroaded.

**Please Take Notice:** The failure to accord (a criminally)
accused a fair hearing violates even the minimal standards of
due process. See Irvin v. Dowd, 366 US 717, 727 (1960). I have
described the bail hearing and probable cause hearings as being

denied because they lacked even the basic procedural safeguards required by law.  See Miranda v. Arizona, 384 US 436 (1966).

1. Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988). was a Bivins action that resulted when a prison official planted contraband on a prisoner in order to retaliate against him. In an opinion concurring with the majority's decision to reverse the district court's grant of summary judgment in favor of all defendants, Judge Nelson opined:

> For the government knowingly to railroad someone into confinement by planting false evidence on his person is directly comparable, by my lights, **to railroading a person into confinement through a kangaroo court proceeding in which the accused has no opportunity to be heard.** Both procedures strike me as the very antithesis of "due process" in the true sense of that term.  Id. at 944 (See also: In a special concurrence in McKinney v. Pate, McKinney v. Pate, 85 F.2d 1502 (11th Cir. 1993), vacated en banc, 20 F.3d 1550 (11th Cir. 1994); Kangaroo Style Court, Anderson v. Sixth Jud. Dist. Ct., 521 F.2d 420, 421 n.2 (8th Cir. 1975; kangaroo-like proceeding, Morris v. Peyton, 264 F. Supp. 911, 914 (W.D. Va. 1967) ("There being no kangaroo-like proceeding in the instant case, Spano [v. New York, 360 U.S. 315 (1959)] is easily distinguishable from it.").

I was told by Magistrate Scanton to be quite and my own lawyer help the magistrate to deprive me of my right because they did not want me to testify nor the US Marshalls, which was mentioned above.

V. Remedy

1. I should have a remedy or remedies towards the end of this document, but I believe that placing the remedy close to violations of procedural safeguards would be a good strategy because it would be fresh in Your Honor's mind.
2. I was denied liberty without due process of probable cause/Detention, as their procedural safeguards are mentioned in the Bail Act and described in US v. Salerno, 461 US 739 (1987).
3. **More importantly,** in US v. Screws, 325 US 91 (1945), the Court explained that judicial decisions can provide the grounds for describing constitutional torts that are criminal

offenses under 18 USC §241 and 18 USC §242. The DOJ has indicted state and federal official who denied citizens of liberty without due process BECAUSE it is tantamount to pretrial punishment.

4. Thus, the possibility "that a remedy in this action would necessitate the appropriation of funds and perhaps, particularly in a time of scarcity, some reordering of legislative priorities" does not relieve the court "of its essential obligation to provide a remedy for violation of a fundamental constitutional right." (citing *Marbury* v. *Madison*, 5 U.S. 137, 147 (1803)).

5. *Swann* v. *Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."

6. **If** a remedy is given, nothing will impede me from calling anyone to show that everyone colluded with Randi Weingarten, Judge Cogan, Judge Katzman, and Richard Donoghue.

7. I would like the following as remedies because I am not guarantee via an action via 42 USC §1983:
   a. I want the same amount of time denied to me, so that I can be stress free and exercise and just work prior to trail or plead agreement
      i. At the present time, I would like 2 years to 3 years
      ii. This would allow me to show that I worthy of deferral prosecution
      iii. Allow me to stop thinking about the crime committed against me at the probable cause/detention hearing
      iv. It is a seven-year statute of limitation on 18 USC §241 and I assume it is five years for 18 USC §242
   b. The consequences of the illegal bail hearing and subsequence detention

**Please Take Notice:** the UFT and the DOE want an order saying that I was detained illegally to pay me my retro money.

**Please Take Further Notice:** the issue falls under "leave of absence" (as it is a mandatory subject negotiation under the Taylor Law), NYC Personnel Rules and Regulations: Rule 6.2.4, NYS Labor Law § 215 (the posting of all leave of absence rule either publicly or in the union's contract), and under NYS Labor Law §215 and the Taylor Law requires the employer to continue based on past practices

**Please Take Even Further Notice:** I am asking Your Honor to inform my employer that I was detained improperly/illegally because I did not receive procedural safeguards because the lawyers at DOE Legal cannot discern form the transcripts that I was provided procedural safeguards and detained without a probable cause hearing, as required by the Bail Reform Act.

**Please Know,** NYC Personnel Rules and Regulations: Rule 6.2.4 and pass practices (under the Taylor Law and NYS Law § 215 are the items that governs my issue) as the means to be paid wages that I worked for during 2009- 2011 school years and has nothing to do with what the court did to me illegally, but I want and need Your Honor's order to prove because I know they will give another reason not avoid their contractual obligation.

This will help me to that the UFT and DOE are criminals and they are doing so because of Judge Cogan, who was of council to the UFT and somehow Senator Schumer's judges always helped the UFT—when the UFT retaliates against someone. **Again,** Shakira Price was paid and Mr. Caldwell just helped her with a leave of absence, but not me and Mr. Becker said the UFT always fixes this issue (unauthorized leave while in detention)—Your Honor knows that if I file a lawsuit it will be fixed against me because, according to Ms. Bensing, the judges are allowed to colluded together to fix case (paraphrased), but I have other AUSA said what the judges did to me is a crime based on the documents on the docket and evidence to support it.

   i. NYC Personnel Rules and Regulations: Rule 6.2.4I am claiming the Full and Fair credit clause of the US Constitution

   ii. Example of past practice: Shakira Price was charge with DUI that resulted in killing someone and she was detained. Ms. Price, and others, received their retro money and I did not.

  iii. My union will not help me, but I have them audio-recorded that union, as past practice, has helped change an unauthorize leave to a leave of absent.

  iv. I have the highest court of NYS that state and 2d Cir (cited the NYS' highest court on the issue) both saying the public employer cannot change leave of absent without prior negotiations with the union

   v. I have a FOIL request that whatever is in the contract is the only thing negotiated for the implementation and leave of absent is in contract:

the granting of leave of absent will be liberal
(not exact wording, but Collin Caldwell told me
that it has be policy for five year—this is a lie
because Collin Caldwell gave it to Shakira Price
without any problem—it is the SAME situation!!!
c. Then, there is a NYS law that requires ALL employer to
publish their leave of absent requirement and I should
have received it under FOIL, and I did not!!! NYS Labor
Law 195.5

I was in jail for nearly 5 months and then went back

NYC Personnel Rules and Regulations: Rule 6.2.4 states: any such reinstatement effected more than one year after such separation shall not constitute service

The CBA between the UFT and the DoE states continuous service

The NYC DOE took me off of payroll effective November 13 2018, which the letter was dated November 9, 2018 BECAUSE I was **ALREADY** arrested

Pretextual to deprive me of retro payment and to fire me based on unauthorized leave because I did not contact my employer prior to 20 days of no show

Arrest warrant was filed on November 13, 2018

I was arrested on November 14, 2018
I emailed Howard Fierman, Collin Caldwell, and others

I used corralinks: only Howard Friedman and Collin Caldwell did not accept my email request.

Ms. Cicero and Ms. Rodi accepted my email, but I assume they did not know how to access corralinks, like my other friends

I attempted to email and call them, while in jail, because I knew of the rule to contact my employer before 20 days.

My mother emailed Zachary Carter of NYC Law Dept.,

Mr. Carter is Mr. Friedman's supervisor and I was eligible

17

Howard Friedman of NYC DOE (DOE legal), and Mr. Hueston to apprise them of legally withholding my retro money.

for retro because I maintained continuous service by returning to work before a year, as required by NYC Personnel Rule 6.2.2

§397 of the New York City Charter permits the mayor, on consultation with corporation counsel and the affect agency head, to delegate to any agency" responsibility for the conduct of routine legal affairs of the agency, subject to monitoring by the corporation council and the authority of the mayor, on recommendation of corporation counsel, to suspend or withdraw delegation

I made sure my mom included Mr. Carter because of what the AUSAs have said to me and Mr. Carter was the US Attorney head while Mr. Donoghue and Judge Bloom worked for him— hmm, both harmed me and are part of this case.

Debra Kelly said, "we did not know where you were?"

Audio-recorded

I told Ms. Kelly that she and the DOE knew before I did and even before the US Marshalls filed the warrant, please refer to the letter dated Nov. 9th

This was meant to establish that I did not call and meant to fire me

In response to my inquire of being placed on unauthorized leave and no retro payment because of the illegal detention: Lawrence Becker

I established past practice, as required by the Taylor Law and NYS Labor Law 195.05

18

said, "This is normal, the UFT
will fix it."

Audio-recorded
Shakira Price informed me that            I established past practice,
Mr. Caldwell and the UFT took             as required by the Taylor Law
care of her issue of being                and NYS Labor Law 195.05
detained after allegedly being
arrested for DUI and killing
someone

Mr. Price has received her
retro payments and she was
removed from authorized leave
and placed on an authorized
leave

Texts, and audio-recordings —I
did not want to make it
obvious by taking a picture of
Ms. Price's check.
Then, I called Mr. Caldwall              I established collusion
(DOE) and Ms. Atikson (UFT)              between them both and the
about the authorized leave and           court
retro—I questioned them both
about what Mr. Becker and Ms.
Price told without using their
names nor what they said to me

Audio-recorded and emails (the
email to the DOE do not fall
under hearsay rule and my
limited knowledge of hearsay
rule is that the UFT emails
would fall under such rules)

Both the DOE and the UFT have
said the only way that I would
get paid my retro money if
something was done illegally
to detain me

I have brought up the issue to
Judge Donnelly, to AUSA

Bensing in various letters,
and to my lawyers.
Then, I emailed my some of my
audio-recordings to the DOE
and the UFT with what each of
them lied too and to put them
on notice of past practice

Friedman, Caldwell, Zachary
Carter, and others

Zachary Carter (NYC Law Dept.)
is Friedman's supervisor and
is required to fix Friedman's
behavior under NYC Charter

Under various NYS laws and NYC
laws too, either Friedman was
to implement the CBA as
written or negotiate the leave
of absence under the Taylor
Law and publish the leave of
absence to, in writing, either
through placed in a public
domain or in a union's
contract under NYS Labor Law
§195.5—this was never done

I brought up the issue to my
prior lawyers

The conduct by the union and
my employer should show that
my employer and union violated
NYS Labor Law §215 because I
exposed what they do
Too many answers to list, but
I did mention the issue to be
raised with AUSA Bensing
because I have other AUSAs
saying what my employer and
union are doing to me could
falls under the Hobbs Act and
maybe RICO

Audio-recordings

NYS Labor Law §215 ( like the
federal statute but I do not
know the code) happens where
an employee tells law
enforcement of crimes, like I
did with the UFT and Judge
Cogan, Randi/ Cogan/Betsy with
Judge Brodie, what happens at
grievance hearing, and etc.

I do not know what AUSA Bensing knows, but I told Mr. Hueston to tell her.

I brought up the issue to Judge Donnelly and she said, "Are you getting paid and still have a job?" and then closed the discussion when after I said yes

But I had a crime to report to Judge Donnelly, which is a crime in of itself

What I have not brought up yet, but brought up to AUSAs (if Mr. Hueston, esq. did his job of telling AUSA): I FOILed all policies and arbitration decisions for the CBA between the UFT and the DOE that help to carry out the CBA. I was informed, via a FOIL response, whatever is in the contract is all there is to carry out the provisions of the CBA. According to the AUSAs, my employer could be violating the Hobbs Acts and it appears blatantly. There are cases under Hobbs Act that employer and the union were found guilty for hiding arbitration decisions and robbing members/employee—they robbed me and AUSA Bensing said that it is ok and normal.

**WELL**, the CBA says that leave of absence will be granted liberally. **So**, Mr. Caldwell knew he was lying to me when he said that he could not sign off on my leave of absence, so that would be the way to get my retro money. According to Mr. Caldwell, it's been the DOE's policy not to grant "anyone" a leave of absence while being in jail for the last five years," but he did for Ms. Shakira Price. **In fact**, Ms. Price's obtained her retro money, even thought she was detained in jail, because Mr. Caldwell helped her—this also shows that he lied. Even further, Ms. Atkinson also lied when she would not process my grievance for leave of absence based on past practice, as heard by Mr. Becker—according to Judge Cogan this is ok, according to AUSA and Ms. Gold it is a crime, and I see in case law that I should win in a civil suit (not while Randi Weingarten can speak to Senator Schumer to fix cases, as Schumer's judges helped Randi get away with crimes against me) and AUSA Bensing said that it is ok for the UFT and the DOE to commit crimes against me.

VI. Bias of Judge Engelmayer

1. From all my readings that some judges view the claim of biasedness, on the judge's part, as an attack on them; but the truth is "[t]he judges does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so." *Liteky v.*

*United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in original). I am claiming that Your Honor "appears" to be bias against me based on the October 16, 2020 conference where you ridiculed me about the how you came to the bench, which my statement can be proven by senate documents (which are public) and your statement is fantasy. I believe that you used the word "fantasy" in describing my understanding of how you came to the bench. The process that is public and not public:

    a) Either you submitted a request with qualifications to Senator Schumer OR Senator Schumer sough Your Honor out— this is not public information or in any media publication
    b) Senator Schumer recommended Your Honor to Pres. Obama—this is public information that can be either heard on video or in document form from the senate's website.
    c) Pres. Obama nominated Your Honor
    d) The Senate interviews (the Judiciary Committee) Your Honor (this is where Senator Schumer states he "recommended" Your Honor)
    e) Senate (the entire senate) voted Your Honor to the role of judge.

2. Your Honor ridiculed me for in even suggesting, Senator Schumer had anything to do with Your Honor's recommendation/nomination/confirmation because, in Your Honor's words, "You [meaning me] lacked the understanding and it bordered on fantasy. The point that I want to drive home now, however, is my misunderstanding and fantasy come DIRECTLY from government documents/videos available to the public via senate's website. It is incumbent upon Your Honor to protect the integrity of Your Honor's court (please see the case laws I presented to the 2d Cr., which Your Honor failed to do on October 16, 2020 because Your Honor did not correct yourself as required by policy of the court (part of the emails that I sent to the judges), and judicial decisions from the Supreme Court and the 2d. Cir.

3. In response to Your Honor's ridicule of me, I called you a "liar", "shame on you for lying on the record" and I told you my interpretation of Your Honor's statement to me as being "You just called me crazy and stupid for suggesting Senator Schumer recommended you to your role as judge." Therefore, on a petition for writ of mandamus the Court or the district court must "take the objective view of an informed outsider" and decide whether a reasonable, informed outsider "might question the judge's ability to remain impartial in hearing

the case[.]." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) Mayberry v. Pennsylvania, 400 U.S. 455, 463–64 (1971) (holding that defendant's vicious personal attacks on judge's integrity required judge's recusal from contempt proceeding

4. Your Honor said that you read the transcript available and it is painfully clear that I was denied procedural safeguards to protect my liberty and I had denied me liberty. Mr. Taylor, esq. told you that I was displeased with him because he did not want to do anything about the violations. Therefore, when you asked, "would anything made a difference in those proceedings", Mr. Taylor's answer **needed** to be yes, but Your Honor allowed him to lie. Not only did you allow Mr. Taylor to lie but Your Honor made comments that have endorsed the Mr. Taylor's high moral character thereby manipulating the transcripts and sympathies for Mr. Taylor and painting me as a liar who did not know anything. **See** United States v. Assi, 748 F.2d 62, 68 (2d Cir. 1984) (referring to prosecutor as "the distinguished Assistant United States Attorney who"s been handling this case before us") (internal ciation omitted).

5. Your Honor said that I had no idea how judges are chosen or become to be on the bench. Your Honor's remarks had a disparaged effect on me and Your Honor's remarks on my the credibility were outrageous because how you came to be on the bench is one available to any member of the public and I was right that Your Honor was recommended by Senator Schumer. **See** Minor v. Harris, 556 F. Supp. 1371, 1389 (S.D.N.Y. 1983) (judge ridiculed defendant"s colloquial expression of young people as "dudes"), aff'd, 742 F.2d 1430 (2d Cir. 1983). Your Honor's remarks were made to make me appear like an idiot and/or crazy, which was not fair to me.

6. I believe, as I pointed out above, Judicial remarks will support a finding of "personal bias or prejudice" when they evince "such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. That is, when the Court makes comments demonstrating an "unfavorable predisposition . . . so extreme as to display clear inability to render fair judgment [,]" a sound basis for disqualification exists. *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994).

7. Your Honor's behavior came across as a bully and did not care that my lawyers and others have committed crimes against that I have other DOJ employees who have stated the same. **See** McBryde v. Comm. to Review Cir. Council Conduct & Disability Orders of the Judicial Conf. of the United States, 264 F.3d 52, 66 (D.C. Cir. 2001) ("Arrogance and bullying by individual judges expose the judicial branch to the citizens' justifiable

contempt.") The way Your Honor stated that I did not know how you were chosen to come to be on the bench was pure arrogance and bullying, but anyone can look up that Your Honor was recommended to Pres. Obama by Senator Schumer, which can be found on the Senate's webpage (in transcript form and in video). Please know, people can read and/or see what Senator Schumer said about you.

8. Here is another example where the judge calls a lawyer a liar and absurd. What people can sum from Your Honor's attack on my statement, is that you knowingly and willingly wanted to hide that Senator Schumer recommended you is that Your Honor view my statement as "absurd" **because** Your Honor was placed to help Randi Weingarten. **See** Another judge interrupted counsel's summation to advise the jury that counsel's assertion was "absurd and bordering upon a lie," and that counsel "won"t get away with it." United States v. Spears, 558 F.2d 1296, 1297 (7th Cir. 1977) (internal citation omitted).

The 2d Cir. has remanded cases or required a new trail where judges have rebuked comments that include sarcasm, ridicule, and personal humiliation often lead to reversal. United States v. Pisani, 773 F.2d 397, 403 (2d Cir. 1985) (criticizing judge"s "unnecessary barbs" at counsel, which were made with "distressing frequency")**or** even where judges' harsh rebukes, even outside the jury's presence, such as accusing counsel of "disgusting and shyster like" behavior, can create an "embattled and prejudicial atmosphere in the courtroom that makes a fair trial impossible." United States v. Boatner, 478 F.2d 737, 740 (2d Cir. 1973) (internal citation omitted).

9. *Lastly, in Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988), the Court wrote, "The goal of [§ 455(a)] is to avoid even the appearance of partiality" and to "promote public confidence in the integrity of the judicial process." (1988) (internal quotation omitted). It is obvious that Your Honor crossed the line into partiality when you ridiculed me and when you allowed Mr. Zachary Taylor, esq. lie to you.

10. *In re Bulger*, 710 F.3d at 45., the 1st Cir. wrote, "Where recusal is a close question, "the balance tips in favor of recusal." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2011. I believe this is not a close question because there are many 2d Cir. cases where and when a judge ridicules a litigant or anyone, the 2d. Cir. has maintained that recusal is required BECAUCE the appearance of impartially cannot be maintained by the district court anymore.

11. Judicial behavior is generally guided by the Code of Judicial Conduct, set forth by the American Bar Association. The ideal judge should be neutral and detached, and, in the

words of Justice Felix Frankfurter, "[be]able to think dispassionately and submerge private feelings on every aspect of the case." Judges should be open-minded and should not prejudge the facts or law in any case. Judges are to be detached reasoners, not forceful advocates for one side or the other in a case.[2] In addition to not prejudging facts and law, ideally, judges must be completely willing and able to apply the law equally to all persons. Public Utillites Comm'n v. Pollak, 343 US, 451, 466 (1952). On October 16, 2020, Your Honor showed your true feelings towards me.

VII. Lack of factfinding on Your Honor's part:

1. Your Honor did not hearing any of my audio recordings to reach Mr. Taylor, Esq. lied to you and committed crimes against me.
2. I asked Ms. Bensing to arrest Mr. Taylor and the people that deprive me liberty without due process
3. Ms. Bensing has withheld evidence that would provide me with liberty.
4. There is a letter that describes the crimes against me, and I did based on other AUSAs' advice, which I sent to AUSA Bensing.
5. In National Treasury, Chief Justice Rehnquist chastised the court for engaging in "unsupported factfinding to justify its conclusion." See National Treasury, 115, S. St, at 1027 n3
6. Clerk Kadijah Young said, "the court said that I do not have to docket your papers, if I don't want too."
   a. AUSA has covered her Ms. Young's crime
   b. AUSA Bensing has the audio recording.
7. AUSA Bensing knows that Elizabeth Combier is using for nonprofit for her paralegal, which is a crime
   a. Judge Brodie knows (Senator Schumer's recommended)
   b. The panel of judges who heard Best lied (Senator Schumer's recommended)
   c. I told her AUSAs the facts, which the forms that Betsy filed with IRS, like the one form that states, "no one will earn a salary," but Betsy came into court saying, "I lost an income based on the website."—hmm, I told IRS and they said it's a crime, but AUSA Bensing said, "it is normal."

    d. It is ministerial duty for federal judges and AUSAs
       to collect taxes owed to the government and they have
       been prosecuted for knowingly allowing someone get
       away with this type of crime—hmm, AUSA Bensing said
       it is ok on February 5
    e. It is NOW incumbent upon Your Honor to correct the
       crimes by Betsy, the panel of judges, and Judge
       Brodies

8. AUSA Bensing helped her former employer (Judge Katzman)
get away with crimes against me and there is once case
where chief judge ignored real complaints, like the one
against Judge Cogan who used his office to help the UFT
and according to the panel of judges, Judge Cogan was
acting like a lawyer for the UFT.
    a. Federal judges have been docked 3 days paid up until
       11 months of paid for acting like a judge
    b. Judge Ritter was impeached (convicted) for continuing
       to practice law for his former law firm, like Judge
       Cogan for the UFT because Judge Cogan worked for
       Strook, Strook, and Lavin and the UFT have retained
       said law firm for over 30 years and Judge Cogan was a
       partner (or continues since he helped the UFT).
    c. Ms. Gold of the DOJ said, "if those are the facts,
       then Judge Cogan did commit a crime against me," so
       AUSA Bensing covered up the crime

9. Various Yonkers judge did overacts to help Judge Cogan and
etc. fix my, but Judge Quinones said that he did not even
read my pleadings where I told him, like I told the
federal judges, that I tested negative for cocaine and the
judge wrote in this opinion, I wrote nothing that would
declare my innocence giving him reason to allow me to
rescind my plea—but he did not read it and AUSA withheld
the audio-recording

10.   In US v. Karl Carter, Case No. 16-20032-02-JAR, Chief
Judge Julie Robinson wrote a 188-page opinion on the
AUSAs' misconduct for audio-recordings because AUSAs'
listened to attorney-client calls:
    a. I told Your Honor that AUSA Bensing said, "I don't
       know where these calls are," "DOJ does not has access
       to these audio-recordings," "these calls are lost,"
       and etc. (look at the transcript for additions lies)
    b. AUSA Bensing's conduct is a crime under 18 USC § 13
       (NYS PL 195.05)
    c. I have asked other AUSA's about Bensing's conduct and
       it is beyond egregious and has helped Judge Cogan fix
       my state case, like he fixed my probable cause
       hearing and bail hearing.

      d. Judge Donnelly said, "I can't do anything about it"
         and then said, "Please have over the audio
         recording"—I still do not have it
      e. I asked Mr. Hueston and he said it was he work and
         even told Judge Donnelly that my state

VIII. Only the issue of Venue and Recusal of the entire circuit
should be issued, so that if the aforementioned motions are
denied; then my lawyer can pursue an action under 28 U.S.C. §
1651 and Rule 21 of the Federal Rules of Appellate Procedure,
for a writ of mandamus directing Your Honor to follow.

1. To secure a writ of mandamus, a petitioner must make "a
showing of both clear entitlement to the requested relief
and irreparable harm without it, accompanied by a
favorable balance of the equities." *In re Vasquez-Botet*,
464 F.3d 54, 57 (1st Cir. 2006) (citation omitted).

2. I have showed that I have already been harmed by the
EDNY, the AUSAs in the district and Your Honor showed
that I will not be treated equal in your courtroom.

3. **I request that Your Honor to only issue an order on the
issue of venue because I have the right to petition prior
to Your Honor issuing any other order:** Federal appellate
courts have the authority to reassign cases to different
district judges as part of their general supervisory
powers. Cobell v. Kempthorne, 455 F.3d 317, 331 (D.C.
Cir. 2006) (quoting United States v. Microsoft Corp., 56
F.3d 1448, 1463 (D.C. Cir. 1995)). Statutory authority
for reassignment rests in 28 U.S.C. § 2106 (2005), which
states: "The Supreme Court or any other court of
appellate jurisdiction may . . . remand the cause and
direct the entry of such appropriate judgment, decree, or
order, or require such further proceedings to be had as
may be just under the circumstances." *See* Arthur D.
Hellman, *The Regulation of Judicial Ethics In the Federal
System: A Peek Behind Closed Doors*, 69 U. PITT. L. REV.
189, 204 (2007) (stating that section 2106 provides
statutory authority for appellate courts' reassignment of
cases to different district judges upon remand). Judicial
reassignment may be appropriate where personal bias or
unusual circumstances are established. TriMed, Inc. v.
Stryker Corp., 608 F.3d 1333, 1344 (9th Cir. 2010)
(citing Smith v. Mulvaney, 827 F.2d 558, 562 (9th Cir.
1987). In determining whether unusual circumstances
exist, a court considers (1) "whether the original judge
would reasonably be expected upon remand to have
substantial difficulty" disregarding previously-expressed
findings or views "determined to be erroneous or based on

evidence that must be rejected"; (2) "whether
reassignment is advisable to preserve the appearance of
justice"; and (3) whether any duplication or waste
attributable to reassignment would outweigh "any gain in
preserving the appearance of fairness." *Id.* (quoting
Smith v. Mulvaney, 827 F.2d 558, 563 (9th Cir. 1987)).
Reassignment may further be required if "reasonable
observers could believe that a judicial decision flowed
from the judge's animus toward a party rather than from
the judge's application of law to fact." *Cobell*, 455 F.3d
at 332. Appellate courts tend to exercise their
reassignment authority sparingly. *Id.* (reserving such
authority for "extraordinary cases").


IX. Recusal/Disqualification:

1. Title 28 U.S.C. §§ 144 and 455(b)(1) requires the
   disqualification of a federal district judge when that judge
   harbors "a personal bias or prejudice" against a party. For
   purposes of § 144, in fact, recusal is mandatory upon the
   filing of "a timely and sufficient affidavit that the judge
   before whom the matter is pending has a personal bias or
   prejudice . . . against him." 28 U.S.C. § 144. When
   adjudicating a motion to recuse under § 144, it is "not within
   the province of the trial judge to pass upon the good faith of
   the defendant[,]" Morris v. United States, 26 F.2d 444, 449
   (8th Cir. 1928), or otherwise to scrutinize the allegations in
   the affidavit beyond assessing their facial legal sufficiency.
   The allegations in an affidavit filed pursuant to § 144 are
   presumed to be true, and "[i]f the affidavit is legally
   sufficient, it is the duty of the district judge to disqualify
   himself notwithstanding [whether] the judge would challenge
   the truth of such allegations." Wounded Knee Legal
   Defense/Offense Comm. v. FBI, 507 F.2d 1281, 1285 (8th Cir.
   1974); see also Berger v. United States, 255 U.S. 22, 36
   (1921) (noting that "the section withdraws from the presiding
   judge a decision upon the truth of the matters alleged").


2. Your Honor has not listened to any of my audio recordings of
   my prior lawyers; whereas other legal professional has
   listened to them and these professionals are disgusted by
   their (prior lawyers) misconduct. These professionals believe

that my prior lawyers committed crimes against me and helped
the federal judges retaliate against me. Then, my prior
lawyers lied to the court, which Your Honor is aware of, like
Mr. Taylor telling Your Honor nothing would have changed in
the detention hearing and Your Honor knows that I was deprived
of liberty without due process of the law, as it is obvious to
the 30 plus AUSAs, but I place the violations in column format
so that Your Honor can see what 30 AUSAs only had to hear—but
as an educator, I know that some people need a visual.

3. Your Honor was not honest about your relationship with Senator
Schumer. I do not remember which impeachment hearing, but it
was one of two the impeachment hearings prior to Judge Kent,
where the judge was found guilty of impeachment because, one
reason written, he (the judge) was not honest about his
relationship with the lawyer and organization—this would hold
true for Judge Brodie and Judge Cogan. **In fact**, this is an
issue for mandatory recusal too

X. The Prosecutor(s) Violated the Clean Hands Doctrine

1. I know that "Clean Hands Doctrine" is a civil defense
2. I believe and know (based on conversations with other
AUSAs, Ms. Gold) that AUSA Bensing does not have clean
hands and is helping cover up crimes against me.
3. The AUSA continues to withhold evidence that is needed
for this court to re-evaluate my bail, to sue my former
lawyer for helping Judge Cogan, knowingly lying to the
court about facts, like Judge Cogan did not help his
former clients or Judge Brodie ignored the fact that
Betsy Combier made money from nonprofit (IRS filings show
that no one is on payroll and the statement to the IRS is
that no one will get paid)
4. Clean hands, sometimes called the clean hands doctrine or
the-dirty-hands-doctrine, is an equitable defense in
which the defendant argues that the **plaintiff** (the
plaintiff in this case is the USA with AUSA Bensing as
their representative and she is has committed 30 crimes
against me) **is not entitled to obtain an equitable remedy
because the plaintiff is acting unethically or has acted
in bad faith with respect to the subject of the
complaint**, *"dirty hands doctrine definition". Bus
inessdictionary.com. Retrieved 2009-06-19,* that is, with
"unclean hands". *"Unclean Hands definition". Legal-
explanations. com. Retrieved 2009-06-19.* **The defendant**

(this would be me and I have proved it and Your Honor can read the transcript, but I know Your Honor will allow AUSA Bensing get away with over 30 crimes against me) **has the burden of proof to show the plaintiff is not acting in good faith.** The doctrine is often stated as "those seeking equity must do equity" or "equity must come with clean hands". This is a matter of protocol, characterized by saying, "A dirty dog will not have justice by the court". "A defendant's unclean hands can also be claimed and proven by the plaintiff to claim other equitable remedies and to prevent that defendant from asserting equitable affirmative defenses." In other words, 'unclean hands' can be used offensively by the plaintiff as well as defensively by the defendant. See, e.g., me with clean hands". This is a matter of protocol, characterized by saying, "A dirty dog will not have justice by the court". "A defendant's unclean hands can also be claimed and proven by the plaintiff to claim other equitable remedies and to prevent that defendant from asserting equitable affirmative defenses." In other words, 'unclean hands' can be used offensively **by the plaintiff as well as defensively by the defendant. See, e.g.,** *Morton Salt Co. v. G.S. Suppiger Co.,* **314 U.S. 488 (1942)**

5. Despite challenges to jurisdiction of the court, Petitioner was illegally detained without a probable hearing on November 14, 2018. I have stated, even to Your Honor, that the prosecutor concealed evidence from Defendant; the prosecutor committed prosecutorial misconduct and structural error and violated the Clean Hands Doctrine, by covering up evidence (via withhold documents and impeding the US Marshalls from testifying) which establishes that I was not a danger and should have not have been detained whatsoever. Those points were judicially noticed in the Supreme Court in No. 15-806, Moleski v. United States. Defense counsel Letica Olivera, Michael Wiel, Michael Hueston, and Zachary Taylor further committed structural error by failing to investigate the case, which are violations of 5th and 6th Amendment and the court aided my prior lawyers by not allowing me to play my audio recordings and by denying Petitioner's fundamental rights to be informed of the nature and cause of the accusation and each violation hearings, to be confronted with the witnesses against her, and to have compulsory process for obtaining witnesses in my favor, testifying and compelling

witnesses to appear in order to get evidence for defense into the record of the case.

XI. AUSA Kayla Bensing and Anna Karamigios are violating Ethics law (5 USC §2635.902) and Executive Order 12731
1. 5 USC §2635. 701 and 703(c)—Misuse of position concerning the use of nonpublic information
2. 5 USC §2635.902(w) concealing a public record (18 USC 2071)
3. It is plain and simple both AUSAs are prohibited from working on this case and AUSA have been either disciplined, fired, or prosecuted (under 18 USC §205 and 18 USC § 208)—if non-2d Cir. AUSA can see AUSA Bensing committed crimes against me, helped Judge Cogan fix my state case, and helped her former employer (Katzman) get away with crimes against me, then Your Honor should be see them too—but Your Honor does not even know, which you were present for, that Senator Schumer recommended you to be judge, so I know that Your Honor will ignore the crimes committed against me—nearly 300 to date.

In United States v. Mersky, 361 US 431, 80 S. Ct. 459, 4L. Ed. 2d 423, at Page 429-430, the court ruled; "An administrative regulation, of course, is not a "statute." While in practical effect regulations may be called "little laws," they are at most but offspring of statutes. Congress alone may pass a statute, and the Criminal Appeals Act

calls for direct appeals if the District Court's dismissal is based upon the invalidity or construction of a statute. See United States v. Jones, 345 US 377, 97 L.Ed. 1086, 73 S.Ct. 759 (1953). This Court has always construed the Criminal Appeals Act narrowly, limiting strictly "to the instances specified." *United States v. Borden Co.,* 308 Us 188, 84 L.Ed. 181, 187, 60 5.Ct. 182 (1939). See also *United States v. Swift & Co.,* 318 Us 442, 87 L.Ed. 889, 63 5.Ct. 684 (1943). Here the statute is not complete by itself, since it merely declares the range of its operation and leaves to its progeny the means to be utilized in the effectuation of its command. But it is the statute which creates the offense of the willful removal of the labels of origin and provides the punishment for violations. The regulations, on the other hand, prescribe the identifying language of the label itself, and assign the resulting tags to their respective geographical areas. Once promulgated, these regulations, called for by the statute itself, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the congressional language. The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force.

31

In effect, therefore, the construction of one necessarily involves the construction of the other. The charges in the information are founded on Sec. 1304 and its accompanying regulations, and the information was dismissed solely because its allegations did not state an offense under Sec. 1304, as amplified by the regulations. When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute.

In the context of criminal prosecution, we must apply the rule of strict construction when interpreting this regulation and statute. *United States v. Halseth,* 342 US 277, 280, 936 L.Ed. 308, 311, 72 5.Ct. 275 (1952); *United States v. Wiltberer* (US) 5 Wheat 76, 95, 96, 5 L.Ed 42, 43 (1820). A reading of the regulation leaves the distinct impression that it was intended to protect and expedite the collection of customs duties. Certainly its emphasis on duties and its silence on the protection of the public from deceit support the conclusion that the old provisions were to continue insofar as markings after importation are concerned. If the intent were otherwise, it should not have been left to implication. There must be more to support criminal sanctions: businessmen must not be left to guess the meaning of regulations. The appellees insist that they changed the labels in good faith, believing their actions to be permissible under the law. There is nothing in the record to the contrary. A United States district judge concurred in their reading of the regulation. In the framework of criminal i3rosecution, unclarity alone is enough to resolve the doubts in favor of defendants." (emphases added)

Fair Warning doctrine invokes due process rights and requires that criminal statute at issue be sufficiently definite to notify persons of reasonable intelligence that their planned conduct is criminal. *United States v. Nevers,* 7 F.3d 59 (5th Cir. 1993). *See United States ex. Rel. Clark v. AndersOn,* 502 F.2d 1080(3d Cir. 1974)(The notice requirements of Due Process would not permit a state, after ruling one of its criminal statutes was overly vague, to apply that statute's superseding predecessor statute in the very case which ruled the successor statute unconstitutional).

XII. Structural Error:
1. I have in a bias court and all personnel have done something to deprive a fair hearing
2. The AUSA, my lawyers, and the magistrate colluded to deprive me liberty and to impede the US Marshalls from testifying at the probable cause hearing and the bail hearing.

3. The US Marshalls impeded me from telling them my intent, which produced a false confession.
4. The AUSA has withheld evidence that I need for a new bail hearing
5. I am not writing anything in this section but listing cases that relate to crime and violations related to the constitution.

The substantive counts in the indictment allege a violation of 18 U.S.C. § 242, the elements of which are a (1) willful (2) deprivation of a constitutional right (3) under color of law. See United States v. Lanier, 520 U.S. 259, 264 (1997)

In conducting harmless error analysis of constitutional violations in direct appeal and habeas corpus cases, the Court repeatedly has reaffirmed that "{s]ome constitutional violations by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless." Satterwhite v. Texas, 486 U.S. 249, 256 (1988); accord Neder v. United States, 527 U.S. 1, 7 (1999) ("[W]e have recognized a limited class of fundamental constitutional errors defy analysis by "harmless error" standards'... Errors of this type are so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome."); *Sullivan v. Louisiana,* 508 U.S. 275,

279 (1993) ("Although most constitutional errors have been held to harmless-error analysis, some will always invalidate the conviction." (citations omitted)); id at 283 (Rehnquist, C.J., concurring); *United States v. Olano,* 507 U.S. 725, 735 (1993); *Rose v.*

Clark, 478 U.S. 570, 577-78 (1986) ("some constitutional errors require reversal without regard to the evidence in the particular case... [because they] render a trial fundamentally unfair"); *Vasquez v. Hillary, 474* U.S. 254, 263-264 (1986); *Chapman v.* GalifOrnia, 386 U.S. 18, 23 (1967) ("there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error").

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. at 435 (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (plurality opinion);

id at 685 (White, J., concurring in judgment)). In addition to Bagley, which addresses claims all arising in "what might loosely be called the area of constitutionally guaranteed access to of prosecutorial suppression of evidence, the decisions listed below –evidence," Arizona v. Younblood, 488 U.S. 51, 55 (1988) (quoting United States v.Valenzuela-Bernal, 858, 867 (1982)—require proof of "materiality" or prejudice. The standard of materiality adopted in each case is not always clear. But if hat standard requires at least a "reasonable probability" of a different outcome, its satisfaction also automatically satisfies the Brecht harmless error rule. See, e.g., *Arizona v. Youngblood,* supra at 55 (recognizing due process violation based on state's

loss or destruction before trial of material evidence); *Pennsylvania u. Ritchie,* 480 U.S. 39, 57-58 (1987) (recognizing due process violation based on state agency's refusal to turn over material social services records; "information is "material" if it "probably would have changed the outcome of his trial" (citing *United States V. Bala,* supra at 682 (plurality opinion); id at 685 (White, J., concurring in judgment)); *Ake v.*

Oklahoma, 470 U.S. 68, 83 (1985) (denial of access by indigent defendant to expert psychiatrist violates Due Process clause when defendant's mental condition is 'significant factor' at guilt-innocence or capital sentencing phase of trial); *California v.* Trombetta, 467 U.S. 479, 489-90 (1984) (destruction of breath samples might violate Due Process Clause if there were more than slim chance that evidence would effect outcome of trial and if there were no alternative means of demonstrating innocence); *United States v. Valenzuela-Bernal,* supra at 873-874 ("As in other cases concerning the loss [by state or government] of material evidence, sanctions will be warranted for deportation of alien witnesses only if 'there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact."); *Chambers v.*

*Mississippi,* 40 US. '284, 302 (1973) (evidentiary rulings depriving defendant of access to evidence "critical to [his] 'defense" violates "traditional and fundamental standards of due process"); *'Washington v. Texas,* 388 U.S. 14, 16 (1967) (violation of Compulsory Process Clause when court arbitrarily deprived defendant of "testimony [that] would have been relevant and material, and . . . . vital to the defense").

XIII.  Bail Order

The following is more cases about how I was deprived of
liberty and the transcript is obvious, but Your Honor allowed
Mr. Zachary Taylor, esq. to lie—Would Your Honor trust a judge
like you who knows a crime was committed against me?

An order or judgment obtained in violation of Due Process,
without jurisdiction, or by fraud is void.
*Peyton Place,* 63 F.3d 767, 772-773 (5th Cir. 1995); *New York
Life Insurance Co. v. Brown,* -84 F.3d -137, 143 (5thCir. -
1996). The undisputed fact exists that a fraud plainly
designed to corrupt the legitimacy of the truth-seeking
process, was perpetrated on the court by the prosecution team
in this case. *Hazel-Atlas Glass Co. v. Hartford- Empire Co.,*
322 U.S. 238, 247 (1944). Overruled on other grounds by
*Standard Oil v. United States,* 429 U.S. 17, 18 (1976); *Dixon
v. Commissioner of Internal Revenue,* No. 00-70858 (9th Cir.
J/17/04). See also *Chambers v. Nasco, Inc.,* 501 U.S. 37, 44
(1991); *Fierro v. Johnson,* 197 F.3d 147, 12 (5th Cir. 1999);
*In re Murchison,* 349 U.S. 133, 136 (1955). "Whenever an
allegation is made that an attorney has violated his moral and
ethical responsibility, an important question of professional
ethics is raised. It is the duty of the district court to
examine the charge, since it is that court which is authorized
to supervise the conduct of the members of its bar." *Gas-A-
Tron v. Union,* 34 F.2d 1322 (9th Cir. 1976)


XIV.  Speedy Trial Delay
1. Ms. Olivera Leticia told me that I did not waive my rights to
   a speedy trial, AUSA Bensing would ask for competency exam,
   which she did when I told everyone that she is working on a
   case where her prior employer is at the center of the issue.
2. According to Ms. Olivera, AUSA Bensing wanted the time out of
   me—via emails and audio recorded

Due process "prohibits an individual from being punished for
exercising a protected statutory or constitutional right."
*United States v. Poole,* 407 F.3d 767, 774 (6th Cir.2005)
(citing *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct.
2485, 73 L.Ed.2d 74 (1982)). But "the Due Process Clause is not
offended by all possibilities of increased punishment . . ., [
] only by those that pose a realistic likelihood of
vindictiveness." *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct.

2098, 40 L.Ed.2d 628 (1974) (quotation marks omitted). A defendant alleging prosecutorial vindictiveness must show either "actual vindictiveness" or a "realistic likelihood of vindictiveness." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir.2003). Actual vindictiveness is demonstrated by "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Id.* The realistic-likelihood-of- vindictiveness standard examines the prosecutor's "stake in deterring the exercise of a protected right and the unreasonableness of his actions." *Poole*, 407 F.3d at 774 (quotation marks omitted).

XV. Judges in the 2nd Dis. have deprived of every procedure possible
    1. It is obvious from the docket, and transcripts
    2. The judges have the US Marshalls edit their reports, as to exclude the crimes by Judge Cogan, Judge Brodie, and Judge Katzman—AUSA Bensing worked for them, but AUSAs, like Ms. Gold, said that they committed a crime against me.

Tumey v. Ohio 273U.S.510(1927). "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter of Due Process

*Liljeberg v. Health Svcs. Acq. Corp., 486 US 847 (1988)* is also noteworthy because it applied a harm analysis to determine the remedy when a judge has improperly remained in a case. The analytical factors are: "[1]] the risk of injustice to the parties in the particular case, [2)] the risk that the denial of relief will produce injustice in other cases, and [3)] the risk of undermining the public's confidence in the judicial proces

Conclusion:

I would like a remedy, but I do not except Your Honor to even give me even one. At this point, I hope that Your Honor will ignore the obvious injustices, crimes, and lies that I have incurred because it strengthens my claim—everything leads back to Randi Weingarten and Senator Schumer, as Betsy said that Randi will find ways to vicious and vindictive—5 months in jail is vindictive because I was deprive of liberty without due process of the law and the DOJ has indicted people and won under 18 USC § 241 and Senator Schumer has said publicly that people

who deprive other another person of procedural safeguards need to be held criminally accountable and this is the reason that I sent a letter to AUSA Bensing

**Please Take Notice:** Senator Schumer is one of my witnesses, as I have thousands of responses from his email account, which is another reason for Your Honor's recusal
**Please Take Further Notice:** I started to email Senator Schumer on or around Dec. 17, 2017 (I do not know the exact date because I do not have access to my email, as it could be 12/12 or 12/20) because Judge Ritter's impeachment conviction is considered a stare decisis for the senate. Judge Ritter continued to practice law for his former law firm and their clients—just like Judge Cogan did for Strook, Strook, &Lavin and the UFT


Respectfully Yours,
Lucio Celli