# Dorea Silverman
Attorney at Law
80 Broad Street, Suite 1900
New York, NY 10004

February 25, 2021

**By ECF**
Honorable Paul A. Engelmayer
United States District Judge
Eastern District of New York[1]
40 Foley Square
New York, NY 10007

      Re: *United States v. Lucio Celli*, 19 Cr. 127 (PAE)

Your Honor:

      We write respectfully to request that the Court order MDC Brooklyn (MDC) to produce to counsel certain recorded phone calls that Mr. Celli made while he was detained two years ago. The calls were identified in MDC call logs, but not produced in discovery. During at least two status conferences before Judge Donnelly last year, Mr. Celli raised these missing calls and argued they were relevant and potentially exculpatory. *See* Transcript of April 27, 2020 Status Conference (Ex. A), at 6-7; Transcript of August 10, 2020 Status Conference (Ex. B), at 10-12. At the August 10, 2020 conference, Judge Donnelly directed Mr. Celli to confer with his then-counsel and submit a letter regarding those calls. Ex B at 12. Counsel respectfully submits that letter now, along with a proposed order for the Court's consideration.

      The missing calls were between Mr. Celli and the law office of Stacey Richman. Although Ms. Richman represented Mr. Celli in a DUI case that was pending while Mr. Celli was detained at MDC, Mr. Celli has repeatedly asserted that the unproduced calls contain information that is relevant and potentially exculpatory to the instant case; in particular, they contain information about Mr. Celli's March 2018 encounter with deputy marshals that bears on his subjective intent to threaten. At the April 27, 2020 conference, Mr. Celli discussed his request for the missing calls, stating:

> I disagree with the fact that the state case has nothing to do with this case because the two marshals that came to see me on March 18, 2018...concerning my state case, they said it would be fixed. I also have to prove my intent and my intent is what the, what has occurred to me and what the U.S. Marshals told me. So in my mind, it has everything to do with this case.

---

[1] Sitting by designation.

Tel. 917.863.9905  |  dorea@doreasilvermanlaw.com

Ex. A at 6-7.[2] At the August 10, 2020 conference, Mr. Celli again raised the missing calls. Judge Donnelly questioned what the recordings had to do with the instant case, and Mr. Celli replied that they had "everything to do with this case. I had two U.S. Marshals threaten me." Ex. B at 10-11.

Notably, some recorded calls with Ms. Richman were produced in discovery, while others are missing. Both the produced and missing calls appear on call logs produced by the government. There were eight calls in total; four have been produced and four were not produced. Attached hereto as Exhibit C is the combined call log highlighting in green the four calls produced in discovery and in yellow the four calls not produced.[3] The government informs counsel that it has produced all recordings it received from MDC, and that any missing calls are not in its possession. Because only some of the calls with Ms. Richman are missing, the omission does not appear to be a categorical exclusion and may have been inadvertent. Nevertheless, the government has declined our request to obtain the missing calls, stating that they are not relevant. The government has not represented that it has listened to the calls; nor has it explained why four calls were produced while four were not.

As noted above, Mr. Celli has steadfastly insisted on the relevance of these recordings.[4] Indeed, prior counsel's seeming reluctance to pursue the matter was a factor in the breakdown of that relationship. *See* Ex. A at 9. In light of Mr. Celli's insistence that the recordings contain potentially exculpatory information, the apparent inadvertence of the omission, and the limited nature of this request, we respectfully submit that the requested Court order is warranted.

Accordingly, we respectfully ask the Court to sign the attached order directing the MDC to provide counsel with the listed recorded phone calls. We are available to answer any questions the Court may have. Thank you for your consideration.

Respectfully submitted,

/s/ Dorea Silverman
Benjamin Silverman
Dorea Silverman
*Attorneys for Lucio Celli*

cc: AUSA Anna Karamigios (by email)
    Lucio Celli (by U.S. Mail)

Attachments

---

[2] The motions *in limine* make clear that both parties view Mr. Celli's March 2018 interaction with the deputy marshals as relevant evidence.

[3] We have not filed Ex. C on ECF because it contains individuals' phone numbers. *Cf.* Fed. R. Crim. P. 49.1.

[4] The recordings may contain prior consistent statements admissible if the government challenges the credibility of some of Mr. Celli's testimony (we recognize that their admissibility for that purpose likely would be contested).