UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

LUCIO CELLI,

                        Defendant.

19-CR-127 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a sealed letter from defense counsel requesting an adjournment of trial in this case, which is scheduled to begin May 17, 2021 (Dkt. No. 119). The Court has carefully considered the reasons for the request stated in the letter, but respectfully **DENIES** that request.

The Indictment in this case was returned more than two years ago, on March 8, 2019, (Dkt. No. 20); the case is trial-ready; and the Court, in scheduling trial, notified counsel that the May 17 trial date was firm (Dkt. No. 110). And moving the trial date would be disruptive. The Court has arranged its schedule around the trial date in this case, and the Eastern District of New York, in turn, reserved a date and space for trial for this case for the week of May 17 at this Judge's request. In seeking leave from the Southern District of New York's Board of Judges to schedule other trials during the second quarter, the Court left the final three weeks of May open in deference to pretrial and trial proceedings in this case. The Court further anticipates a busy trial calendar in the third and fourth quarters of this year, as many trials, criminal and civil, have been deferred on account of the pandemic. An adjournment of this trial would interfere with the Court's ability to timely schedule trials in other cases.

The Court appreciates the defendant's personal circumstances as set out in counsel's letter. However, the Court does not believe that the trial in this case, which is expected to be complete within a week and potentially within as little as three days time, would be unduly disruptive to the defendant's needs. With advance planning and even modest flexibility on the parts of those concerned, those needs can be accommodated.

Trial accordingly will proceed as scheduled, on May 17, 2021. To the extent that Mr. Cell's counsel is concerned that if the defendant were to proceed pro se, counsel would be ineligible to be present to assist him as standby counsel, the Court would take steps to assure counsel's presence at the defense table and ready access to Mr. Celli.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 19, 2021
       New York, New York