

U.S. Department of Justice

United States Attorney
Eastern District of New York

NS:JMS:ALK  271 Cadman Plaza East
F. #2018R02184  Brooklyn, New York 11201

April 5, 2021

By E-mail and ECF

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

      Re:    United States v. Lucio Celli
              Criminal Docket No. 19-127 (PAE)

Dear Judge Engelmayer:

      The government respectfully writes in advance of the hearing in the above-referenced matter scheduled for April 6, 2021 at 2:00 p.m., concerning the defendant's request to proceed pro se and appoint standby counsel.

      As the Court is aware, the defendant has the right under the Sixth Amendment "to defend himself without the assistance of counsel if that decision is made intelligently and knowingly, with full awareness of the right to counsel and the consequences of its waiver." United States v. Tracy, 12 F.3d 1186, 1191 (2d Cir. 1993) (citing Faretta v. California, 422 U.S. 806, 835–46 (1975)). The determination of whether a defendant's choice to proceed pro se is "knowing and intelligent depends on the particular facts and circumstances of the case, including the background, experience, and conduct of the accused." Id. (quotation marks and citation omitted). "The [C]ourt should strive for a full and calm discussion with the defendant in order to satisfy itself that [the defendant] has the requisite capacity to understand and sufficient knowledge to make a rational choice." Id. (quotation marks and citation omitted); see also United States v. Naseer, 775 F. App'x 28, 30 (2d Cir. 2019) ("Although there is no talismanic procedure to determine a valid waiver, the district court should engage the defendant in an on-the-record discussion to ensure that [he] fully understands the ramifications of [his] decision." (quoting United States v. Hausa, 922 F.3d 129, 134–35 (2d Cir. 2019))); Federal Judicial Center, Benchbook for U.S. Dist. Court Judges (6th ed. 2013) at 5–7; Transcript of Faretta Colloquy, United States v. Kenner, No. 13-CR-607, ECF No. 548-1 (E.D.N.Y. Mar. 26, 2018) (Bianco, J.); Minute Entry of Faretta Colloquy, United States v. Kroll, No. 12-CR-411, ECF No. 64 (E.D.N.Y. Sept. 22, 2014)

(Wexler, J.). "A defendant electing to proceed pro se need not have all the understanding and skill of a lawyer, so long as he has the capacity for making a rational decision and has been made aware of the dangers and disadvantages of self-representation." Tracy, 12 F.3d at 1192 (quotation marks and citations omitted).

Whether a defendant "must be allowed to represent himself at trial requires answers to two principal questions: whether the defendant is competent to represent himself and whether the request to proceed pro se is genuine[.]" United States v. Barnes, 693 F.3d 261, 270 (2d Cir. 2012) (quotation marks and citations omitted).

Consistent with the foregoing, at the hearing, the government respectfully asks that the Court pose the following questions to the defendant (in addition to any other questions the Court or current defense counsel may wish to pose).[1]

1. You have a constitutional right to be represented by an attorney at every stage of this proceeding. Do you understand that?

2. Do you understand that, if you are unable to afford an attorney, the Court will appoint one on your behalf at no cost to you?

3. You also have a constitutional right to represent yourself, if you so choose. Do you wish to do so in this case?

4. Have you ever studied law?

5. Have you ever represented yourself in a criminal action?

6. Do you understand that you are charged in an indictment with one count of transmitting interstate threats?

7. Do you understand that, if you are found guilty of the crime charged in this count, the Court could sentence you to as many as five years in prison? Do you understand that the Court could impose a term of supervised release of up to 3 years that follows imprisonment? Do you understand that the Court could fine you as much as $250,000? Do you understand that the Court must impose a special assessment of $100?

---

[1] Adapted from Section 1.02 of Benchbook for U.S. Dist. Court Judges (Mar. 2013), at 5-7.

8. Do you understand that there are advisory Sentencing Guidelines, and that they are not binding or mandatory in any way, but they are one of the factors that the Court will consider at sentencing, and so if you are convicted at trial, those Guidelines may have an effect on your sentence if you are found guilty?

9. Do you understand that, if you are convicted at trial, then based on the government's estimate, the Sentencing Guidelines would call for 33 to 41 months in prison?

10. Do you understand that if you choose to represent yourself, you are on your own, and that I cannot tell you or even advise you how you should handle any aspect of your case?

11. Are you familiar with the Federal Rules of Evidence?

12. Do you understand that the Rules of Evidence govern what evidence may or may not be introduced at trial, and that in representing yourself, you must abide by these very technical rules, and that they will not be relaxed for your benefit?

13. Are you familiar with the Federal Rules of Criminal Procedure?

14. Do you understand that those rules govern the way a criminal action is handled at trial or any hearing in federal court, that you are bound by those rules, and that they will not be relaxed for your benefit?

15. Do you understand that you may be at a disadvantage because attorneys are skilled in the law and the procedures and how to research cases and make arguments to the Court and are in a better position to do that than someone who does not have experience doing those things? Do you understand that you could be at a disadvantage because of your lack of experience in these matters and the fact that the issues in this case are complicated?

16. Do you understand that, once you make this decision, it is not a situation where you can change your mind, for example, after the trial begins, and go back-and-forth and say that you need a lawyer for this and that? Even if I appoint you standby counsel, that counsel will serve only as your legal advisor, and is unlikely to be in a position to take over for you at trial. Do you understand that?

If, following this colloquy and any warning the Court may choose to give concerning the risks of self-representation, the defendant still indicates that he wishes to represent himself, the government respectfully requests that the Court conclude with the following questions:

> 17. In light of the penalty that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself that I have described to you, do you still desire to represent yourself and to give up your right to be represented by a lawyer?
>
> 18. Is your decision entirely voluntary?
>
> 19. Has anyone threatened you or forced you to make this request to represent yourself?
>
> 20. Do you understand that any statements you make in the course of representing yourself may be used by the government against you, either in the course of the trial and sentencing in this matter or any future proceedings related to this case?

Provided the defendant answers these questions in a manner indicating that he is knowingly, intelligently and voluntarily choosing to represent himself, conscious of the risks involved, the government respectfully requests that the Court make findings of fact to that effect. See generally Benchbook for U.S. Dist. Court Judges (6th ed. 2013) at 6–7; see also McKaskle v. Wiggins, 465 U.S. 168, 178–79 (1984) (holding that the "core of the Faretta right" is for "the pro se defendant . . . to preserve actual control over the case he chooses to present").

      The government has no objection to the appointment of standby counsel to assist the defendant. However, the government notes that there is no right to standby counsel, there is no right to standby counsel of the defendant's own choosing, and that such appointments are left to the discretion of the Court. See United States v. Oliver, 630 F.3d 397, 413–14 (5th Cir. 2011); United States v. Singleton, 107 F.3d 1091, 1102 n.9, 1103 (4th Cir. 1997); United States v. Williamson, No. 14-CR-151, 2014 WL 12695379, at *6 (D.D.C. Oct. 16, 2014) (denying defendant's request for substitute standby counsel); see also Wiggins, 465 U.S. at 183–84 (1984) (holding that district court may appoint standby counsel even over the defendant's objection so long as pro se defendant preserves "actual control over the case he chooses to present"). The government also notes that the defendant "has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into pro se mode for selected presentations." United States v. Rivernider, 828 F.3d 91, 108 (2d Cir. 2016).

      Additionally, the government notes that the protective order in this case prohibits the defendant from possessing materials designated as sensitive discovery materials, but allows the defendant to review those materials in the presence of counsel or counsel's staff. See ECF No. 34 ¶ 5. The reasons for this restriction warrant its continued application, even if the defendant chooses to proceed pro se with standby counsel.

4

Accordingly, the government respectfully requests that the defendant continue to be prohibited from possessing sensitive discovery materials.  In the event the defendant proceeds pro se, he will still be permitted to review such materials in the presence of his standby counsel or standby counsel's staff.

The government thanks the Court for its consideration of this letter.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:    /s/
Anna L. Karamigios
Assistant U.S. Attorney
(718) 254-6225

cc: Benjamin Silverman, Esq.
   Dorea Silverman, Esq.
   Clerk of the Court (PAE)