

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

JRS:ALK
F. #2018R02184

April 5, 2021

<u>By E-mail and ECF</u>

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

   Re: United States v. Lucio Celli
     <u>Criminal Docket No. 19-127 (PAE)</u>

Dear Judge Engelmayer:

  The government respectfully submits this letter in response to the Court's April 2, 2021 Order requesting (1) a transcript, interview memo, or other document fully memorializing the defendant's prearrest statements to the United States marshals and (2) a copy of all emails at issue.  ECF No. 127.  With respect to the Court's first request, the government attaches hereto as Exhibit A under seal the parties' March 19, 2021 submission, see ECF Nos. 120-21, which includes materials that memorialize the defendant's pre-arrest interactions with the marshals.[1]  In particular, the government refers the Court to the Report of Investigation ("ROI") dated March 19, 2018, which reflects that, during a March 16, 2018 voluntary interview with two deputy marshals, the defendant assured the deputy marshals that he would stop sending inappropriate communications to court officials and, instead, would change the tone of his emails to business correspondence.  As the March 19, 2018 ROI further reflects, the defendant at that time stated that his intent was not to harm or stalk the judges.  The government further clarifies that the March 16, 2018 interview of the defendant was not recorded.

---

  [1] The government attaches these materials under seal pursuant to the Court's previous authorization to do so because they include internal agency memoranda and correspondence, as well as information protected by the Health Insurance Portability and Accountability Act of 1996.

As to the Court's second request, please find attached as Exhibit B under seal unredacted copies of the emails referenced in the government's motion in limine.[2] As noted in the government's motion, ECF No. 100 at 3 n.4, these emails are representative of the emails the government intends to introduce at trial. They are not necessarily exhaustive, and the government may seek to introduce emails of a similar nature that are not specifically identified here.

By way of further background, the government obtained search warrants for three email accounts owned by the defendant. The government's search pursuant to those warrants identified approximately 9,000 emails that were responsive to the warrants. The government produced those emails pursuant to Federal Rule of Criminal Procedure 16. Many of these 9,000 emails are identical or nearly identical in content. The government intends to identify for the defense a significantly narrowed population of emails that it may seek to introduce at trial prior to the April 16, 2021 Pretrial Conference, so that the parties may raise any specific issues with the Court at that time.[3] The government will identify the final set of emails that it intends to introduce at trial when it provides its exhibit list.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:       /s/
Anna Karamigios
Assistant U.S. Attorney
(718) 254-6225

cc: Benjamin Silverman, Esq.
Dorea Silverman, Esq.
Clerk of the Court (PAE)

---

[2] Because the emails contain contact information for the victims and other official employees, the government respectfully requests permission to submit them under seal.

[3] As noted in the government's response to the defendant's motion to redact offensive language, see ECF No. 106 at 8, the parties will confer about redactions and raise any disputes with the Court.

2