

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

NS:JMS:ALK
F. #2018R02184

April 9, 2021

By E-mail and ECF

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

   Re: United States v. Lucio Celli
     <u>Criminal Docket No. 19-127 (PAE)</u>

Dear Judge Engelmayer:

  The government respectfully submits this letter in response to the Court's request for the government's proposal as to how to minimize the possibility of prejudice to the defendant when the government introduces as evidence at trial two calls recorded by the Metropolitan Detention Center (the "MDC") while the defendant was incarcerated.

  The government does not intend to introduce the portion of each recorded call that identifies the defendant as an inmate and informs the parties that the call is being recorded. The government does however seek to ensure that the jury understands that the calls are authentic and were lawfully recorded.

  Accordingly, the government proposes entering into a stipulation with the defendant stating the following:[1]

1. Government Exhibits 1 and 2 contain authentic recordings of telephone calls made by the defendant LUCIO CELLI on

---

[1] The government has provided this proposed stipulation to defense counsel for further consideration.

November 22, 2018 and December 3, 2018, respectively, that the defendant knew were being recorded.
2. Government Exhibits 1-T and 2-T are fair and accurate transcripts of Government Exhibits 1 and 2.
3. Government Exhibits 1 and 2 are admissible in evidence at trial.
4. This stipulation, marked Government Exhibit 3, is admissible in evidence at trial.

Should the defendant decline to enter such a stipulation, the government would seek to call as a trial witness a custodian from the MDC who would testify, in sum and substance, that (1) he or she is a custodian of records for a government agency; (2) the defendant was informed that the two conversations were being recorded, and (3) the recordings are authentic recordings. The government would not plan to elicit any testimony indicating that the calls were recorded by the MDC while the defendant was incarcerated.[2] In tandem, the government proposes that the Court provide a judicial instruction to the jury to provide clarity and minimize the possibility of any prejudice to the defendant. The government proposes the following language for the instruction:

> The government is now going to play recordings of portions of conversations the defendant had with other individuals. You heard that the recordings are authentic and were made with the knowledge of the defendant. I instruct you that the government lawfully obtained these recordings and is entitled to use them as evidence in this case. I further instruct you that the context in which these recordings were made is irrelevant and that you should not speculate about the context in which these recordings

---

[2] However, if the defendant objects to the admission of the recorded calls based on a lack of proper foundation, the government should be permitted to elicit more detailed testimony in this regard to establish the proper foundation for admission of the recordings.

were made.  You should evaluate the recordings as you would any other evidence in this case.

          Respectfully submitted,

          MARK J. LESKO
          Acting United States Attorney

By:     /s/
       Anna Karamigios
       Assistant U.S. Attorney
       (718) 254-6225

cc:   Benjamin Silverman, Esq.
      Dorea Silverman, Esq.
      Clerk of the Court (PAE)