UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -                        19 CR 127 (PAE)

LUCIO CELLI,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

REQUESTS TO CHARGE

| | |
|---|---|
| Benjamin Silverman, Esq. | MARK J. LESKO |
| 224 West 30th St., Suite 302 | ACTING UNITED STATES ATTORNEY |
| New York, NY 10001 | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, New York 11201 |
| | |
| | Anna L. Karamigios |
| | Assistant United States Attorney |
| | (Of Counsel) |

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following instructions in its charge to the jury.  In addition, the parties request leave to offer additional instructions as they become appropriate during the course of the trial.

The submitted requests address the essential elements of the crime charged in the indictment and certain matters of evidence which the parties believe may require instruction to the jury.  The parties respectfully request that the jury instructions be provided to the jurors during their deliberations.

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The parties request that the Court charge the jury in its usual manner on the following subjects, and that the parties be granted leave to offer additional instructions as may become appropriate during the course of the trial:

a.      Function of the Court and the Jury;

b.      Jury Communications with Lawyers and the Court;

c.      Rulings of the Court;

d.      Equality of the Parties before the Court;

e.      Presumption of Innocence;

f.      Burden of Proof and Reasonable Doubt;

g.      Function of Indictment and What Is Not Evidence;

h.      The Meaning of "And" in the Indictment;

i.      What Constitutes Evidence, and Permissible Inferences from Evidence;

j.      Direct and Circumstantial Evidence;

k.      Dates Approximate;

l.      Credibility of Witnesses and Discrepancies in Testimony;

m.      Right to See Exhibits and to Have Testimony Read During Deliberations;

n.      Duty to Consult and Need for Unanimity;

o.      Questioning Wisdom of Law Prohibited;

p.      Deliberations; and

q.      Venue.

<u>REQUEST NO. 2</u>

<u>Uncharged Acts</u>

You have heard evidence that the defendant engaged in conduct which occurred before he sent the November 12, 2018 emails that form the basis of the Indictment in this action. The defendant is not on trial for committing any acts not charged in the Indictment or for acts committed outside the time period charged in the Indictment. Consequently, you may not consider evidence of those other acts as a substitute for evidence in deciding whether the defendant committed the crime charged in the Indictment.

You may consider this evidence for the purpose of determining whether the defendant acted intentionally with regard to the charged offense. In addition, you may consider evidence of uncharged conduct as evidence of the defendant's motive, knowledge, absence of mistake, or lack of accident in transmitting the November 12, 2018 emails.

<u>Authority</u>: Adapted from L. Sand, J. Siffert, W. Loughlin, S. Reiss, S. Allen, J. Rakoff, and D. Epstein, <u>Modern Federal Jury Instructions</u> (2016 ed.) ("Sand"), Instruction 5-25; and charge of the Honorable Kiyo A. Matsumoto, <u>United States v. Segui</u>, No. 19-CR-188 (KAM) (E.D.N.Y. Dec. 12, 2019).

<u>REQUEST NO. 3</u>

<u>The Charge in the Indictment</u>

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is not evidence—it is a charge or accusation.  The Indictment in this case contains one count that you will be called upon to render a verdict.

The count charges the defendant LUCIO CELLI with transmitting one or more threats in interstate commerce.  Specifically, it reads as follows:

> On or about November 12, 2018, within the Eastern District of New York and elsewhere, the defendant LUCIO CELLI did knowingly and intentionally transmit in interstate commerce one or more communications containing one or more threats to injure the person of another, to wit: communications threatening injury to John Doe and Jane Doe, individuals whose identities are known to the Grand Jury.

The statute relevant to that charge is Title 18, United States Code, Section 875(c), which provides in relevant part:

> "Whoever transmits in interstate or foreign commerce any communication containing any threat . . . to injure the person of another, shall be [guilty of a crime]."

<u>REQUEST NO. 4</u>

<u>Elements of Transmission of Threat to Injure</u>

To prove a violation of the crime charged in the indictment, the government must

establish each of the following elements beyond a reasonable doubt:

First, that the defendant threatened to kill or injure another person;[1]

Second, that the threat was transmitted in interstate or foreign commerce; and

Third, that the defendant transmitted the threat knowingly and intentionally.

<u>Authority</u>:  Adapted from Sand, Instruction 31-7; <u>Elonis v. United States</u>, 575 U.S. 723, 737-38 (2015); <u>United States v. Francis</u>, 164 F.3d 120 (2d Cir. 1999); and charge of the Honorable Rachel P. Kovner, <u>United States v. Levy</u>, No. 20-CR-087 (RPK) (E.D.N.Y. Apr. 15, 2021).

---

[1]    The defense objects to the words "to kill."  That is not an element of the offense, 18 U.S.C. § 875(c), and it only serves to have the Court recite the government's theory of the case.

REQUEST NO. 5

Knowingly and Intentionally[2]

The crime charged implicates the concepts of knowledge and intent.  A person acts

knowingly if he acts intentionally and voluntarily and not because of ignorance, mistake,

accident or carelessness.  Whether the defendant acted knowingly may be proved by the

defendant's conduct and by all of the facts and circumstances surrounding the case.  Before you

can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt

that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have

been the product of the defendant's conscious objective rather than the product of a mistake or

accident.  It is sufficient that a defendant intentionally engaged in conduct that the law forbids.

The government is not required to prove that the defendant is aware of the law that actually

forbids his conduct.

These issues of knowledge and intent require you to make a determination about the

defendant's state of mind, something that rarely can be proven directly.  A wise and careful

consideration of all the circumstances before you, however, may permit you to make a

determination as to the defendant's state of mind.  Indeed, in your everyday affairs, you are

---

[2]     The defense notes that this instruction is not recommended by the Sand Section 875(c) charge, which articulates the intent requirement specific to Section 875(c), and this additional knowledge and intent instruction is unnecessary and potentially misleading.  The defense believes that request number 8 below suffices at least as concerns defining intent. Providing two intent charges – and placing this one before the charge explaining the intent that is relevant to the charged offense – will confuse and mislead the jury.

6

frequently called upon to determine a person's state of mind from his words and his actions in a given set of circumstances.  You are asked to do the same here.


<u>Authority</u>:  Adapted from Sand, Instructions 3A-1 and 3A-4; charge of the Honorable Pamela K. Chen, <u>United States v. Hunt</u>, No. 21-CR-086 (E.D.N.Y. Apr. 28, 2021); charge of the Honorable Rachel P. Kovner, <u>Levy</u>, No. 20-CR-087;[3] and charge of the Honorable Kiyo A. Matsumoto, <u>United States v. Segui</u>, No. 19-CR-188 (KAM) (E.D.N.Y. Dec. 12, 2019).

---

[3]    The defense notes that the language in the first paragraph does not appear in Judge Kovner's charge in <u>United States v. Levy</u>, which is available on the docket sheet, 20 Cr. 87, Dkt. 93.  As to intent, Judge Kovner charged: "A person acts intentionally if he acts with the specific intent to do something that the law forbids. To act intentionally, a person need not be aware of the specific law or rule that his conduct may be violating.  But he must act with the specific intent to do whatever it is the law forbids." <u>Id.</u>  Judge Kovner's language is far clearer than what the government proposes, and it also takes into consideration that this is a specific intent crime.

REQUEST NO. 6

First Element – Threat

The first element the government must establish beyond a reasonable doubt is that the defendant made a threat, as I will define that term for you.

A threat is a serious statement expressing an intention to kill or inflict bodily injury at once or in the future, as distinguished from idle or careless talk, exaggeration or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to kill or inflict bodily injury. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

To determine whether or not the defendant made a threat, you should consider the circumstances under which each of his statements was made, including the context with respect to surrounding conversation, the language the defendant used, and the reaction of those who heard or read the statements.

It is not necessary that the government prove that the defendant intended to carry out the threat or that he had the present ability to carry out the threat. A threat may be conditional upon the defendant's ability to carry it out in the future.

You heard testimony from law enforcement officers who viewed the defendant's alleged threats. Although that testimony may inform your view of the context in which a particular statement was made, it is ultimately for you—and not any witness, law enforcement or

otherwise—to determine whether any ordinary, reasonable recipient who is familiar with the context of the statement would interpret it as a threat.

As I noted, the defendant has been charged with one count of transmitting threats to kill or injure John Doe or Jane Doe. There has been evidence of more than one act or incident upon which a conviction on this count may be based. Specifically, the government alleges that the defendant made four different threats:

- <u>First</u>, a November 12, 2018 email with a subject line stating:

  "Brodie and Cogan you mother fuckers sent the us marshalls and they threatened by dui case….fraud upon the court.. i spent all night reading . . . but i can't file in court like a normal person I have to fuck stab you to get justice."[4]

- <u>Second</u>, a November 12, 2018 email with a subject line stating:

  "Katzmann and Stewdart . . . either you deal with the US marshall threat from Brodie and Cogan or I hunt them down and kill them because they want to act like the mafia they have to die like the mafia."

- <u>Third</u>, a November 12, 2018 email with a subject line stating:

  "Katzmann and Stewdart .. If I hurt anyone it is on you because you want to cover up their criminal miscondut … I promise that I kill them if you dont address the crime against me …mother fuckers."

- <u>Fourth</u>, a November 12, 2018 email with a subject line stating:

  "Katzmann and Stewdart . . . you both are fucking provoking me by not answering … they sent and carried out thier threat and ow iethe you deal m=with it or I kill thm e."[5]

---

[4]    The defense objects to the Court reading each of the charged emails to the jury. It is unnecessary and prejudicial. The jury can be instructed that the four allegedly threatening statements are identified on a special verdict sheet.

[5]    As noted in the parties' previous filings, the parties are conferring about redactions to emails that will be admitted in evidence in this case.

To return a guilty verdict, you must be unanimous as to at least one specific threat that you find the government has proved beyond a reasonable doubt. The government has proven its case if you find the evidence meets all the required elements of the crime as to any one of the defendant's four alleged threats, even if you find that it does not meet the elements as to any other of the alleged threats. I will instruct you on the second and third elements now.

Authority: Adapted from Sand, Instruction 31-8; <u>Elonis</u>, 575 U.S. at 737-38; charge of the Honorable Pamela K. Chen, <u>Hunt</u>, No. 21-CR-086; charge of the Honorable Rachel P. Kovner, <u>Levy</u>, No. 20-CR-087; <u>United States v. Mohamed</u>, No. 18-CR-00603 (ARR), 2020 WL 4932227 (E.D.N.Y. Aug. 24, 2020); charge of the Honorable Kiyo A. Matsumoto, <u>Segui</u>, No. 19-CR-188; and <u>United States v. Jordan</u>, 591 F. Supp. 2d 686 (S.D.N.Y. 2008).

<u>REQUEST NO. 7</u>

<u>Second Element – Transmission in Interstate Commerce</u>

The second element the government must prove beyond a reasonable doubt is that the threat was transmitted in interstate commerce.

To establish this element, the government must prove that the communication passed between two or more states as, for example, a telephone call between New York and New Jersey; or between the United States and a foreign country.  If the government establishes beyond a reasonable doubt that the communication passed between two or more states, it is sufficient to establish this element even if the defendant and the victim were in the same state at the time. The government is not required to prove that the defendant knew that the threat would be transmitted across state lines.

<u>Authority</u>:  Adapted from Sand, Instruction 31-9; charge of the Honorable Rachel P. Kovner, <u>Levy</u>, No. 20-CR-087; and charge of the Honorable Kiyo A. Matsumoto, <u>Segui</u>, No. 19-CR-188.

REQUEST NO. 8

Third Element – Intent to Transmit Threat[6]

The third element the government must establish beyond a reasonable doubt is that the defendant transmitted the threat knowingly and intentionally.

To establish this element, the government must prove that the defendant knowingly and intentionally sent the threat and that this did not occur by accident, mistake or negligence. To establish this element, the government must prove that the defendant transmitted the communication (a) for the purpose of issuing a threat, or (b) with knowledge that the communication would be viewed as a threat.[7] To find that the government has proven this element, you must unanimously find that this third element is satisfied by either (a) or (b). You do not have to find that the government has satisfied both (a) and (b). The government is not required to prove that the defendant intended to carry out the threat.

Let me remind you that, to return a guilty verdict, you must be unanimous as to at least one specific threat that you find the government has proved beyond a reasonable doubt. The government has proven its case if you find the evidence meets all the required elements of the

---

[6]     The defense would charge this element as either "Intent" or "Intent To Threaten."

[7]     The government modified the Sand instruction to adhere to the Supreme Court's holding in Elonis, that "[t]here is no dispute that the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." 575 U.S. at 740. The Sand instruction states instead, "[t]o establish this element, the government must prove that the defendant intended the communication to be received by [the victim] as a threat." Sand, Instruction 31-10. The government submits that using the language from the Supreme Court's holding in Elonis more accurately reflects the current law than the model instruction.

12

crime as to any one of the defendant's four alleged threats, even if you find that it does not meet

the elements as to any other of the alleged threats.

Authority:  Adapted from Sand, Instruction 31-10; <u>Elonis</u>, 575 U.S. at 740; charge of the Honorable Pamela K. Chen, <u>Hunt</u>, No. 21-CR-086; charge of the Honorable Rachel P. Kovner, <u>Levy</u>, No. 20-CR-087; <u>Mohamed</u>, No. 18-CR-00603 (ARR), 2020 WL 4932227; charge of the Honorable Kiyo A. Matsumoto, <u>Segui</u>, No. 19-CR-188 (KAM); and <u>Jordan</u>, 591 F. Supp. 2d 686.

REQUEST NO. 9

Defendant's Interest If Defendant Testifies
(If Applicable)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify,

he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant

decided to testify.  You should examine and evaluate his testimony just as you would the

testimony of any witness with an interest in the outcome of this case.


Authority:  Sand, Instruction 7-4.

REQUEST NO. 10

Defendant's Right Not to Testify
(If Applicable)

The defendant chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider this in any way in your deliberations in the jury room.


Authority: Sand, Instruction 5-21.

Uncalled Witnesses Equally Available
(If Applicable)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You also should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Sand, Instruction 6-7.

<u>REQUEST NO. 12</u>

<u>All Available Evidence Need Not Be Produced</u>

Although the government bears the burden of proof, the law does not require the

government to call as witnesses all persons who may have been present at any time or place

involved in the case, or who may appear to have some knowledge of the matter in issue at this

trial.  Nor does the law require the government to produce as exhibits all papers and things

mentioned during the course of the trial.


<u>Authority</u>:  Adapted from charge of the Honorable Carol B. Amon, <u>United States v. Mazella</u>, No.
11-CR-300 (CBA) (E.D.N.Y. Feb. 8, 2012).

REQUEST NO. 13

Law Enforcement Witnesses

You have heard the testimony of law enforcement personnel.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it deserves.

Authority:  Adapted from Sand, Instruction 7-16.

## REQUEST NO. 14

### Specific Investigation Techniques Not Required
(If Applicable)

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.


Authority:  Sand, Instruction 4-4.

<u>REQUEST NO. 15</u>

<u>Use of Audio Recordings</u>

The government has offered evidence in the form of audio recordings.  I instruct you that the government lawfully obtained these recordings and was entitled to use them as evidence in this case.  I further instruct you that the context in which these recordings were made is irrelevant and you should not speculate about the context in which these recordings were made.  You should evaluate the recordings as you would any other evidence in this case.


<u>Authority</u>:  Adapted from charge of the Honorable Kiyo A. Matsumoto, <u>Segui</u>, No. 19-CR-188; and charge of the Honorable Joseph F. Bianco, <u>United States v. Levy</u>, No. 4-CR-559 (S-1) (JFB) (E.D.N.Y. Apr. 4, 2006).

REQUEST NO. 16

Transcripts of Recordings

During the trial, the government was permitted to distribute transcripts containing the government's interpretation of video and audio recordings that have been received as evidence. Those transcripts were provided to you as an aid or guide to assist you in listening to the recordings. However, the transcripts are not in and of themselves evidence. Therefore, when the recordings were played, I advised you to listen very carefully to the recordings themselves. You alone should decide what appears on the recordings based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.


Authority:  Adapted from Sand, Instruction 5-9; and charge of the Honorable Kiyo A. Matsumoto, Segui, No. 19-CR-188.

REQUEST NO. 17

Preparation for Testimony
(If Applicable)

During the course of trial, you heard testimony that the attorneys for the parties

interviewed witnesses when preparing for and during trial.  Attorneys for both parties are obliged

to prepare their case as thoroughly as possible and, in the discharge of that responsibility,

properly interview witnesses in preparation for the trial and as necessary throughout the course

of the trial.


Authority:  Adapted from charge of the Honorable Raymond J. Dearie, United States v. Jacquez de Abreu, 16-CR-564 (RJD) (E.D.N.Y. July 14, 2017); and charge of the Honorable Kiyo A. Matsumoto, United States v. Greebel, No. 15-CR-637 (E.D.N.Y. Dec. 22, 2017).

<u>REQUEST NO. 18</u>

<u>Stipulations</u>
(If Applicable)

The attorneys for the United States and the attorneys for the defendant have entered into stipulations concerning facts which are relevant to this case. A stipulation is an agreement among the parties that a certain fact is true. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

<u>Authority</u>: Adapted from Sand, Instruction 5-6.

REQUEST NO. 19

Basing Verdict on Sympathy[8]

Under your oath as jurors you are not to be swayed by sympathy for one side or the other. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.


Authority:  Adapted from Sand, Instruction 2-12; and charge of the Honorable Rachel P. Kovner, Levy, No. 20-CR-087.

---

[8]     The defense objects to this instruction as unnecessary.

REQUEST NO. 20

Punishment[9]

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Authority:  Adapted from Sand, Instruction 9-1; charge of the Honorable Rachel P. Kovner, Levy, No. 20-CR-087; and charge of the Honorable Kiyo A. Matsumoto, Segui, No. 19-CR-188.

---

[9]    The defense objects to this instruction as unnecessary, noting that the government would object to the jury being advised of the actual Guidelines term of imprisonment upon conviction.

REQUEST NO. 21
(If Applicable)

Voluntary Intoxication[10]

There has been evidence that the defendant may have been under the influence of drugs at the time of the offense with which he is charged.

Being intoxicated or high on drugs in itself is not a legal defense to a criminal charge. However, it may negate the existence of the defendant's intent to commit the crime that the government must prove in order to convict. In this case, it may negate the existence of intent to actually threaten or alarm an email's recipients.

On the evidence before you, if you find that the defendant was intoxicated or under the influence of drugs, you may conclude that the defendant did not have the required intent I described earlier, that is, intent to issue a threat or have recipients understand it as a threat. On the other hand, if you believe that the defendant was intoxicated by alcohol or drugs to some degree, you still may conclude that he was capable of having the required intent. After considering all of the evidence, if you find that the government has established each of the elements beyond a reasonable doubt, then you may find the defendant guilty. On the other hand, if you find the government has failed to meet this burden beyond a reasonable doubt, you must find the defendant not guilty.

Authority: Sand, Instruction 8-3; United States v. Crowley, 236 F.3d 103, 110-11 (2d Cir. 2011).

---

[10] The government requests that the Court reserve decision on whether to instruct the jury on voluntary intoxication until the conclusion of the evidence in this case, and the defense has no objection to that approach. In the event that the Court decides to instruct the jury on voluntary intoxication, the government objects to the instruction as requested by the defendant, and requests that the Court use the charge provided by the Honorable Pamela K. Chen in United States v. Hunt, No. 21-CR-086 (E.D.N.Y. Apr. 28, 2021).

26

<u>CONCLUSION</u>

The parties respectfully request that the Court include the foregoing in its instructions to the jury.  In addition, the parties request the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: Brooklyn, New York
       May 3, 2021

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney
Eastern District of New York

By:    <u>/s/ Anna Karamigios</u>
        Anna L. Karamigios
        Assistant U.S. Attorney
        (718) 254-6225

<u>/s/ Benjamin Silverman</u>
Benjamin Silverman, Esq.
(212) 203-8074