UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                 19 CR 127 (PAE)

LUCIO CELLI,

                Defendant.

- - - - - - - - - - - - - - - - X

## GOVERNMENT'S VOIR DIRE REQUESTS AND LIST OF NAMES AND PLACES

MARK J. LESKO
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Anna L. Karamigios
Assistant U.S. Attorney
    (Of Counsel)

## CASE DESCRIPTION

The defendant is charged with transmitting threats to cause death or bodily injury to two federal judges via email. The defendant has pleaded not guilty and is presumed innocent until proven guilty.

## CASE-SPECIFIC VOIR DIRE REQUESTS

In addition to the Court's usual voir dire, the government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The government respectfully submits that the questions listed below would aid in the selection of a fair, impartial and unbiased jury.

1. Will you agree to abide by the Court's COVID-19 protocols—including social distancing and properly wearing a mask—at all times in the courthouse during this trial?

2. The right to a jury trial is critically important to both the accused and the government. Would you place blame on either the government or the defendant for sitting on a jury during the COVID-19 pandemic?

3. As I've mentioned, this trial will take place in person in this courthouse, with COVID-19 safety measures in place. Would being in a courthouse for about a week for this trial make you so uncomfortable that you would be unable to fulfill your duties as a juror?

4. It is important that jurors take their obligations seriously and do not rush to a verdict for one side or the other. Would the COVID-19 pandemic prevent you from fully deliberating or would you feel pressure to return a verdict quickly and not fully deliberate due to the COVID-19 pandemic?

5. This case involves alleged threats made by email.

   (a) Have you or anyone close to you ever been the recipient of a threat through a phone call or over the internet, including by e-mail, text message, or social media?

   (b) Have you ever threatened anyone through a phone call or over the internet?

   (c) Has your life or the life of anyone close to you been affected by a threat delivered over the phone or over the internet?

   (d) If you answered yes to any of these questions, is there anything about your experience that might affect your ability to be a fair and impartial juror in this case?

   (e) Is there anything else about the nature of the charge in this case that would cause you to be unable to follow the Court's instructions regarding the law or to render a fair and impartial verdict?

6. The defendant is alleged to have made threats to cause death or bodily injury that the law prohibits. Do you have any strong feelings or opinions about convicting someone based only on words they said? If so, would you be able to set aside those feelings or opinions and follow the Court's instructions on the law?

7. Are you or any family members or close friends currently or have you or any family members or close friends previously been a party to a state or federal civil lawsuit? If yes,

   (a) Were you or the person close to you a plaintiff or a defendant?

   (b) Were you or the person close to you represented by counsel?

   (c) Without getting into detail, what was the disposition of the case?

   (d) Did anything about that experience give you any strong feelings about the court system or judges?

8. This case involves alleged threats made against judges. Without going into detail, have you had any other experiences with judges in any court? If yes,

    (a) Which court?

    (b) What was the name of the judge?

    (c) Did anything about that experience cause you to have any strong views about judges or courts?

9. If you have not had any experiences in court or directly with judges, do you have any strong feelings or opinions relating to judges that might affect your ability to be a fair and impartial juror in this case?

10. Do you or any family members or close friends have a personal connection to anyone who works in any federal court, including, but not limited to, working in judicial chambers or the clerk's office?

11. Do you or any family members or close friends have a personal connection to anyone who works in the Department of Justice?

12. Do you or any family members or close friends have a personal connection to the New York City Department of Education?

13. Have you or any family members or close friends previously had contact with the United States Marshals Service? If so, is there anything about that experience that might affect your ability to be a fair and impartial juror in this case?

14. Is there anything about this case that causes you to favor one side over the other? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

LIST OF NAMES AND PLACES

1. <u>Defendant and Defense Counsel</u>

    (a) Lucio Celli

    (b) Benjamin Silverman, Esq. (Defense Counsel)

    (c) Dorea Silverman Esq. (Defense Counsel)

    (d) Katharine Nephew (Paralegal Specialist)

    (e) Nato Natalie Chelidze (Paralegal Specialist)

2. <u>Seated at the Government's Table</u>

    (a) Anna Karamigios (Assistant U.S. Attorney)

    (b) Jennifer Sasso (Assistant U.S. Attorney)

    (c) George Dietz (Special Agent, United States Department of Justice)

    (d) Julia Carroll-Cabanes (Paralegal Specialist)

3. <u>Potential Witnesses and Other Names That May Be Mentioned at Trial</u>[1]

    (a) Honorable Margo K. Brodie (United States District Judge)

    (b) Honorable Brian M. Cogan (United States District Judge)

    (c) Betsy Combier

---

[1] This list includes the individuals who received the four threatening emails charged in the indictment to the extent their full names appear on the recipient list. As previewed in the government's motions in limine, the government intends to introduce additional relevant emails at trial. The government has endeavored to include individuals who are commonly identified in those emails on this list. Many of those emails, however, include dozens of recipient email addresses, primarily consisting of various federal court, Department of Justice and New York City Department of Education email addresses. The government does not anticipate that any of the individuals who own those email addresses will otherwise be mentioned at trial. The government believes that this can be addressed with voir dire, including the questions above that ask whether any of the prospective jurors know anyone who works in a federal court or the Department of Justice, or have a personal connection to the New York City Department of Education. Alternatively, once the parties have agreed on redactions to the emails, the government can submit the email exhibits to the Court to review the recipient lists.

    (d)    Albert Ivezaj (Deputy United States Marshal)

    (e)    Honorable Robert A. Katzmann (United States Circuit Judge)

    (f)    Gregory Mapp (Deputy United States Marshal)

    (g)    August Marziliano (Clerk's Office, Eastern District of New York)

    (h)    Francesco Portelos

    (i)    Elba Rapalo (Deputy United States Marshal)

    (j)    Susan Richman

    (k)    Melissa Salcedo (Deputy United States Marshal)

    (l)    Christine Stewart

    (m)    Randi Weingarten

    (n)    Peter Zucker

    (o)    Custodian of records for Apple Inc.[2]

    (p)    Custodian of records for Google LLC

    (q)    Custodian of records for the Metropolitan Detention Center

    (r)    Custodian of records for Oath Inc.

4.    <u>Places</u>

    (a)    New York City Department of Education

    (b)    New York City Department of Health and Mental Hygiene

    (c)    United States Court of Appeals for the Second Circuit

    (d)    United States District Court for the Eastern District of New York

---

[2] The government will supply the names of the custodians identified on this list prior to trial.

CONCLUSION

The government respectfully requests that the Court include the foregoing during jury selection. The government also requests permission to supplement or amend this request.

Dated: Brooklyn, New York
      May 3, 2021

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney
Eastern District of New York

By:   /s/ Anna Karamigios
      Anna L. Karamigios
      Assistant U.S. Attorney
      (718) 254-6225