LAW OFFICE OF

# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

July 9, 2021

**By ECF**
Honorable Paul A. Engelmayer
United States District Judge
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, NY 10007

     Re: *United States v. Lucio Celli*, 19 Cr. 127 (PAE)

Your Honor:

     I write in advance of Lucio Celli's July 20, 2021 sentencing respectfully to request that the Court sentence him to time served (4.5 months) and two years' supervised release subject to (1) the stringent conditions proposed in the plea agreement and discussed in this letter and (2) prompt entry into a 30-day drug rehabilitation program. The government will not oppose a time served sentence. The time that Mr. Celli has already spent in prison is sufficient to achieve the purposes of sentencing. Allowing him to maintain his present treatment regimen will provide long-term benefit for Mr. Celli, the courthouse, and the public.

     Amidst Mr. Celli's varied interactions with the courthouse over the past several years, two things stand out. First, he has never hurt anyone or even come close. He has, as far as I am aware, never physically approached a judge. He has never stalked, loitered outside a courtroom, nor located an individual outside the courthouse or even entered a courthouse employee's physical space. He has shouted and cursed, but he has not gone farther than that. He has hurled insults and profanities – mostly from a distance via email and telephone, although he sometimes behaves intemperately in the courtroom during status conferences when he is required to appear – but he has never approached anyone physically. He told the Marshals truthfully eight months before his arrest that he would never hurt anyone. And he told the Court truthfully at his plea colloquy on May 7 that he wrote threatening emails to get attention and elicit a response – a crime for which he spent four and one half months in prison during the frigid MDC power outage in 2019. Put simply, Mr. Celli may be a nuisance, but he is not a danger.

     Second, despite all the various bail violation memos and improper and intemperate

courtroom conduct, Mr. Celli has never once since his November 14, 2018 arrest communicated a threat to a judge or a federal employee. He has been rude and loud, angry and attention seeking. But he has not again crossed the line into criminal threats against federal officers. He has demonstrated a firm understanding of where that line is drawn, and he has not again crossed it. He is demonstrably deterred.

Lucio attends intensive outpatient treatment and his medication is being titrated with progress. He lives with his parents and has significant support from his family. He is committed to increasing his treatment for substance abuse. Save for a few behavioral relapses, he has generally improved over the past six months since he began treatment at Samaritan Daytop Village. He has no objections to the Presentence Report (PSR).[1]

I respectfully request a sentence of time served plus two years' supervised release under the strict terms outlined in the plea agreement and described below. A sentence of time served will allow Lucio to continue his treatment and build on his progress so that he learns, for the long term, how to manage himself in ways that do not disturb the courthouse or break the law.

## I.     Lucio was a respected teacher and colleague before he was overcome by traumas and mental illness.

Lucio Celli's life and career is the tragic story of a talented and respected teacher who descended into serious mental health challenges.

Lucio has been a New York City special education teacher for 20 years. He began teaching after receiving a bachelor's degree from NYU in 1998. He became a special education instructor after receiving a master's from Touro College in 2002. He was highly regarded for years within the Department of Education (DOE).

Harriet Ritter-Wiggs was a teacher who worked with Lucio. She writes in her letter to the Court that "[t]he Lucio I know organized the senior prom, graduation, and other senior activities for his students for 3 years in a row." Ex. D at 1. He "worked diligent with his students helping them prepare for senior exams and pass." *Id.* "The Lucio I know is a kind and gentle man who would never hurt anyone or anything." *Id.*

Rafael Martinez was another close friend of Lucio's from DOE. Mr. Martinez tells the Court that Lucio was a mentor to him and "helped me with everything from

---

[1]  The July 9 PSR Addendum references "crack" and "methamphetamine" use. We do not dispute that one substance abuse treatment provider reports that he said he had used those drugs, but Mr. Celli denies that he said that. He neither disputes nor seeks to minimize his long-term cocaine abuse.

instructional strategies to setting up my 403B. He would take time out of his day to sit with me and my lesson plan and unit plans." Ex. H. Lucio, when he is well, is not just a mentor for other teachers, but also committed to his own students:

> Lucio would help students with their academic needs and would also really be there for students. He built relationships with them and understood and had empathy for their struggles and for their successes. He guided them academically and always led with compassion.

*Id.*

Lucio's mother, admittedly a partial observer, acknowledges that her son has been in a dark place for the past several years. Ex. E. But she observes that his "behavior has gotten a lot better lately and [he] is engaging" with his family. *Id.* She also notes that he is beloved by his niece and nephew, whom he "[b]uys all kinds of toys/clothes they want (Sometimes against their parents' wishes) which makes him feel good. I see a glimpse of the boy I raised within the last couple months and hope to see him in full soon." *Id.* His sister-in-law, Maritza Celli, seconds that, nothing that "Lucio was most patience and loves for my children. It seemed that when [they] are around nothing else was more important." Ex. G.

## II. Lucio suffered considerable traumas and illnesses.



## III. Lucio has sought mental health treatment for years, and his present treatment shows some signs of progress.









---

[4] The program, which was referred by Mr. Celli's current outpatient treatment provider, is described on its website: https://www.geisinger.org/patient-care/conditions-treatments-specialty/addiction-treatment

### IV.    Lucio responds to punishment.

Setting aside for a moment his persistent cocaine addiction, which poses its own unique challenges, Lucio has otherwise responded to the threat of more time of jail: he has not sent anther threat to a judge or any other federal officer since his November 14, 2018 arrest and he generally regulates his behavior in response to pretrial violation memoranda.

Lucio has on two occasions called Assistant United States Attorneys assigned to this case, but in neither instance did he convey a threat. First, according to a May 28, 2020 violation memorandum, he left a voice message for AUSA Kayla Bensing stating that he was dissatisfied with his then-CJA counsel, desired a venue change, and believed law enforcement should arrest Judge Cogan. He did not threaten to do anything if AUSA Bensing disregarded his requests. He clearly wanted attention, and he expressed certain distorted thoughts consistent with Dr. Goldsmith's and Dr. Bardey's diagnoses. But he did not threaten anyone.

Then, according to an April 26, 2021 violation memorandum, Lucio spoke by phone with AUSA Anna Karamigios, identifying himself as "John Smith." Although he believed he had disguised himself using a pseudonym, he did not threaten her. He requested her fax number; even though he had her on the phone, he wanted to send something in writing, as if to make a record. I understand from Mr. Celli, and he permits me to share with the Court, that he wanted to fax AUSA Karamigios about his dissatisfaction with counsel, similar to the message he left for AUSA Bensing one year earlier. None of this is to suggest that he pursued his grievances the right way. But none of it was threatening.

The closest Lucio came to crossing the legal line was in an August 17, 2020 conversation – ten- and one-half months ago – with a *New York Post* reporter who he called to find out how she obtained his HIV status. He called her a very rude name and said other improper things. He then called her back a minute later to apologize – just as Dr. Goldsmith described in the episode that he witnessed and as separately observed during his post-arrest statement. Notably, the *New York Post* reporter is not a federal officer. That does not excuse the conduct, but it contrasts with how careful Lucio has been not to threaten AUSAs and court personnel – and now, since this violation, other members of the public as well.[5]

---

[5] Mr. Celli also called a courthouse employee a "bitch" in October 2019, but he did not threaten her. He has notably eliminated all direct contact with the courthouse following stern warnings about returning to jail.

Lucio's general restraint – from breaking the law – is especially notable because he has been goaded. In particular, the woman who sued him in the case assigned to Chief Judge Brodie, Betsy Combier, operates an online blog that at times ridicules Lucio and discusses his health challenges and other confidential health information.[6] She then sends the posts to Lucio by U.S. mail because she knows that he cannot access the internet. The posts eat him up. They drive him to sleepless anger and extreme anxiety, and even to cocaine use. That sounds extreme, but that is the combination of someone with fixation issues and another person, the plaintiff in a lawsuit against Mr. Celli, who is herself an agitator. (I pause here to note Mr. Celli's request that I inform the Court on the record that Ms. Combier misuses her 501(c)(3) organization to harass people.).

In short, Lucio is controlling his contacts with the Court and the courthouse and he is not threatening people. He has demonstrated that fear of more jail time deters him. His behavior – abiding by strictly established limits when facing the threat of severe punishment – is consistent with Dr. Goldsmith's observation ███████████████████ ███████████████████████████████████████████████ Ex. A at 2, 6. Lucio's cognitive distortions can be made to bend back to reality through strict threats of punitive action.

V.      **A sentence of time served (4.5 months) plus two years of supervised release will allow Lucio to continue his treatment and achieve the goals of sentencing.**

Under the plea agreement, the government will not oppose a sentence of time served subject to stringent supervision – recognizing that we are all best served by leaving Lucio in treatment and moving back towards the work force.

First, a time served sentence will impose a substantial amount of punishment. Lucio spent 4.5 months in the MDC during the frigid 2019 blackout. The Court is familiar with that episode and it need not be recounted here; the conditions were especially punishing and equivalent to a longer prison term – one in excess of one-half year.

Second, Lucio has been specifically deterred. He has stopped threatening federal officers. He generally abides by strict bail conditions. Notably, in recent months, despite his desire to send numerous angry submissions to the Court, he has not done so. He has provided them to counsel, and counsel will provide them to the Court under seal pursuant to the instructions at the June 24 conference. Lucio is not contacting the courthouse directly despite his anxiety and frustrations. He is suppressing his urges because he does

---

[6]  https://nycrubberroomreporter.blogspot.com/search/label/Lucio%20Celli

not want to go back to jail.

Third, any amount of jail time will serve the purposes of general deterrence. Research consistently establishes that the certainty of being caught and punished deters misconduct, but "increases in severity of punishments do not yield significant (if any) marginal deterrent effects." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime & Just. 1, 28 (2006). DOJ's own National Institute of Justice determined that the certainty of being caught is a "vastly more powerful deterrent than the punishment" and that the severity of the consequences for criminal activity has little impact on general deterrence. Nat'l Institute of Justice, *Five Things About Deterrence* (May 2016). Putting Mr. Celli in jail for four and one-half months sent a message, but extending the length of the sentence will not meaningfully increase that general deterrence.

Fourth, Mr. Celli is not dangerous. The forensic psychiatrists assess him as a low risk for violence. Ex. A at 6; Ex. B at 3. Despite his clear anger and dissatisfaction with how this case has proceeded – including both with his assigned counsel and the Court's considered rulings – he does not physically approach people. When he becomes heated, he stays in a chair and sounds irate but he does not get up – exactly as one sees in the video of his post arrest statement. Mr. Celli does not need to be incarcerated to preserve public safety.

Fifth, and finally, the parties propose that Mr. Celli be subject to stringent supervised release conditions that will further reduce the likelihood of recidivism to criminal conduct; he will set off trip wires enforced by the Probation Office long before he approaches the line of criminality. He will likely face tight limits – subject to the Court's final decision on the supervised release terms – on any contacts to the courthouse and counsel will be asked to review anything before he files it to ensure that it does not contain a threat. These stringent conditions will set the clear boundaries that Dr. Goldsmith believes Lucio needs, and is responsive to.

## VI. The defense's proposal for implementing certain supervised release conditions

We propose strict supervised release conditions, including (1) a 30-day inpatient substance abuse program and (2) the terms outlined in paragraph 3 of the plea agreement, subject to the proposals below.

### A. Inpatient Substance Abuse Treatment

If Lucio remains at liberty following his sentencing, we propose that he be required to enter a 30-day inpatient substance abuse treatment program starting on July 22. Alyssa Pappas at Samaritan Daytop referred Mr. Celli to Geisinger addiction

treatment in Danville, Pennsylvania. She believes that it is an appropriate program and that he will be able to return to her outpatient treatment once he is discharged. Ms. Nephew worked with Lucio to complete intake and worked with the UFT to arrange for payment. Mr. Celli has a bed reserved should he be able to arrive on July 22. Geisinger's 30-day inpatient treatment is described on its website and includes treatment for stimulant addiction, including detoxification; withdrawal management; treatment for underlying mental health conditions; group and individual therapy; and trauma and PTSD support groups.[7]

I have spoken with Pretrial Services Officer Ramel Moore and he agrees that Mr. Celli should enter inpatient drug treatment as a condition of his supervised release. The government takes no position. I believe that inpatient treatment to address Mr. Celli's substance abuse is imperative and the program in which he is provisionally enrolled would allow him to enter his post-sentencing period sober and on the right foot. It will allow him to be supported as he enters his next phase.

### B.    The Supervised Release Terms Proposed in the Plea Agreement

I have conferred with the government about the supervised release terms proposed in paragraphs 3.c through 3.e of the plea agreement. I have proposed the following modification to the terms stated in those paragraphs and procedures for implementing the conditions:

- Mr. Celli shall not telephone any court personnel, nor have any third party (other than his counsel) do so on his behalf.

- Mr. Celli shall not email any court personnel unless expressly permitted, in writing, by his supervising probation officer. He shall not cause any third party (other than his counsel) to email court personnel on his behalf unless expressly permitted, in writing, by his supervising probation officer.

- Mr. Celli shall not call, email, fax, or contact any judge of any court, or any judge's chambers, including, without limitation, by U.S. mail.

- Mr. Celli shall not file a single document unless or until counsel reviews it and certifies to him that it does not contain a threat.

---

[7] https://www.marworth.org/conditions/stimulant-addiction-treatment

- After counsel makes approves a filing, Mr. Celli may file documents in an appropriate way. If submitting the filing to the Pro Se Office by U.S. mail is an available option, then he must avail himself of that option.

- Mr. Celli is obligated to provide all filings to counsel at least 14 days before the date on which he intends to file them.

- Mr. Celli is obligated to provide complaints for any new civil lawsuits to the Probation Office at least 14 days before he intends to file them and/or initiate the litigation.

These terms, if ordered, would differ slightly from those in paragraphs 3.c through 3.e in the plea agreement, but not in material ways. The reason that I propose the tweaks is because I have two concerns about implementing the release conditions. First, I am concerned that either counsel or the Probation Office could be held responsible if Mr. Celli misses a deadline or statute of limitations. That is why I propose that we be informed well in advance of when Mr. Celli intends to file something. Second, I am concerned that if counsel personally files documents, I could be held responsible for their contents even if they are not threatening, *e.g.*, sanctioned for a non-meritorious motion or sued for defamation. I have discussed these proposed revisions with the government. I understand that it will respond in its submission. I also note that many of these terms were proposed by the defense and the parties worked together on the plea agreement, in the weeks leading up to the trial, and I therefore bear responsibility for some of the terms I now propose to tweak.

Finally, the plea agreement proposes that the Probation Office grants its approval before Mr. Celli commence a new civil action. Plea Agreement ¶ 3.c I have conferred with the government and we propose that Probation's role will be (1) to know about any new action and (2) to make sure that counsel has approved the filing, *i.e.*, determined that there are no threats in the filing.

We are available to answer any questions the Court has and to serve whatever role the Court deems appropriate to assist Mr. Celli and the Court in implementing tight boundaries while he is on supervised release.

## VII. Conclusion

Lucio Celli was a liked and respected teacher before his various mental health issues arose. Those issues led to cocaine abuse for which he is committed to treatment. Although Lucio has certainly been at times a nuisance, he has demonstrated that he responds to firm boundaries and is deterred when facing the possibility of returning to jail. In Dr. Goldsmith's words, he is █████████████████████████████████

███████████████████████████ Ex. A at 6. Dr. Goldsmith's approach is working: Lucio is not presently contacting the courthouse despite his clear desire to vent about how frustrated he is with the Court's rulings and the representation he has been provided. He is regularly attending his substance abuse and mental health outpatient treatment. If he remains at liberty after sentencing, he is committed to a 30-day inpatient drug abuse program starting on July 22.

Lucio wrote terrible things and was punished with time in jail. He is now deterred. A sentence of time served with achieve the purposes of sentencing when combined with strict supervised release conditions contemplated by the plea agreement as well as a 30-day inpatient substance abuse program.

Respectfully submitted,

/s/ Benjamin Silverman
Benjamin Silverman
*Attorney for Lucio Celli*

(Enclosures)


cc: Counsel of Record (by ECF)

# Exhibit A



# Exhibit B



# Exhibit C


REDACTED

# Exhibit D

June 25, 2021

Honorable Paul A. Engelmayer

United States District Judge

Southern District of New York

40 Foley Square

New York NY 10004

Re: Lucio Celli

Honorable Judge Englemayer

I, Harriet Ritter-Wiggs, a retired NYC Department of Education teacher, wish to submit this affidavit to the court on behalf of Lucio Celli. I have known Mr. Celli for approximately 15 years. He was a colleague and is a friend. I am a mother of two adult daughters. I currently reside in North Carolina where I relocated after retirement in order to be closer to family. I also worked for the United Federation of Teachers as a Chapter Leader and part time staffer at the Bronx Office of the United Federation of Teachers, positions I held for over 15 years. I have represented and advised teacher on various matters relative to the workplace to help resolve disputes and ensure fairness and contractual legalities were adhered to between management and employees. I have also had many opportunities to work with principals and superintendents directly in many capacities involving teachers, parents and students. I believe I met Mr. Celli in 2005-06 conferring with him on a union related matter. We became fast friends and have maintained a relationship throughout the years.

Lucio has always been respectful and loving to me and my family. He has always shown a great interest in my children and grandchildren when we speak. I do not think we have ever had a conversation when he has not asked about my family. I have to say I was completely surprised when I received news of Lucio's criminal charges. This is completely out of character for him. Lucio has confided in me making me aware that he had been brutally attacked and robbed a few years ago. I did not know deeply the attack affected Lucio. When I did see how he was responding to some individuals he had already convinced himself that he was being attacked by the very people who were trying to help him. Lucio was feeling his needs were not being addressed and his voice was not being heard. He was irrational and depressed. More than anything Lucio has been in emotional pain, the kind of pain that is not easily recognized or treated. It is my hope that this information will be seriously considered and you, the judge, will see the need to order treatment for this young man and not sentence him to jail time.

The Lucio I know organized the senior prom, graduation, and other senior activities for his students for 3 years in a row. The Lucio I know worked diligently with his students helping them prepare for senior exams and pass. The Lucio I know is a kind and gentle man who would never hurt anyone or anything. The Lucio who has been charged with making terroristic threats was in a very dark mental state and needs help dealing with emotional trauma that seems to have affected his judgement and the person he has always been, the person I know who was of sound mind and judgement up until he was physically

attacked a few years ago. I have advised Lucio to seek mental health treatment and I truly hope he has heeded my advice. Locking him up in a prison would be devastating and most certainly destructive. Please give him the opportunity to restore his mental health.

I pray this affidavit serves to inform the court that Lucio Celli is a kind and decent young man whom I pray will be given a chance to seek professional help for the trauma that affected his past judgement. The statements made herein are given freely and honestly.

Respectfully,

*Harriet Ritter-Wiggs*

Harriet Ritter Wiggs

Cc: File

# Exhibit E

Honorable Paul A. Engelmayer                                          6/23/2021
United States District Judge Southern District of New York
40 Foley Square New York, NY 10004
Re: Lucio Celli


Dear Judge Engelmayer:

My name is Fernanda Celli and am Lucio's Mother. I am currently retired from New York City DOE as a head cook. After I left Brazil where I grew up and came to the United States, I was a seamsters for over 35 years. Lucio was never the quite one between my two boys, however was/is the most sensitive and more giving. Lucio was more festive and trusting of people up until ten/twelve years ago. My son was/is the most protected between my boys. The older son was called upon to take care of Lucio at a young age. My older one was called upon to do chores with me and my husband first and more often which left Lucio with less sense of responsibly I regret. Lucio was raised to know right from wrong and to live a good life. There are circumstances beyond his control and some within his control that led him to live a dark life for the last few years unfortune. His level of anger the last two/three years I never saw from him and am understanding where and why it is coming from. Lucio is taken steps to sort these feelings. I believe Lucio knows what he has done is not proper and believe jail may just harded him more for the worst. It has been a couple months now that he does not walk around the house looking mad. Sometimes he would be at the dinner table thinking and thinking and thinking not knowing what is going on around him. That behavior has gotten a lot better lately and is engaging in dinner talk. I know he is still angry and has to sort out some of the bad stuff that has happen in his life. I have made it clear to Lucio to talk about his life openly so that he does not have to sort/fight the issues by himself. Hopefully he will continue to sort out his anger and move on with life in a better way. Finally, your Honor Lucio will not have children of his own but has a niece and nephew he adores and they him as well. He has attended their school/sport actives whenever possible. He allows them to touch/play with all his stuff in his room. Buys all kinds toys/clothes they want (Sometimes against their parents' wishes) which makes him feel good. I see a glimpse of the boy I raised within the last couple months and hope to see him in full soon.

Your Honor, if have any further questions concerning Lucio and/or need clarification of the statements above. Please feel free to contact me at 718-547-9675 or maritzacelli@gmail.com

Respectfully,



Fernanda Celli

# Exhibit F

United States District Judge Southern District of New York
40 Foley Square New York, NY 10004
Re: Lucio Celli


Dear Judge Engelmayer:

My name is Gino Celli and am Lucio's older brother. I am currently employed at the Home Depot of Fishkill as a sales associate. After graduating from college, I had a successful career as a data analyst at Pershing later known as BNY Mellon. After the financial meltdown, I was laid off and went into the restaurant business before going to Home Depot. I have been an active 3rd and 4$^{th\ degree}$ Knight of Columbus for 14 years. Since I am older, I know Lucio all his life. Lucio and I are 5 almost 6 years apart. We grew up in the same house, but never really in the same circle except for a brief time when he was about 22 and me 28 years of age. During that time, I saw Lucio to be easy going in making and keeping friends. It was a period in which we went to the Jersey shore and Europe together. Lucio was always free spirted until his early to mid-30's. He debated everything and anything with friends and family always trying to get the last word. Untimely the debates ended with smiles and laughs. I was not surprised he knew facts about almost anything and everything, after all he read 2 sets of encyclopedias from cover to cover. Lucio, up to this point was happy and fun loving and most importantly was like an open book. You knew who his friends were and where he may be if you needed to contact him.  His mannerism from then to about 3 to 6 months ago was cold, secretive, I do not care attitude. He was living a double life it seems. When he went out, you did not know who he may be with and where. Your Honor, there were times when he was leaving and I wondered, will he be alive tomorrow. Honestly, I do know how bad his addiction was, but it appeared to be less severe than certain neighbors we had and yet that was my feeling from time to time. Confrontations were verbal, it was not a debate it had to be his way right or wrong (he knows right from wrong). His vocabulary went from a person with two masters to a person who had no schooling what so ever. He never had money, was he gambling or taking drugs? One thing never changed tough, he had me at a minimal always in mind when I was having a difficult time finding work. Also, what has never changed is his compassion for people love for my kids and wife. With them he never challenged or was harsh with in any manner. Lucio has endured a lot up until now cancer, rape, discrimination, drug addiction and etc. I feel and think now knowing what I know, that all that negativity was a defense and coping mechanism. I do not like to pry; I would ask Lucio if he wanted to talk and he would say "no I am alright". When he called me once to tell me he was HIV positive, I just listen and asked no questions. He said he was scared, I said I know. He said he was dying, I said we all are which seemed to calm him down. Now your Honor, he asked to borrow some money at the end of that conversation (which he gave back). I wondered for a while, did he call to borrow money or to confide in me. I do not rember when, but there was a time afterwards he called to talk about an incident he had with a friend. That made me feel better and hopeful he would confide in me when he deemed necessary. Lucio has a lengthy road to recover from the trauma he has been subjected to and subjected

himself to in his life and seems to be on his way. He is caring about his appreance a lot more in the last month or so. He is shaving more often, buying new cloths and etc. He still looks angry from time to time, however there are a lot more times a happy glow on his face, which has not been there for some time now. Your Honor, if have any further questions concerning Lucio and/or need clarification of the above statements. Please feel free to contact me at 845-240-8090 or [gmcelli@verizon.net](mailto:gmcelli@verizon.net)

Respectfully,


Gino Celli

# Exhibit G

Honorable Paul A. Engelmayer                                              6/9/2021
United States District Judge Southern District of New York
40 Foley Square New York, NY 10004
Re: Lucio Celli


Dear Judge Engelmayer:

My name is Maritza Celli and am Lucio's sister-in-law. I am currently employed at East Ramapo Elementary school in Monsey NY as a 6th grade Spanish/English teacher. After graduating from university as a teacher and Speech pathologist in Peru I taught all subjects in a public elementary school. I volunteered at a local hospital as a speech pathologist until I started my own tutoring/speech pathologist school part time. I was heading towards becoming a full-time school master of my own school until I met husband and moved to the United States 18 years ago. I know Lucio 18 years since I came to the USA. When I got married, we lived in the Bronx below my in laws and saw Lucio daily and got to know him well. On the weekends, we (Lucio, my husband and I) would visit various cousins and relatives. During these visits I found Lucio to be cheerful, funny, creative and etc. We did have some things in common because we are both educators. Fourteen years ago, my husband I moved to Wappinger Falls and saw Lucio every other week or so. When my father-in-law was able to drive, some of the times Lucio stayed in the Bronx. As time went on, my in laws would only visit if Lucio came with them. The reason(s) for that was that one-time Lucio had some candles which burnt to end and left a mark on the living room wooden floor. The other reason was that Lucio was going out almost every night and a few times came home 10/11 AM. My mother-in Law always called my husband to come to the Bronx and try to find him. Lucio with me never got nasty, however when speaking with my husband Lucio would use F and MF words to make a point. Lucio does not know, but he hurt my Husband's feeling one time. My husband asked Lucio to baptize my son and Lucio shrugged he shoulder and said "whatever if you want me too,". This type of attitude from Lucio was constant until a year ago or so. His level of anger seems to be a lot less from a year ago as well.  Within the last couple of weeks his attitude has improved a lot, maybe because this whole ordeal is finally coming to pass and he can move forward with un frivolous projects. Finally, your Honor I want to tell you that all along Lucio was most patience and loves for my children. It seemed that when that are around nothing else was more important.

Your Honor, if have any further questions concerning Lucio and/or need clarification of the statements above. Please feel free to contact me at 845-632-1429 or maritzacelli@gmail.com

Respectfully,



Maritza Celli

# Exhibit H

June 9, 2021

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY, 10004

Dear Judge Engelmayer:

My name is Rafael Martinez and I am a close friend of Lucio. We have been friends since 2013. I would like to start by introducing myself. I am a teacher of Spanish in Yonkers Public Schools. I am very involved in the school community and I advocate for my students and for those who I care about in my life. I am an advisor for the My Brothers Keeper in my district and have been involved with empowering the young men within the Yonkers Community. I am also a father, a son, spouse, brother and a friend. It is with this mindset, that I write this letter to advocate for Lucio.

I met Lucio in 2013 and immediately he was a mentor for me. I was a new teacher in New York City and Lucio was the first person to help me navigate the building and the profession. Lucio helped me with everything from instructional strategies to setting up my 403B. He would take time out of his day to sit with me and lesson plan and unit plan. The importance of this for a new educator cannot be minimized and dismissed. It is integral that a new educator has a mentor for those formative years of teaching. When I did not have the means for transportation, Lucio drove me home every day until I got a car. Lucio was present and generous with his time and with his knowledge. He also helped another first-year teacher, Prem. As a teacher, Lucio would help students with their academic needs and would also really be there for the students. He built relationships with them and understood and had empathy for their struggles and for their successes. He guided them academically and always led with compassion. Lucio is the true definition of altruism; he gives love freely expecting nothing in return. Most people give love conditionally, his is unconditional to everyone around him.

This unconditional love for people comes from his Parents. I have gotten to know his family as well. His family opened up their home and have been generous and loving to me, my son and my fiancé over the last eight years. Lucio's Mother, Fernanda has been in and out of remission for Cancer. This has caused an immense amount of strain on Lucio and his family. Cancer often victimizes a family and Lucio's family have been continually victimized by his

Mother's cancer. Lucio spends all of his time with his family. He has taken his Mother to medical appointments and made sure that her health needs are taken care of. He is not just a son, he is a caregiver and provider for his Mom and his Dad. His Dad, Gino has also had cardiac medical emergencies in the last few years. Lucio has also taken care of his Dad's health care needs. Lucio did this not just because he is their son, he does this because it is ingrained in his personality to be there for others. He is also a loving Uncle to his niece and his nephew. He doesn't just give material things, he will spend time with his niece and nephew and is present.

Throughout our friendship, I have seen the struggles that Lucio has faced. I know that some of these struggles are self- inflicted. The passion that Lucio has for loving people is also seen in his respect and need to advocate for himself. Sometimes that passion to advocate for himself is unbridled and can get disrespectful to others. However, at the heart of Lucio is a selfless, generous and loving man who would like to be introspective about his mistakes and move forward to rectify those mistakes. I ask that you see Lucio for the man who truly is and see all parts of him and his life. He has given and taken chances on many people, I ask that you take a chance on allowing him to prove himself.

Sincerely,

Rafael Martinez

# Exhibit I

June 15, 2021

Honorable Paul A. Engelmayer
United States District Judge
Southern ~~District of New York~~
40 Foley
New Yor

*Mr. and Mrs.*

Re: Lucio C...

Dear Judge Engelmayer

My name is Frances Garcia, I am a mother to two teenage sons, a wife of twenty-one years and work full time as a Director of Accounting. Over the years I have been a volunteer member of the PTA, Little League and second grade Catechist.

I am Lucio's first cousin. Growing up in a close Italian family we saw each other often growing up. I grew up in Rockland County and Lucio in the Bronx, but we made the trek to visit family weekly. In addition, while I attended Fordham University, I would have dinner with him and his family. During that time, Lucio was going to school and working. He loved working at Armani just for the discounts and listening to everything Madonna. One of Lucio's best qualities is being a good friend and listener. Lucio always takes interest in my kids' school, my job and family life in general and truly cares. Lucio has always been passionate about his interests. While this can be a good quality it can also be his worst.

Lucio comes from a very loving and caring family; My Aunt is such a wonderful woman. I am aware of the serious charges as he comes before a Federal Court and the consequences he faces, but I can attest that I know Lucio would and could NEVER physically hurt anyone. What I have always seen the good person he is and his big heart. I believe Lucio's past health struggles and mugging led to increased time on a computer. Now with social media, email, texts it is very easy to do something you regret. I am not making excuses for him as the charges are serious, but I can see where someone who lacks critical thinking skills would find themselves in such trouble and have regrets. I know Lucio does regret it as I asked him that very question and he told me he did, and I truly believe him. As I stated I have two teenage boys and I preach all the time about their digital footprint but all I can do is pray it does not fall on deaf ears.

Thank you so much for taking the time to read my letter and get to know a little about our family outside of the courtroom. I know what Lucio did was wrong and do not condone that behavior but I do ask for your leniency during sentencing so he can use this as a learning experience and put this in the past. I am sure Lucio will make amends and you will never see him getting into trouble again.

Sincerely,

Fran Garcia

Fran Garcia

# Exhibit J

Honorable Parl A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10004

Re: Lucio Celli

Dear Judge Engelmayer,

My name is Cynthia Welker, I am currently a Special Education teacher for the Arlington School District in Lagrange, NY. I have been teaching for 16 years, 15 of them in the NYC Department of Education.

I have known Lucio for the past 5 years, we got to know each other through the NYC department of Education. At the time I was placed in the Fordham Plaza location where he was located, I was going through a tough time with the position that I held at the current time and felt completely defeated. Lucio brightened my day everyday, and always made me look at the positive side of what I was going through and to keep a positive attitude because this was going to pass. We became best friends, he was and still is a friend that I trust with a lot in my life. When I need to scream, cry or laugh, Lucio is the one that I know that I can count on, he has a heart of gold.

I'll never forget when my ex fiance saw his story pop up in the news, he sent me the link to it, and I was immediately so angry. I became angry at that moment because I thought here is someone who doesn't even know this man judging him for a moment of weakness, yes it was bad what he did, but in my heart of hearts I know that Lucio would've never done anything of this sort to anyone, he is a good person who has been wronged, he has been dealt the wrong hand in life. I was angry, I was so angry at Lucio for being so stupid at that moment, but I get it, I get it because nobody would hear him out, nobody believed him, and justice was not being served as he was still being tortured through life without the ones who hurt him being held accountable, but this is where the lesson in life that sometimes we just have to let God do his part comes in.

Yes he has had his moments, moments that I have told him that he needed to think twice before reacting, but I feel that now more than before he does think before acting. Lucio has a huge heart, he loves his family and friends very much. When you are a friend of his you mean a lot to him. My kids have met Lucio once, I needed a ride from the airport back home, he picked us up and drove us home, refused any money for doing so and we were completely out of the way for him, as a single mom I value this tremendously as I do not have many friends or family that are willing to help me. I truly appreciate and love the fact that Lucio has been brought into my life, on Father's Day I told him to wish his father and brother a Happy Father's Day and I that I wanted to thank him for being such an awesome friend, his reply was thank you for being such an amazing light in my life, on that day I needed that. He didn't know but I was having a rough

week due to being overwhelmed with my youngest son and beginning work on my 2nd masters program. Having a friend that I can count on the way I can with Lucio has truly meant a lot, I understand that what he said was bad, but honestly if you look at him as a whole, you see a loving person, who needed others to hear him out.

Respectfully,

Cynthia Welker

# Exhibit K

June 21, 2021

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10004

RE: Lucio Celli

Dear Judge Engelmayer

My Name is Luisa Isernia I am Lucio's first cousin. I am a mother of three grown children and the grandmother of two. I have been employed by the Central Bucks School District for the past 21 years as a school secretary and most recently for the past 6 years as the facility use coordinator for the district. My husband and I have been upstanding citizens of Doylestown Pennsylvania for the past 25 years and have been very involved in our community. Through the years I have been classroom mom, sports coach, girl scout leader, CCD teacher, Parks and recreation, Food Pantry and Church volunteer.

Being an older cousin, I have known Lucio all his life. Lucio has had many struggles during his life. He fought and beat cancer, was mugged, and was raped. From each of these instances he remained positive and always bounced back. I have never witnessed any evidence of malice or mean spiritedness from Lucio and I must say I have been the recipient of quite the opposite. When I was diagnosed with cancer Lucio reached out to me many times to see how I was doing, I guess he knew what I was going through. Lucio was my cheer leader when I was down or not feeling well from the chemo. He was always positive and encouraging he told me I was strong, and I will get through this. We often swapped chemo stories, and shared what worked and what didn't work for him through treatments. He was especially helpful with what to eat and what to avoid when I was sick with nausea and could not keep any food down. Other than my husband, Lucio was my biggest supporter during my treatments. He often showed me his caring and compassionate nature.

The whole situation has caused so much stress for my aunt and uncle, Lucio's parent's. So much so that their health has suffered greatly during all of this. What Lucio did in threatening you was wrong, but I truly believe he spoke out of frustration rather than malice. Lucio has told me he regrets everything that has happened, and I know that he wants to put this all behind him and live a productive life. I know that he has learned a very valuable lesson to take a pause and think before you speak.

I thank you for your time.

Respectfully,

Luisa Isernia

Luisa Isernia