

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMS:ALK  
F. #2018R02184

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 13, 2021

By E-mail and ECF

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

      Re:    United States v. Lucio Celli
                  Criminal Docket No. 19-127 (PAE)

Dear Judge Engelmayer:

      On May 7, 2021, the defendant Lucio Celli pleaded guilty, pursuant to a plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, to one count of transmitting threats to injure, in violation of Title 18, United States Code, Section 875(c). The defendant is scheduled to be sentenced on July 20, 2021. In a letter dated July 9, 2021, the defendant seeks a sentence of time served (approximately four-and-a-half months' incarceration) and two years of supervised release with various special conditions. See ECF No. 173. For the reasons below, and consistent with the plea agreement, the government does not oppose the defendant's request and respectfully asks that the Court impose a meaningful sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

      I.    Background and Offense Conduct

      The facts underlying the offense conduct in this case are set forth in detail in the Presentence Investigation Report ("PSR") prepared by the United States Probation Department on June 15, 2021, to which the government has no objection. As set forth therein, on November 12, 2018, the defendant threatened to kill the Honorable Margo K. Brodie and the Honorable Brian M. Cogan, United States District Judges for the Eastern District of New York. PSR ¶ 5. The defendant sent these threats in emails addressed to Judge Brodie and Judge Cogan, as well as to the late Honorable Robert A. Katzmann, then Chief United States Circuit Judge for the Second Circuit Court of Appeals, among other individuals. Id.

The defendant sent the first threat at approximately 6:57 p.m. on November 12, 2018. The subject line of the email stated the following:[1] "Brodie and cogan you mother fuckers sent the us marshalls and they threatened my dui case . . . fraud upon the court.. i spent all night reading . . . but i can't file in court like a normal person i have to fuck stab you to get justice." Id. ¶ 6.

At approximately 7:00 p.m., the defendant sent a second threat. Specifically, he sent an email to Judges Brodie, Cogan and Katzmann, as well as other individuals, with the following subject line: "KATZMANN AND STEWDART …EITHER YOU DEAL WITH THE US MARSHALL THREAT FROM BRODIE AND COGAN OR I HUNT THEM DOWN AND KILL THEM BECAUSE THEY WANT TO ACT LIKE THE MAFIA THEY HAVE TO DIE LIKE THE MAFIA." Id. ¶ 7.

At approximately 7:04 p.m. and 7:07 p.m. on the same night, the defendant sent two more threats to the judges and other individuals. The subject line of the 7:04 p.m. email stated, "KATZMANN AND STEWDART ..IF I HURT ANYONE IT IS ON YOU BECAUSE YOU WANT TO COVER UP THEIR CRIMINAL MISCONDUT …I PROMISE THAT I KILL THEM IF YOU DONT ADDRESS THE CRIME AGAINST ME …MOTHER FUCKERS." Id. ¶ 8. The subject line of the 7:07 p.m. email stated: "KATZMANN AND STEWDART …YOU BOTH ARE FUCKING PROVOKING ME BY NOT ANSWERING …THEY SENT AND CARRIED OUT THEIR THREAT AND OW IETHE YOU DEAL M=WITH IT OR I KILL THM E." Id.

As outlined in the PSR, the defendant sent these threats to kill Judge Brodie and Judge Cogan because he disagreed with their unfavorable rulings in two civil lawsuits: Celli v. New York City Department of Education, et al., No. 15 Civ. 3679 (BMC) (E.D.N.Y. June 24, 2015) ("the 2015 lawsuit") and Combier v. Portelos, et al., No. 17 Civ. 2239 (MKB) (E.D.N.Y. Apr. 13, 2017) ("the 2017 lawsuit"). PSR ¶ 9. In particular, in the 2015 lawsuit, Judge Cogan denied the defendant's motion to disqualify the Judge from presiding over the case and dismissed the defendant's third amended complaint with prejudice. Id. The defendant appealed Judge Cogan's denial of the motion to disqualify and dismissal of the third amended complaint, and the Second Circuit affirmed Judge Cogan's decisions. Id. In the 2017 lawsuit, Judge Brodie dismissed the defendant's counterclaims sua sponte as frivolous. Id. ¶ 10. From approximately March 2018 through November 2018, the defendant sent increasingly hostile emails to Judge Brodie, Judge Cogan and Judge Katzmann about these civil cases, which ultimately culminated in the threats to kill described above. Id. ¶¶ 11-12.

On November 14, 2018, the defendant was arrested for transmitting threats to injure, in violation of Title 18, United States Code, Section 875(c). Id. ¶ 13. Following his arrest, the defendant was given Miranda warnings, which he waived, and he chose to speak

---

[1] The defendant's emails are transcribed verbatim.

with two Deputy United States Marshals. Id. During his post-arrest interview, the defendant admitted that he became angry and wrote emails threatening violence to Judge Brodie and Judge Cogan, and that he did so with the intent to threaten them. Id.

After his arrest, the defendant was arraigned on a complaint charging him with transmitting threats to injure, in violation of Title 18, United States Code, Section 875(c). See ECF Nos. 1, 4, 10. The defendant was remanded at that time. See ECF Nos. 5, 10. On March 8, 2019, a grand jury returned an indictment against the defendant, charging him with one count of transmission of one or more threats to injure in violation of Title 18, United States Code, Section 875(c). See ECF No. 20. On March 29, 2019, the defendant was released on a $150,000 bond after spending approximately four and a half months in custody. See ECF Nos. 29, 30.

On May 7, 2021, the defendant pleaded guilty, pursuant to a plea agreement, to the sole count of the indictment. See Minute Entry dated May 7, 2021; ECF No. 165. The plea agreement, entered into pursuant to Rule 11(c)(1)(B), expressly contemplated that the government would not oppose the defendant's request for imposition of a sentence of time served and a two-year term of supervised release with various special conditions enumerated in the agreement. See Plea Agrmt. ¶ 2.

At the plea proceeding, the defendant admitted that he understood his emails to Judge Brodie and Judge Cogan would be perceived as threats and that he intended the communications to frighten and alarm the recipients. See ECF No. 165 at 31-32, 35.

II. The Guidelines Calculation

The Guidelines calculation, as set forth in the PSR, is as follows:

| | |
|---|---|
| Base Offense Level (§ 2A6.1) | 12 |
| Plus: Offense involved more than two threats (§ 2A6.1(b)(2)(A)) | +2 |
| Plus: Offense victims were government officers and the offense was motivated by that status (§ 3A1.2(b)) | +6 |
| Less: Acceptance of responsibility (§ 3E1.1(a), (b)) | -3 |
| Total: | 17 |

PSR ¶¶ 18-27. Based on a total offense level of 17 and a Criminal History Category of I, the applicable Guidelines range for the defendant is 24 to 30 months of imprisonment. Id. ¶ 62. The government respectfully submits that the Guidelines calculation set forth in the PSR is accurate and should be adopted by the Court. However, pursuant to the Rule 11(c)(1)(B) plea agreement entered into by the parties, and for the reasons set forth below, the

3

government does not oppose the defendant's request for a sentence of time served and two years of supervised release with various special conditions of supervision.

   III.   Discussion

      A. Legal Standards

As the Court is aware, a "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007).

Next, a sentencing court must consider the factors enumerated in Title 18, United States Code, Section 3553(a). In considering these factors, a sentencing court "may not presume that the Guidelines range is reasonable," and "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. Section 3553(a) provides that, in imposing sentence, a court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the violation, promote respect for the law, and provide just punishment; the need for the sentence to adequately deter criminal conduct; and the need to protect the public from further crimes of the defendant. See generally 18 U.S.C. § 3553(a).

Section 3553(a) also addresses the need for the sentence imposed to provide the defendant with needed education, vocational training, medical care and/or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). "[I]n determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [a sentencing court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

A sentencing court has "broad discretion both as to the type of information [it] may consider in imposing sentence and the source from which that information derives." United States v. Messina, 806 F.3d 55, 65 (2d Cir. 2015); accord 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

      B. The Appropriate Sentence

The government does not oppose the defendant's requested sentence of time served (four-and-a-half months' incarceration) and two years of supervised release, as a meaningful sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in Section 3553(a) in this case.

The defendant's offense conduct was indisputably serious and thus warrants a meaningful punishment. The defendant threatened to "hunt," "stab," and "kill" two United States District Judges because he disagreed with their rulings in civil cases. Threatening violence against judges to intimidate and instill fear in response to unfavorable rulings cannot be tolerated and should be appropriately punished to provide both specific and general deterrence.

At the same time, as detailed at length in defense counsel's submission, the defendant needs ongoing, consistent psychiatric care, and additional time in prison could interrupt the defendant's treatment rather than further it. While it is crucial to mitigate the risk of the defendant's recidivism and to protect the public from further crimes of the defendant, the special conditions of supervision contemplated in the plea agreement and detailed in defense counsel's submission, including mandatory mental health and substance abuse counseling, will serve those purposes.[2]

IV. Conclusion

Accordingly, in light of the particular circumstances of this case and consistent with the Rule 11(c)(1)(B) plea agreement, the government does not oppose the defendant's request for a sentence of time served and a two-year term of supervised release as one that would sufficiently satisfy the goals of sentencing in this case.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: _____/s/_____
Anna L. Karamigios
Assistant U.S. Attorney
(718) 254-6225

cc: Clerk of the Court (PAE) (by ECF and email)
Benjamin Silverman, Esq. (by ECF and email)
U.S. Probation Officer Jaime Turton (by email)

---

[2] The government has no objection to defense's proposals for implementing certain conditions of supervised release enumerated in the plea agreement or request that the Court require the defendant to enter inpatient substance abuse treatment. See ECF No. 173 at 9-11.

5