# United States v. Lucio Celli

## Special Conditions of Supervised Release

- The defendant shall not telephone any court personnel, nor have any third party (other than his counsel) do so on his behalf.

- The defendant shall not email any court personnel unless expressly permitted, in writing, by his supervising probation officer. He shall not cause any third party (other than his counsel) to email court personnel on his behalf unless expressly permitted, in writing, by his supervising probation officer.

- The defendant shall not call, email, fax, or contact any judge of any court, or any judge's chambers, including, without limitation, by U.S. mail.

- The defendant shall not file any document in any court unless or until counsel reviews it and certifies to him that it does not contain a threat.

- After counsel approves a filing, the defendant may file documents in an appropriate way. If submitting the filing to the Pro Se Office by U.S. mail is an available option, then he must avail himself of that option.

- The defendant is obligated to provide all filings to counsel at least 14 days before the date on which he intends to file them.

- The defendant is obligated to provide complaints for any new civil lawsuits to the Probation Office at least 14 days before he intends to file them and/or initiate the litigation.

- The defendant shall not make any phone calls or send any written correspondence (including e-mail) to any prosecutor or government personnel, and shall not have any third party do so on his behalf (with the exception of counsel).

- The defendant shall confer with counsel regarding any pending or future complaints of alleged misconduct by any judge or prosecutor filed by the defendant to determine whether those complaints conform with applicable legal standards and rules of conduct. If, after conferring with counsel, it is determined that any such pending complaint does not conform with applicable legal standards or rules of conduct, the defendant shall either amend or withdraw the complaint through counsel. The defendant shall not submit any such future complaints except through counsel.

- The defendant shall participate in an outpatient mental health treatment program as approved by the Probation Department, and engage in any other counseling treatment requested by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party

- payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

- The defendant shall enter a 30-day inpatient substance abuse treatment program starting on July 23, 2021 or as soon thereafter as the Probation Department arranges. The Court understands that the defendant's therapist, Alyssa Pappas at Samaritan Daytop, has referred the defendant to Geisinger addiction treatment in Danville, Pennsylvania. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

- The defendant's ability to access the internet, or have third parties access the internet on his behalf, shall be restricted as required by the Probation Department.

- The defendant shall participate in and cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the Probation Department's ability to effectively monitor his Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CDs, under his control.

- Upon request, the defendant shall provide the Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records.

- The defendant shall report to the Probation Office any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user

communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. The defendant shall permit the Probation Office to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

- The defendant shall notify the New York City Department of Education and the New York State Education Department of his conviction. He must comply with their directives regarding employment, and licensing and allow the Probation Department to verify the same.

- The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.