AO 245B (Rev. 09/19)   Judgment in a Criminal Case   (form modified within District on Sept. 30, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| LUCIO CELLI | ) | Case Number: 19-CR-127 (PAE - VJ) |
| | ) | USM Number: 91241-053 |
| | ) | Benjamin Silverman |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One (1)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 875(c) | Transmission of Threats to Injure | 11/14/2018 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/20/2021
Date of Imposition of Judgment

*Paul A. Engelmayer* (signature)
Signature of Judge

Paul A. Engelmayer, United States District Judge
Name and Title of Judge

7/20/2021
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
    Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Two (2) years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____　　　　　Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3B — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not telephone any court personnel, nor have any third party (other than his counsel) do so on his behalf.

2. The defendant shall not email any court personnel unless expressly permitted, in writing, by his supervising probation officer. He shall not cause any third party (other than his counsel) to email court personnel on his behalf unless expressly permitted, in writing, by his supervising probation officer.

3. The defendant shall not call, email, fax, or contact any judge of any court, or any judge's chambers, including, without limitation, by U.S. mail.

4. The defendant shall not file any document in any court unless or until counsel reviews it and certifies to him that it does not contain a threat.

5. After counsel approves a filing, the defendant may file documents in an appropriate way. If submitting the filing to the Pro Se Office by U.S. mail is an available option, then he must avail himself of that option.

6. The defendant is obligated to provide all filings to counsel at least 14 days before the date on which he intends to file them.

7. The defendant is obligated to provide complaints for any new civil lawsuits to the Probation Office at least 14 days before he intends to file them and/or initiate the litigation.

8. The defendant shall not make any phone calls or send any written correspondence (including by e-mail) to any prosecutor or government personnel, and shall not have any third party do so on his behalf (with the exception of counsel).

9. The defendant shall confer with counsel regarding any pending or future complaints of alleged misconduct by any judge or prosecutor filed by the defendant to determine whether those complaints conform with applicable legal standards and rules of conduct.  If, after conferring with counsel, it is determined that any such pending complaint does not conform with applicable legal standards or rules of conduct, the defendant shall either amend or withdraw the complaint through counsel.  The defendant shall not submit any such future complaints except through counsel.

10. The defendant shall participate in an outpatient mental health treatment program as approved by the Probation Department, and engage in any other counseling treatment requested by the Probation Department.  The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

11. The defendant shall enter a 30-day inpatient substance abuse treatment program starting on July 23, 2021 or as soon thereafter as the Probation Department arranges.  The Court understands that the defendant's therapist, Alyssa Pappas at Samaritan Daytop, has referred the defendant to Geisinger addiction treatment in Danville, Pennsylvania.  The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid.  The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department.  The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

12. The defendant's ability to access the internet, or have third parties access the internet on his behalf, shall be restricted as required by the Probation Department.

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

13. The defendant shall participate in and cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the Probation Department's ability to effectively monitor his Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet capable devices, similar electronic devices, and related computer media, such as CDs, under his control.

14. Upon request, the defendant shall provide the Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records.

15. The defendant shall report to the Probation Office any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. The defendant shall permit the Probation Office to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.
156. The defendant shall notify the New York City Department of Education and the New York State Education Department of his conviction. He must comply with their directives regarding employment, and licensing and allow the Probation Department to verify the same.

17. The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 1,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*****  | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LUCIO CELLI
CASE NUMBER: 19-CR-127 (PAE - VJ)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
A fine of $1,000 shall be due within two weeks of the date of imposition of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate
*(including defendant number)*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.