Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
718-547-9675

*EDNY*

UNITED STATES COURT OF APPEALS

SECOND CIRCUIT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI, | Case No.: 21-1760 and 19-cr-00127 |
| Appellant/Petitioner/Defendant, | MOTION FOR FRUAD UPON THE COURT BY MR. |
| vs. | SILVERMAN AND OTHER LAWYERS |
| United States of America, | |
| Appellee/Respondent/Plaintiff | |

    I was prevented from AUSA Karamigious, Judge Engelmayer and my own lawyers from presenting my case fully with facts that rose out of the original action. In Us v. Throkmorton, 98 US 61 (1878), the Court explained what constitutes "extrinsic fraud upon the court." The Court recognized that relief could be granted for "fraud, extrinsic or collateral, to the matter tried by the first court, Id." Such as 'where the defendant never had knowledge of the suit, being kept in ignorance by the plaintiff; or **where an attorney fraudulently or without authority assumes to represent a party and convinces at his defeat.** Id. The Court went on to say:

> [i]n all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

**Please Take Notice,** my lawyers, especially Mr. Silverman, prevented from presenting my case fully

**Please Take Further Notice,** by not redoing the bail hearing with facts not present prior, Mr. Silverman robbed me of over $30,000 with the help of AUSA Karamigious (withholding evidence, which there is a request via email) and Judge Engelmayer saying, "you will not get justice here" because Randi Weingarten bribed him, like Judge Marrero (who were both

MOTION FOR FRUAD UPON THE COURT BY MR. SILVERMAN AND OTHER LAWYERS - 1

Under Throckmorton and its progeny, extrinsic fraud is typically defined as a party's inability to present his case due to deception or trick and will serve as a basis for obtaining relief from judgment. See Town of Boynton v. White Const. Co., 64 F,2d 190 (5th Cir. 1933); Chicago, R.I. & P. Ry. Co. v. Callicotte, 267 F. 799 (8th Cir. 1920), cert, denied, 255 U.S. 570 (1921). Intrinsic fraud is generally defined as matters presented in reaching the judgment itself, including but not limited to, perjury and false instruments, and will not serve as a basis for obtaining relief from judgment. Wood v. McEwen, 644 F.2d 797 (9th Cir. 1981), cert, denied, 455 U.S. 942 (1982); Serzysko v. Chase Manhattan Bank, 461 F.2d 699 (2d Cir.), cert, denied 409 U.S. 883 (1972).

"Fraud upon the court" should, we [the Court] believe, embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication . . 7 J. Moore & J. Lucas, supra note 4, f 60.33 at 60-360 (emphasis added)).

"[Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, but was prevented by fraud or accident, unmixed with any fault or negligence in him-

MOTION FOR FRUAD UPON THE COURT BY MR. SILVERMAN AND OTHER LAWYERS - 3

against conscience to execute a judgment, . . . will justify an application to a court of chancery."

Fraud on the court is generally limited to instances where "the integrity of the judicial process ha[s] been fraudulently subverted" and does not include fraudulent conduct that only affects a party to the action. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-246 (1944) (creating the standard for fraud on the court).

Rule 60(d)(3) is the codification of a court's inherent power to investigate whether a judgment was obtained by fraudulent conduct Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946).

Fraud on the court will, most often, be found where the fraudulent scheme defrauds the "judicial machinery" or **is perpetrated by an officer of the court such that the court** cannot perform its function as a neutral arbiter of justice. Martina Theatre Corp. v. Schine Chain Theatres, Inc., 278 F.2d 798, 801 (2d Cir. 1960). Please Take Notice, This would be Mr. Silverman because he told me my intent and told me that no one else thought Judge Cogan committed a crime, and this is the reason

An attorney, as an officer of the court, has a duty of honesty towards the court. n re Tri-Cran, Inc., 98 B.R. 609, 616 (Bankr. D. Mass. 1989).

Fraud directed at the "judicial machinery" can mean conduct that fraudulently coerces or influences the court itself or a member of the court, such that the impartial nature of the court has been compromised. Bulloch v. United States, 721 F.2d 713, 718 (10th Cir.1983).

MOTION FOR FRUAD UPON THE COURT BY MR. SILVERMAN AND OTHER LAWYERS - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

four-prong analysis previously set forth by the Second Circuit Court of Appeals was instructive and the facts at hand satisfied such requirements, including that the claim was based on "(1) the defendant's misrepresentation to the court; (2) the denial or grant of the motion based on the misrepresentation; (3) the lack of an opportunity to discover the misrepresentation and either bring it to the court's attention or bring a timely turnover proceeding; and (4) the benefit the defendant derived by inducing the erroneous decision." *In re* Clinton Street Foods Corp., 254 B.R. at 533 (citing Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895, 899-900 (2nd Cir. 1985).

However, where a litigant can prove that an officer of the court fraudulently coerced or improperly influenced the impartial nature of the court, fraud on the court can be established *Bulloch*, 721 F.2d at 718.

Dated this 11th of October, 2021.

_____

Lucio Celli, Defendant

MOTION FOR FRUAD UPON THE COURT BY MR. SILVERMAN AND OTHER LAWYERS - 7