Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
718-547-9675

UNITED STATES COURT FOR THE

EASTERN DISTRICT OF NEW YORK

LUCIO CELLI,

Appellant/Petitioner/Defendant.

vs.

United States of America,

Appellee/Respondent/Plaintiff

Case No.: 19-cr-00127
ECF SERVICE OF "MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS" UPON JUDGE ENGELMAYER VIA ECF, AS EXPLAINED BY MR. SILVERMAN AND AS REQUIRED BY THE 2D. CIR.

Dear Judge Engelmayer,

I seek a mandamus for Judge Engelmayer inaction and his denial of my right to the court.

I need to sue judges and prosecutors, for no money, for them to provide me with a fair trial

I am requesting to have my First Amendment right of "access to the court" fully restored. The right to petition the government is a constitutional right under the First Amendment. *See* McDonald v. Smith, 472 US 479.

Mr. Silverman lied to Judge Engelmayer about sending paper to the AUSA and I have him audio recorded telling first, I have to them because that is what I agreed to with AUSA Ms. Karamigous and second, he told Judge Engelmayer that he does not have to send it

Either way, I must sue Mr. Silverman and Judge Engelmayer has known this since April 6, 2021

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 1

DISCUSSION

We "may issue all writs necessary or appropriate in aid of [our] jurisdiction[] and agreeable to the usages and principles of law" under the All Writs Act. 28 U.S.C. § 1651(a). Three conditions must be met before a writ may issue: (1) the petitioner "[must] have no other adequate means to attain . . . relief," (2) the petitioner must show that the right to mandamus is "clear and indisputable," and (3) the court "must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (first alteration in original) (internal quotation marks and citations omitted).

A. Mandamus standard

Under the All Writs Act, 28 U.S.C. § 1651(a), the Circuit court may issue a writ of mandamus in "exceptional circumstances" to correct a "judicial 'usurpation of power.'" *Will v. United States*, 389 U.S. 90, 95 (1967) (quoting *DeBeers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217 (1945)). The remedy "is a drastic one," *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976), employed only where a party has a "**clear and indisputable**" right to relief, that party has "**no other adequate means to attain**" that relief, and **issuance of the writ is appropriate under the circumstances**, *id.* at 403 (citation omitted); *see also In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (per curiam) (same).

  *1. Mandamus for denial of motion to transfer venue and denial of motion for recusal*

Both transfer of venue under Rule 21(a) of the Federal Rules of Criminal Procedure and judicial recusal under 28 U.S.C. 455(a) may be proper bases for mandamus review. *See e.g., United States v. Garber*, 413 F.2d 284, 285 (2d Cir 1069) (denial of transfer of venue "may be reviewable by way of writ of mandamus" upon "a strong showing of prejudice", *id.* (citing *Application of Gottesman*, 332 F.2d 975, 976 (2d Cir. 1964)), and a "clear abuse" of discretion which would warrant interference with the trial judge's determination", *id.* (citing *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953)); *In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (citation omitted) (A party is entitled to a writ of mandamus if he is able to show a "clear and indisputable" right to recusal of the assigned district judge under 28 U.S.C. § 455(a)).

B. Procedural history

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 2

On November 23, 2020, Mr. Celli, through counsel, submitted a pretrial motions arguing, under Fed. R.Crim. P. 21 and 28 U.S.C. § 455(a), for transfer of the case to a court outside the Second Circuit. Dkt. 101. The government responded December 7, 2020. Dkt. 106. Oral argument was held December 15, 2020 before the Honorable Paul A. Engelmayer. [Exhibit – transcript] Judge Engelmayer denied the motion for transfer in a bench opinion.

### C. Facts presented to district court

> I was deprived of a fair trial and Judge Engelamyer went out of his way to intimidated me for Randi Weingarten and deprived me of own intent, which was, in part, Randi Weingarten and the UFT wanted to expose my rape and Judge Cogan committed a crime for the UFT:[1]

**Please Take Notice**, there are other documents under seal for more information

Judge Engelmayer took a bride from Randi Weingarten to kept out the fact that she placed my HIV on Betsy Combier's website

Judge Engelmayer knew of my intent was, in part, Randi Weingarten and the UFT wanted to expose my rape and Judge Cogan committed a crime for the UFT—please see the underseal for the others

**Please Take FURTHER Notice**, Judge Engelmayer used the information from emails sent to him and the coaching from Randi Weingarten to intimate me and deprive me of free will

Moreover, similar conduct occurred with Judge Donnelly, but not on the scale of Judge Engelmayer, and I have AUSAs telling me that she (the judge) with the AUSA and my lawyer were committing a crime against me.

**Please Take EVEN further Notice**, I sent an audio recording, out of many, of Judge Engelmayer bullying me for Randi Weingarten and Sen. Schumer.

### D. Legal standard presented to district court

1. The pretrial motion was premised 28 U.S.C. Section 455(a) requires recusal when impartiality might reasonably be questioned: "Any justice, judge, or magistrate judge

---

[1] See attachment of Judge Cogan's misconduct and I have AUSA, outside of the 2d. Cir., who said that Judge Cogan committed a crime for the UFT

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 3

of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Second Circuit analyzes § 455 by asking:

> Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?

*United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). The standard is "designed to promote public confidence in the impartiality of the judicial process." *Id.* The Eastern District has long recognized that recusal is appropriate if "the indictment...alleges that the victims of the alleged crime are a judge of this Court[.]" Administrative Order 2012-11, docketed by then-Chief Judge Amon in *United States v. Romano*, No. 12 Cir. 691 (JFK) (E.D.N.Y. Nov. 8, 2012), Dkt. 12 (transferring case under Rule 21 to a judge outside of the Eastern District where the Indictment alleged a plot to kill a judge and Assistant United States Attorney in the Eastern District of New York); *cf. United States v. Wright*, 603 F. Supp.2d 506, 509 (2009) (transferring prosecution under Rule 21 to Southern District of New York without government objection where defendant was charged with assaulting an Assistant United States Attorney in an Eastern District of New York courtroom) (citing New York County Civil Court procedure "mandat[ing] that any case involving one of its employees as a party must be automatically transferred to a county other than the one in which the employee works or resides.").

## 2. 28 U.S.C. § 2106

If the court cannot force Judge Engelmayer to issue an order under a writ, I know that the Court of Appeals can force Judge Engelmayer to write one under 28 USC §2106

I may write to the court of appeals, or the Judicial Conference or the Supreme Court to get a difference assigned judge under 28 USC § 2106 due to the impartiality Judge Engelmayer. Both said judges forgot, intentionally, to explain their connections to Randi Weingarten, Sen. Schumer, and the UFT.

**Please Take Notice, Federal appellate courts' ability to assign a case to a different judge and it rests not on the recusal statutes alone, but on the appellate courts' statutory power to `require such further proceedings to be had as may be just under the circumstances,' 28 U.S.C. § 2106." Liteky v. United States, ___ U.S. ___, ___, 114 S. Ct. 1147, 1156-57 (1994). Thus we are empowered to "direct the entry of such appropriate . . . order. . . as may be just under the circumstances," 28 U.S.C. § 2106 (1994), including** reassignment of the case where, in the

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 4

language of 28 U.S.C. § 455(a) (1994), the district judge's "impartiality might reasonably be questioned." See Dyas v. Lockhart, 705 F.2d 993, 997-98 (8th Cir.) (remanding to another district judge to assure the appearance of impartiality, notwithstanding that appeal was from court's failure to recuse sua sponte and the issue was never raised in the district court), cert. denied, 464 U.S. 982 (1983). See also Ligon v. City of New York, 736 F.3d 118 (2d Cir. 2013)

In the original litigation, I did not argue "Full Faith and Credit Clause" and now I get too with the argument under Lijeberg v. Health Svcs. Acq. Corp, 486 US 847 (1988) because of the impartially I experienced at the hands of Judge Engelmayer intimidating me for Randi Weingarten and lied about his association with Sen. Schumer.

A. Federal appellate courts have the authority to reassign cases to different district judges as part of their general supervisory powers. Cobell v. Kempthorne, 455 F.3d 317, 331 (D.C. Cir. 2006) (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995)). Statutory authority for reassignment rests in 28 U.S.C. § 2106 (2005), which states: **"The Supreme Court or any other court of appellate jurisdiction may . . . remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."** See Arthur D. Hellman, *The Regulation of Judicial Ethics In the Federal System: A Peek Behind Closed Doors*, 69 U. PITT. L. REV. 189, 204 (2007) (stating that section 2106 provides statutory authority for appellate courts' reassignment of cases to different district judges upon remand).

Judge Engelmayer's decisions were not just because the judge, as one example, allowed Mr. Silverman to lie about my intent, which Judge Engelmayer knew was a lie because he received my emails.

B. **Judicial reassignment may be appropriate where personal bias or unusual circumstances are established.** TriMed, Inc. v. Stryker Corp., 608 F.3d 1333, 1344 (9th Cir. 2010) (citing Smith v. Mulvaney, 827 F.2d 558, 562 (9th Cir. 1987). In determining whether unusual circumstances exist, a court considers (1) "whether the original judge would reasonably be expected upon remand to have substantial difficulty" disregarding previously-expressed findings or views

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 5

"determined to be erroneous or based on evidence that must be rejected"; (2) **"whether reassignment is advisable to preserve the appearance of justice"**; and (3) whether any duplication or waste attributable to reassignment would outweigh **"any gain in preserving the appearance of fairness."** *Id.* (quoting Smith v. Mulvaney, 827 F.2d 558, 563 (9th Cir. 1987)).

C. Reassignment may further be required if **"reasonable observers could believe that a judicial decision flowed from the judge's animus toward a party rather than from the judge's application of law to fact."** *Cobell*, 455 F.3d at 332. Appellate courts tend to exercise their reassignment authority sparingly. *Id.* (reserving such authority for "extraordinary cases").

It is obvious to AUSA Gold, AUSA Shaw, and 80 other DOJ personnel that Judge Cogan used his position for the UFT, and he knew and understand the UFT contract, which is the reason I am claiming Full Faith

In addition, borderline IQ kids knew and understood and same the same reasoning as Justice Roberts

D. Revised section will also permit a remand by the Supreme Court to a court of appeals inasmuch as such latter court then would be a lower court. **The revised section is in conformity with numerous holdings of the Supreme Court to the effect that such a remand may be made.** See especially, Maryland Casualty Co. v. United States, 1929, 49 S. Ct. 484, 279 U.S. 792, 73 L. Ed. 960; Krauss Bros. Co. v. Mellon, 1928, 48 S. Ct. 358, 276 U.S. 386, 72 L.Ed. 620 and Buzyuski v. Luckenbach S. S. Co., 1928, 48 S. Ct. 440, 277 U.S. 226, 72 L.Ed. 860..

Because Judge Engelmayer did not conform to Supreme Court decisions the first time around, there is now an expectation that they will continue to ignore their obligation under the Full Faith.

I present to Your Honor a motion to modify the terms and conditions, as I need to have paper/motions/briefs served upon judges because I am suing judges and prosecutors WHERE I do not seek money but for them to do an act.

I have discussed the issue with Mr. Silverman and Mr. Greene. I even told Mr. Silverman to bring it up on Dec. 1st., where he did not.

I am being blocked to gain remedies that Your Honor with Mr. Silverman's help and the AUSA's help, too

The topic is I did not receive a fair trial and I want one and to show the world how Your Honor with other deprived me of one

.

I make this application pursuant to Rule 32.1 Revoking or Modifying Probation or Supervised Release

1. I suggested that the US Marshalls service the judges
2. Under the terms of the probation: The defendant shall not make any phone calls or send any written correspondence (including e-mail) to any prosecutor or government personnel and shall not have any third party do so on his behalf (with the exception of counsel).
    a. Mr. Silverman lied to Your Honor
    b. This issue deals with my job
    c. I have Mr. Silverman audio recorded saying that he and AUSA Karamigous agreed to him sending papers to the prosecutors
    d. I need to sue him because he is depriving me access to the court
    e. The clause states: "with the exception of counsel"
    f. I request to play the audio recording to establish the criminal conduct

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 7

3. Therefore, I need the US Marshalls to service my lawsuit upon the DOJ, like AUSA Karamigous lied to Your Honor and does not want to answer whether she has a wavier or not

4. According to Mr. Silverman, the AUSA will gain knowledge via pacer and there is no need to service the DOJ

_____
Lucio Celli
~~September~~ Jan 22, ~~2021~~

Dated this ~~11th~~ 22nd of ~~October~~ Jan, 2021.

_____
Lucio Celli, Defendant

MOTION FOR TO MODIFY PROBATION TERMS FOR PROCESS SERVICE OF JUDGES AND PROSECURTORS - 8