Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
718-547-9675

UNITED STATES COURT FOR THE
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 27 2022 ★
BROOKLYN OFFICE



USA

Plaintiff,

vs.

LUCIO CELLI

Defendant

Case No.: 19-cr-00127
MOTION FOR RECONSIDERATION UNDER RULE ~~59~~ 60 AS YOUR HONOR MADE A CLEAR ERROR OF LAW AND FACT: JUDGE ENGELMAYER KNEW AND UNDERSTOOD MR. SILVERMAN LIED ABOUT THIRD-PARTY WITNESSES AND I ASK FOR SANCTIONS AGAINST MR. SILVERMAN

RECEIVED
JAN 27 2022
PRO SE OFFICE

Dear Chief Judge Swain and Judge Engelmayer,

*This is a rule 60 motion*

Mr. Silverman lied to Judge Engelmayer about the fact that I wanted to call over 100 third-party witnesses. The only third-party witness was Mr. Geyh. Mr. Silverman was deliberately talking about primary witness, which AUSAs said is a crime.

This was done so that all judges did not have to testify and help Judge Cogan get way with a crime

**Please Take Notice,** Your Honor knows that Mr. Silverman lied because you received my emails like Sen. Schumer

**Standard for Relief Under Rule 59(e)** *not for Judge Engelmayer*

~~A motion to reconsider under rule 59(e) should be granted to correct a clear error, whether of law or of fact, and to prevent a manifest injustice. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (the four grounds for reconsideration are: to prevent manifest injustice, to accommodate for an intervening change in controlling law, to account for newly discovered evidence, or to correct clear error of fact or law); EEOC v. Lockheed Martin Corp., 116 F3d 110, 112 (4th Cir. 1997). So long as the Rule 59(e) motion is timely filed, the courts have considerable discretion. Lockheed Martin Corp., 116 F3d at 112. Although the courts are not required to~~

*I forgot to delete this paragraph*

MOTION FOR RECONSIDERATION UNDER RULE 59 AS YOUR HONOR MADE A CLEAR ERROR OF LAW AND FACT: JUDGE ENGELMAYER KNEW AND UNDERSTOOD MR. SILVERMAN LIED ABOUT THIRD-PARTY WITNESSES AND I ASK FOR SANCTIONS AGAINST MR. SILVERMAN - 1

consider new legal arguments,[1] or mere "preserve the integrity of the final judgement." Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 50 (D.D.C 2002)

## Part 1: DOJ

The DOJ said that what Mr. Silverman and Mr. Taylor were doing to me was a crime and they gave me a Supreme Court case that explained the difference between primary and third-party witnesses, but I cannot find it and it may be on my computer.

## Part 2: These are cases that I had printed out

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

The threshold for admissibility is low. "A judge should admit witness testimony "if the jury could reasonably find that the witness perceived the event." United States v. Finley, 2014 U.S. Dist. LEXIS 123808, *5 (W.D. Pa. Sept. 5, 2014). As another court explained, "[t]estimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." United States v. Hickey, 917 F.2d 901, 904(6th Cir. 1990).

The Rule has also been applied to scrutinize civil pleadings. Where a plaintiff averred that no one reviewed a document, but his assertion did not "indicate that he would have had the opportunity to observe any type of review of the form…" the Court concluded that "therefore the statement is not within his personal knowledge." Ripple v. Marble Falls Indep. Sch. Dist., 2015 U.S. Dist. LEXIS 39078, *21 (W.D. Tex. Mar. 27, 2015). See also, Adams v. CDM Media, USA, Inc., 346 P.3d 70, 97 (Haw. 2015)(" Affidavits in support of a summary judgment motion are scrutinized to determine whether…[they] are made on the personal knowledge of the affiant…").

The same is true with other categories of opinion testimony. A Texas appellate court applied the personal knowledge test to preclude testimony as to whether an individual

---

[1] Dist. Of Columbia v. Doe, 611 F3d 888 (DC Cir. 2010)

MOTION FOR RECONSIDERATION UNDER RULE 59 AS YOUR HONOR MADE A CLEAR ERROR OF LAW AND FACT: JUDGE ENGELMAYER KNEW AND UNDERSTOOD MR. SILVERMAN LIED ABOUT THIRD-PARTY WITNESSES AND I ASK FOR SANCTIONS AGAINST MR. SILVERMAN - 2

was a good prospect for probation because the opining witness lacked "personal knowledge." Patterson v. State, 2015 Tex. App. LEXIS 4930, *5 (Tex. App. Fort Worth May 14, 2015). See also <u>PAS Communs. Inc. v. Sprint Corp.</u>, 139 F. Supp. 2d 1149, 1182 (D. Kan. 2001)(excluding conclusory opinion testimony based on a lack of personal knowledge).

### Part 3: Fraud Upon the Court

✓ Rule 60 case law

In Us v. Throkmorton, 98 US 61 (1878), the Court explained what constitutes "extrinsic fraud upon the court." The Court recognized that relief could be granted for "fraud, extrinsic or collateral, to the matter tried by the first court, Id." Such as 'where the defendant never had knowledge of the suit, being kept in ignorance by the plaintiff; or **where an attorney fraudulently or without authority assumes to represent a party and convinces at his defeat.**

### Remedy

New trial and Mr. Silverman to explain why he lied to me and Judge Engelmayer, as I have this audio recorded

Lucio Celli
January 24, 2021

MOTION FOR RECONSIDERATION UNDER RULE 59 AS YOUR HONOR MADE A CLEAR ERROR OF LAW AND FACT: JUDGE ENGELMAYER KNEW AND UNDERSTOOD MR. SILVERMAN LIED ABOUT THIRD-PARTY WITNESSES AND I ASK FOR SANCTIONS AGAINST MR. SILVERMAN - 3