
U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KCB/ALK　　　　　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
F. #2018R02184　　　　　　　　　　　　　　　　　　*Brooklyn, New York 11201*

February 14, 2022

<u>By E-mail and ECF</u>

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

　　　　　　　Re:　　United States v. Lucio Celli
　　　　　　　　　　<u>Criminal Docket No. 19-127 (PAE)</u>

Dear Judge Engelmayer:

　　　　　The government respectfully writes, pursuant to the Court's February 2, 2022 Order, <u>see</u> ECF No. 207, to respond to the defendant Lucio Celli's recent filing of a series of pro se submissions.  As detailed below, although the Probation Department is continuing to assess these filings, the government understands that defendant has violated his terms of supervised release by failing to receive counsel's approval for at least some filings and by adding handwritten portions to some filings after receiving counsel's approval.  Additionally, the defendant has submitted recent filings in closed civil lawsuits before the Honorable Brian M. Cogan, one of the victims in this case, and the Honorable Kiyo A. Matsumoto, who is currently assigned to the other civil lawsuit underlying this criminal case.  In light of these apparent violations, the government respectfully requests that the Court warn the defendant that further unapproved filings in this and other cases may result in sanctions, including requiring the defendant to obtain leave of the Court before filing any documents.

　　　　　By way of background, and as the Court is aware, on July 20, 2021, at the sentencing in this case, the Court imposed several special conditions of supervised release, including, but not limited to, the following:  (a) "the defendant shall not call, email, fax, or contact any judge of any court, or any judge's chambers, including, without limitation, by U.S. mail;" and (b) "the defendant shall not file any document in any court unless or until counsel

reviews it and certifies to him that it does not contain a threat." See Judgment at 5, ECF No. 178.

Beginning on January 25, 2022, the defendant filed a series of letters and other submissions in this case. See ECF Nos. 197-206 (the "19-CR-127 Filings"). Additionally, on January 25, 2022, the defendant filed a submission addressed to the Honorable Brian M. Cogan, one of the victims in this case, in a separate, closed civil matter before Judge Cogan. See Celli v. New York City Department of Education, No. 15-CV-3679 (BMC), ECF No. 66 (the "15-CV-3679 Letter"). Finally, on February 3, 2022, the defendant filed a submission addressed to the Honorable Kiyo A. Matsumoto, in a closed civil matter previously assigned to the Honorable Margo K. Brodie, one of the victims in this case. See Combier v. Portelos, No. 17 Civ. 2239 (MKB) (E.D.N.Y.), ECF No. 156 (the "17-CV-2239 Letter").

The government has conferred with counsel for the defendant, who informed the government that he approved most of the filings comprising the 19-CR-127 Filings. The government understands from the Probation Department that the Probation Department is in the process of investigating the circumstances of the 19-CR-127 Filings, but has concluded that the defendant appears to have violated the conditions of his supervised release by adding handwritten paragraphs to certain filings after counsel reviewed those filings.[1]

Moreover, the government respectfully submits that the defendant, in contacting Judge Cogan and Judge Matsumoto via his civil docket filings (in cases that have long been closed), has violated the supervised release condition that the defendant shall not "contact any judge of any court." Of particular concern is the defendant's contacting one of the victims of this criminal case. The Probation Department has informed the government that it is also presently investigating these potential violations of supervised release.

While the Probation Department's review of the supervised release violations is ongoing, the government respectfully requests that the Court warn the defendant that further frivolous, unapproved filings in this and other cases may result in sanctions, including requiring the defendant to obtain leave of the Court before filing documents. This Court has the authority to enjoin the defendant "from further vexatious litigation." Safir v. U.S. Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986). In considering whether to restrict a litigant's access to the courts, courts consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

---

[1] Because the government does not regularly receive the correspondence between the defendant, defense counsel and the Probation Department regarding drafts of the defendant's filings, the government defers to the Probation Department's assessment of the compliance of the defendant's supervised release conditions with respect to the 19-CR-127 Filings.

2

(3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Id. at 24; see also United States v. McLaughlin, 2019 WL 5538112, at * (D. Conn. Oct. 25, 2019) (collecting cases on court's authority to impose a leave-to-file injunction and imposing one in criminal case where defendant was serving supervised release term).

Here, the Court is familiar with the defendant's extensive history of filing vexatious and harassing submissions—even rising to the level of the criminal conduct underlying this case. The defendant continues to do so without approval from counsel, even in cases that have been dismissed. See, e.g., 17-CV-2239 (KAM); 15-CV-3679 (BMC). And the defendant has made clear that he intends to continue to abuse the judicial process and harass other parties. See, e.g., ECF No. 197 at 5 (detailing numerous motions and complaints the defendant intends to file and observing that he "take[s] back [his] waiver" with respect to allowing his attorney to review his pro se filings to confirm they do not contain threats). Accordingly, the government respectfully requests that the Court warn the defendant that further frivolous and unapproved filings may result in sanctions.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____/s/_____
Kayla Bensing
Anna L. Karamigios
Assistant U.S. Attorneys
(718) 254-6279/6225

CC: Benjamin Silverman, Esq. (by E-mail and ECF)
U.S. Probation Officer Joseph Lombardo (by E-mail)