

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NS:KCB/ALK
F. #2018R02184

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 2, 2022

By E-mail and ECF

The Honorable Paul A. Engelmayer
United States District Court
Eastern District of New York
*Sitting by designation*
40 Foley Square
New York, New York 10007

      Re:    United States v. Lucio Celli
                 Criminal Docket No. 19-127 (PAE)

Dear Judge Engelmayer:

      The government respectfully submits this letter, pursuant to the Court's April 20, 2022 Order, see ECF No. 223, to inform the Court of the positions of the government and the Probation Department as to (1) the pending Violation of Supervised Release ("VOSR") charges and (2) the appropriate circumstances of the defendant's supervision in light of his resistance to mental health treatment. The government understands from defense counsel's May 1, 2022 sealed letter that the defendant does not wish to resolve the VOSR charges without a hearing. Accordingly, the government is prepared to proceed to an evidentiary hearing at the May 4, 2022 conference. Should the Court find that the defendant has violated his conditions of supervised release, the government and the Probation Department respectfully submit that the defendant should be sentenced to a custodial sentence within the applicable United States Sentencing Guidelines range and designated to a Bureau of Prisons Federal Medical Center to receive mental health treatment.

      A.    Relevant Background

      As the Court is aware, on July 20, 2021, at the defendant's sentencing in this case, the Court imposed a time-served sentence and several special conditions of supervised release. As particularly relevant here, Special Condition Three states that "the defendant shall

not call, email, fax, or contact any judge of any court, or any judge's chambers, including, without limitation, by U.S. mail." See Judgment at 5, ECF No. 178.

Beginning in January 2022, the defendant filed a number of submissions in this case and other cases.[1] On January 25, 2022, the defendant filed a submission addressed to the Honorable Brian M. Cogan, one of the victims in this case, in a separate, closed civil matter before Judge Cogan. See Celli v. New York City Department of Education, No. 15-CV-3679 (BMC), ECF No. 66 (the "15-CV-3679 Letter"). On February 3, 2022, the defendant filed a submission addressed to the Honorable Kiyo A. Matsumoto, in a closed civil matter previously assigned to the Honorable Margo K. Brodie, another of the victims in this case. See Combier v. Portelos, No. 17 Civ. 2239 (MKB) (E.D.N.Y.), ECF No. 156 (the "17-CV-2239 Letter").

On March 4, 2022, the Probation Department issued a Violation Report charging the defendant with two Grade C Violations for the 15-CV-3679 Letter and the 17-CV-2239 Letter. Specifically, the Violation Report charges that: (1) "On or about January 25, 2022, the supervisee violated a special condition prohibiting him from contacting any judge from any court, in that Lucio Celli filed a document on the docket in the Eastern District of New York, under docket 15 CV 3579 (BMC)," in violation of Special Condition Three, a Grade C Violation; and (2) "[o]n or about February 3, 2022, the supervisee violated a special condition prohibiting him from contacting any judge from any court, in that Lucio Celli filed a document on the docket in the Eastern District of New York, under docket 17 CV 2239 (MKB)," in violation of Special Condition Three, a Grade C violation.

On March 8, 2022, the defendant was arraigned on the VOSR charges and pleaded not guilty. On March 22, 2022, the parties appeared for a status conference. At that status conference, defense counsel reported that the defendant had agreed to enter an in-patient mental health and substance abuse treatment program at Geisinger Marworth Treatment Center ("Marworth"). Defense counsel further reported that they expected the defendant would enter an in-patient mental health program after completion of his treatment at Marworth. The government agreed to delay litigating the VOSR charges while the defendant sought and received mental health treatment.

In the ensuing weeks, defense counsel notified the Court, the government and the Probation Department that the defendant would refuse to enter a mental health treatment facility after he completed his treatment at Marworth. Counsel also informed the Court, the government and the Probation Department that a psychiatric evaluation would be necessary before the defendant could enter a new mental health treatment program, but that the defendant was not willing to complete a psychiatric evaluation.

---

[1] As noted in the government's February 14, 2022 letter, it appears that counsel did not approve all of the defendant's filings in this case. See ECF No. 208. However, the Probation Department has not filed a violation charge on that ground. Instead, the VOSR charges relate solely to the 15-CV-3679 Letter and the 17-CV-2239 Letter.

On April 8, 2022, the Court issued an Order reminding the defendant that his participation in mental health treatment is a condition of his supervised release and directing the defendant to participate in a psychiatric evaluation. See ECF No. 220. On April 14, 2022, counsel for the defendant filed a letter informing the Court that the defendant refused to undergo a psychiatric evaluation. See ECF No. 221.

On April 21, 2022, the Court issued an Order requesting the parties' positions as to the pending violations and the appropriate circumstances of the defendant's supervision in light of his resistance to in-patient mental health treatment.

### B. The Position of the Government and the Probation Department as to the Pending VOSR Charges

The government is prepared to proceed with an evidentiary hearing on May 4, 2022, and intends to call Probation Officer Joseph Lombardo to testify. The government's Exhibit List and Exhibits are enclosed.

### C. The Position of the Government and the Probation Department as to the Appropriate Circumstances of the Defendant's Supervision

Should the Court find that the defendant has violated his conditions of supervised release, the government and the Probation Department respectfully submit that a custodial sentence within the applicable Guidelines range of three to nine months is appropriate. The defendant's violations constitute serious breaches of the Court's trust. Moreover, the defendant has demonstrated that he does not intend to comply with the Court's orders or his conditions of release in the future—including by refusing to undergo a psychiatric evaluation that is necessary to his participation in mental health treatment and his apparent intention to refuse to appear at the May 4, 2022 conference, as set forth in counsel's May 1, 2022 sealed letter. In light of the defendant's violations and his unwillingness to abide by Court orders, the government and the Probation Department respectfully submit that a custodial sentence is necessary here. The government and the Probation Department further submit that, if the Court imposes a custodial sentence, the Court should recommend that the defendant be designated to a Bureau of Prisons Federal Medical Center. It is the government's

understanding that any one of the BOP's Federal Medical Centers will be able to provide the defendant with the psychiatric and mental health treatment that he needs.

Respectfully submitted,

BREON PEACE
United States Attorney

By:           /s/          
Kayla Bensing
Anna L. Karamigios
Assistant U.S. Attorneys
(718) 254-6279/6225

CC: Susan Kellman, Esq. (by E-mail and ECF)
Benjamin Silverman, Esq. (by E-mail and ECF)
U.S. Probation Officer Joseph Lombardo (by E-mail)