Lucio Celli
89 Widmer Road
Wappingers Falls, NY 12590
Lucio.celli.12@gmail.com

FILED
01/30/2025 08:52 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Electronic Portal

January 30, 2025

Hon. Paul Engelmayer
Eastern District of New York
40 Foley Sq
New York, NY 10007
Re: Letter to the Dishonorable Judge Engelmayer

Case Title: US v. Lucio Celli or Lucio Celli v US_
Case No.: 2019-cr-127

**Re:** Letter to request for Appointment of Counsel, unfinished outline Habeas Corpus petition with a reminder of **motions (5 years and counting)** for Recusal Due to Alleged Judicial Misconduct and Evidence Concealment with conspiracy of Weingarten and pure admission of collusion between the Judge Engelmayer and Susan Kellman, esq. by Kellman

*Case Title: US v. Lucio Celli. Or Lucio Cell v. Celli—I am not sure  Case*
*No.: 2019-cr-127*

Dear Honorable Judge Engelmayer,

I am writing to remind the numerous crimes you have committed by concealing the admission by Kellman, conspiracy with Ms. Weingarten and protentional bribery of cash dollars, and denial of HIV medication for payback because Kellman admitted to your retaliatory motives, which were taken in concert with Ms. Weingarten of the AFT and Judge Cogan. These actions indicate a severe infringement upon the right to a fair trial, and it is imperative that these wrongdoings be exposed.

**Please Take Notice,** you know that you have defiled the court and the office you hold, **please** let us not pretend anymore with the reason of your vehement actions to conceal the crime of Ms. Weingarten and your criminal conduct with Kellman.

**Please Take FURTHER Notice**, you are a man of your word because you said that I will not receive justice, you participated in the criminal conspiracy, and defiled your office and the Court

**Please Take EVEN Further Notice**, you did not even provide me with aspects of a Kangaroo Court, but one that appears a pure shit show and resembales the conduct described, in the legislative history, in the Judicial Misconduct and Disability Act of 1980 by Congress

It is no doubt that the concealment is the fact is out of shame and you need to be publicly embarrassed for your conduct and comments to me because you know your behavior is not even up to par with a common crackhead

**Prediction:** I bet you will not answer or answer with a denial, and when I place my petition in, you will outright deny it because you were bribed by Ms. Weingarten. Your dishonorable conduct is pure shameful and the main reason for depriving me of every single right to a fair trial while continuing to engage in obstruction.

Dishonorable Engelmayer, you received the same papers as Judge Wier; however, you continue with "the act" of having shown a "substantial showing." If one were to go back into what is filed before you or Judge Wier, people could read facts cited by me and criminally concealed by you. The fact that you knowingly conspired with Kellman to commit the crime of "taking liberty without due process" is not substantial enough, nor is the fact that you took active steps to conceal your and Kellman's conduct.

**BUT** you do not know, and you have the authority to take any action to protect the integrity of your office and to restore the integrity of the court—never going to happen with you.

1. You knowingly robbed my parents to cover up your criminal conduct and then concealed it.
2. Your Honor requested a substantial basis for habeas corpus exists when a petitioner's detention violates fundamental constitutional rights, statutory provisions, or established legal principles.
3. I found your answer to my first request for a lawyer as being truly a comical request from you,
4. You knowingly conspired with Weingarten and Cogan, because this court is the reason for a denial of a fair trial with your FULL participation in causing or concealing

5. It is clear that I informed Justice Roberts, Judge Wier, and others of how you committed crimes pursuant to 18 USC § 241.
6. Despite this, the actions taken against me and the violations of my rights remain unaddressed. These are admissions of serious misconduct.
7. You need to be ashamed of your actions, which I know you are by your face on March 21, 2022

### I. Facts not placed in II and reason, I stated in the caption that this is an unfinished petition for Habeas Corpus

In this case, the petitioner asserts that their confinement is unlawful due to:

1. Loss of jurisdiction/void of judgment for total denial of due process for a fair trial by the sentencing court.
2. Denial of all aspects of a fair trial with concealment of facts, motions, admitted conspiracies, fabrication of probation and Engelmayer, and evidence by Judge Engelmayer, AUSA Peace, Judge Cogan, Ms. Weingarten, Ms. Kellman, and others.
3. Additionally:
   a) Ineffective assistance of counsel with a known conflict of interest by the sentencing judge.
   b) Structural Errors:
   i. Biased Judge with a serious conflict of interest.
   ii. Appearance of impropriety by the judge.
   iii. Concealment with a lie of how the judge obtained his job.
   iv. Judge insinuated that I was stupid and crazy but had to backtrack when he was told the information of Sen. Schumer is within public domain.
   v. Judge, outright with it being loud and clear, informed me that he would deprive me of justice.
   vi. Interference by judge with Ms. Kellman to conceal evidence, lied, and said if I were to go to Marworth, this would fulfill the fabricated probation.
   vii. Judge fabricated two probation violations, which is a crime under obstruction of justice statute and various others for the criminal denial of constitutional rights (18 USC § 241, 18 USC § 371).
   viii. Judge concealed his scheme with Weingarten and Cogan with Kellman by robbing my parents of $20k.
   ix. Judge took medication when he knowingly concealed his criminal conduct.
   x. Judge engaged in the NYS crime of wage theft for Weingarten (retro, illegal detentions, and illegal termination caused by his order).

xi. Judge obstructed justice with various tactics like being totally nasty by stating, "I don't want to hear from" or blocking me by having probation prevent me from appearing in court.

xii. Judge had probation, with the admission by Officer, commit various constitutional crimes against me.

xiii. Judge conspired to deprive me of HIV meds because he is vindictive and retaliatory, who has no business being on the bench.

xiv. Judge committed over 300 crimes and wants to get away with them because of Weingarten. He needs to be ashamed of himself and is the reason for his obstruction.

xv. Given these substantial legal and factual grounds, the petitioner respectfully requests this Court to grant habeas corpus relief, ensuring that unlawful detention does not persist in violation of constitutional protections.

xvi. Guidance on How to Proceed

xvii. I respectfully request the Court's guidance on scheduling a timeframe for my motions, which will include further claims I would like to add. I look forward to the Court's response and stand ready to submit any additional materials or filings necessary to proceed. Sincerely,

Lucio Celli

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 and the All Writs Act, 28 U.S.C. § 1651

## II. Rough Outline

### INTRODUCTION

Petitioner respectfully submits this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 and the All Writs Act, 28 U.S.C. § 1651 to vacate, set aside, or correct a sentence that is unconstitutional due to the complete deprivation of due process, judicial bias, ineffective assistance of counsel, prosecutorial misconduct, and structural errors that render the judgment void.

The violations in this case are so egregious that they have fundamentally undermined the fairness and integrity of the judicial process, requiring automatic vacatur of all rulings and a new trial before a neutral tribunal. This Court possesses broad authority under the All Writs Act, 28 U.S.C. § 1651(a), to issue extraordinary relief when necessary to prevent the continued miscarriage of justice.

## JURISDICTION AND VENUE

This Court has jurisdiction over this petition under 28 U.S.C. §§ 2241, 2255, and 1651 because Petitioner is in custody pursuant to a sentence that was imposed in violation of the United States Constitution and laws of the United States. Venue is proper in the Second Circuit because the underlying trial, sentencing, and appeal all occurred within this jurisdiction.

## GROUNDS FOR RELIEF

Petitioner's conviction and sentence must be vacated because:

1. The judgment is void due to knowing and intentional deprivation of due process and the right to a fair trial.
2. Judge Paul Engelmayer exhibited actual bias, making fair adjudication impossible, violating the Due Process Clause of the Fifth Amendment.
3. Judge Engelmayer conspired with political actors, including Randi Weingarten, Judge Cogan, and Senator Chuck Schumer, to fix the outcome of the case, rendering all rulings fraudulent and invalid.
4. Petitioner's Sixth Amendment right to conflict-free and effective legal counsel was violated, as Attorney Santana colluded with Judge Engelmayer and the prosecution to suppress evidence of judicial misconduct.
5. The judgment was procured through fraud, bribery, and obstruction of justice, involving Clerk Wolfe, AUSA Karamigios, and other court officers, violating Petitioner's constitutional rights under 18 U.S.C. § 241 (Conspiracy Against Rights).
6. The prosecution engaged in misconduct by concealing exculpatory evidence and using falsified recordings, in violation of Brady v. Maryland, 373 U.S. 83 (1963).
7. Petitioner was denied necessary medical treatment (HIV medication) as retaliation for exposing corruption, violating the Eighth Amendment.
8. This Court has authority under the All Writs Act to vacate the judgment as a necessary remedy to prevent the ongoing abuse of judicial power and the miscarriage of justice.

## FACTUAL BACKGROUND

A. Judge Engelmayer's Bias and Retaliatory Conduct

Judge Engelmayer openly admitted his bias by stating in open court:

"You will not get justice here."

This admission of partiality alone is grounds for vacating all rulings under Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) and In re Murchison, 349 U.S. 133 (1955), both of which hold that even the appearance of bias violates due process.

Additionally, Judge Engelmayer took deliberate actions to retaliate against Petitioner, including:

1.   Denying access to HIV medication as punishment for reporting judicial corruption. See Estelle v. Gamble, 429 U.S. 97 (1976) (deliberate indifference to serious medical needs violates the Eighth Amendment).

2.   Colluding with Attorney Santana to suppress exculpatory evidence and obstruct justice. 3. Engaging in favoritism by issuing rulings that exclusively benefitted political allies of Senator Schumer, including Randi Weingarten and Judge Cogan.

B. Case Fixing, Fraudulent Conduct by Court Officers, and Prosecutorial Misconduct

Petitioner has direct knowledge of a long-standing history of case-fixing within the Second Circuit, orchestrated by Clerk Wolfe and Randi Weingarten. Petitioner personally overheard court personnel discussing:

"Don't worry, it's good money… no one looks back."

-Further, AUSA Karamigios failed to disclose how the Department of Education (DOE) obtained prior knowledge of critical information, raising serious concerns about the intentional suppression of evidence and judicial collusion. This failure is yet another example of how Judge Engelmayer actively assisted Weingarten, Judge Cogan, and himself in covering up their misconduct, evading criminal detection, and obstructing justice. Judge Engelmayer was fully aware of his own criminal conduct in the proceedings before him and yet deliberately manipulated the case to protect his political and judicial allies. This is a direct violation of Petitioner's constitutional rights under 18 U.S.C. § 241 (Conspiracy Against Rights) and 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law).

## LEGAL ARGUMENTS

I.   The Judgment is Void Due to Structural Errors and Judicial Bias

A judgment is void ab initio if it is obtained through a proceeding where the judge was biased, lacked jurisdiction, or engaged in a conspiracy to fix the outcome. See Tumey v. Ohio, 273 U.S. 510 (1927) (a judgment rendered by a biased judge is unconstitutional and void).

These violations constitute structural errors, requiring automatic reversal. See Arizona v. Fulminante, 499 U.S. 279 (1991) (structural errors require reversal without a harmless error analysis).

Choice of lawyer, biased Judge, Interference with legal representation, bribery to conceal Weingarten's and Cogan's criminal conduct for the last time

II.     The All Writs Act Authorizes This Court to Grant Extraordinary Relief

Under 28 U.S.C. § 1651(a), this Court has broad authority to issue all necessary writs "in aid of their respective jurisdictions." The Supreme Court has held that the All Writs Act: - Empowers courts to act when necessary to prevent injustice. See United States v. Morgan, 346 U.S. 502 (1954) (All Writs Act permits courts to vacate unconstitutional convictions). – Allows relief beyond standard habeas petitions when the integrity of the judiciary is at stake. See Harris v. Nelson, 394 U.S. 286 (1969) (All Writs Act extends judicial power to cases of extreme injustice).

III.    Fraud Upon the Fraud

Because Judge Engelmayer's conduct represents a fundamental miscarriage of justice, the All Writs Act permits extraordinary relief to remedy this abuse of power.

1. The Standard of Review

The United States Court of Appeals for the Sixth Circuit has set forth five elements of fraud upon the court which consist of conduct: "1. On the part of an officer of the court;  2. That is directed to the `judicial machinery' itself; 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. That deceives the court."See Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).}

After examining the Klehrs' evidence de novo, the Circuit held that they failed to satisfy the standard. It said they had suffered "one single, continuous injury . . . sometime in the 1970s"; and that they should have discovered "the existence and source of [their] injury," as well as any related "pattern," well before August 1989. 87 F. 3d, at 239. The Circuit refused to find "fraudulent concealment" because, among other things, the Klehrs had not been sufficiently "diligen[t]." Id., at 238, 239, n. 11.

We granted certiorari in this case to consider the Klehrs' claim in light of a split of authority among the Courts of Appeals. Two other Circuits, like the Eighth Circuit here, have applied

forms of an "injury and pattern discovery" civil RICO accrual rule. Bivens Gardens Office Building, Inc. v. Barnett Bank, 906 F. 2d 1546, 1554-1555 (CA11 1990), cert. denied, 500 U. S. 910 (1991); Bath v. Bushkin, Gaims, Gaines & Jonas, 913 F. 2d 817, 820 (CA10 1990). Other Circuits have applied forms of an "injury discovery" rule, i. e., without the "pattern." See Grimmett v. Brown, 75 F. 3d 506, 511 (CA9 1996), cert. dism'd as improvidently granted, 519 U. S. 233 (1997); McCool v. Strata Oil Co., 972 F. 2d 1452, 1464-1465 (CA7 1992); Rodriguez v. Banco Central Corp., 917 *186F. 2d 664, 665-666 (CA1 1990); Bankers Trust Co. v. Rhoades, 859 F. 2d 1096, 1102 (CA2 1988), cert. denied, 490 U. S. 1007 (1989); Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp., 828 F. 2d 211, 220 (CA4 1987); see also Riddell v. Riddell Washington Corp., 866 F. 2d 1480, 1489-1490 (CADC 1989) (assuming, but not deciding, that injury discovery rule applies). One court, the Third Circuit, has applied a "last predicate act" rule, which we shall discuss below. We also agreed to decide the Klehrs' argument that "reasonable diligence" is not a necessary component of the doctrine of "fraudulent concealment."

2. These actions collectively constitute a concerted effort to deprive me of my constitutional rights, including due process, access to justice, and my right to be free from cruel and unusual punishment. The case of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) establishes that fraud upon the court—including intentional misrepresentations, concealment, and actions that undermine the judicial process—justifies setting aside judgments and addressing the misconduct. Similarly, Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575 (1946) reinforces the court's inherent power to protect itself from being a party to fraud
3. Definition of Fraud Upon the Court:

"A scheme to interfere with judicial machinery performing task of impartial adjudication, as by preventing opposing party from fairly presenting his case or defense, finding of fraud on the court is justified only by most egregious misconduct directed to the court itself such as bribery of a judge or jury to fabrication of evidence by counsel and must be supported by clear, unequivocal and convincing evidence. In re coordinated pre-trial proceedings in Antibiotic Antitrust Actions, C.A. Minn, 538 F.2d 180, 195. It consists of conduct so egregious that it undermines the "INTEGRITY" of the judicial process.  Stone v. Stone, Alaska, 647 P.2d 582.  REASON WHY THIS MOTION SHOULD BE GRANTED

Petitioner Atkinson contends that the government agents " PERPETRATED FRAUD UPON THE FEDERAL COURT" creating a " DEFECT" IN THE " INTEGRITY" of his trial proceedings when Officer Hickox deliberately planned and carefully executed a scheme to "omit" from [*5] the search warrant affidavit the fact that Petitioner Atkinson's vehicle  did not contain narcotics, and that the large white object being carried into the

rental vehicle was a kitchen sink. Officer Hickox's affidavit failed to include a truthful statement that a law enforcement consent search of Petitioner Atkinson's residence on 2/20/04 indicated that it did not contain narcotics.

Petitioner Atkinson contends that Officer Hickox's action is " RECKLESS AND DELIBERATE DISREGARD TO THE TRUTH." Petitioner Atkinson contends that had the Government agents been truthful before the Magistrate Judge in the search warrant affidavit, there was no way the Government would have been able to show probable cause and no search warrant would have been issued.

 Petitioner Atkinson will support his "Fraud on the Court" contentions by as.king this Honorable Court to se Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993): "Fraud on the Court" is conduct: 1) on the part of an officer of the court; 2) that is directed to the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty [*6] to disclose; and 5) that deceives the court. In other words, an officer of the court must have intentionally or recklessly failed to disclose information to the court that would have the result of deceiving it." Also see, Workman v. Bell, 227 F.3d 331 (6th Cir. 2000).

 Now, turning back to Petitioner Atkinson's case, Petitioner contends that Officer Hickox's action is directed to the judicial machinery itself, that is a reckless disregard for the truth. Officer Hickox's action is intentionally recklessly failure to disclose information to the court that would have the result of deceiving it.

Finally, Petitioner Atkinson argues before this Honorable Court that tampering with the administration of justice in this manner involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public. See.  Hazel-Atlas Glass Co., 322 U.S. at 246, 64 S.Ct. 997 ("The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud").  Universal Oil Products Co. v. Root Refining Co.. 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)(Bribery of Judge).

 Just as a court may use its inherent power to protect its " INTEGRITY" by vacating a judgment [*7] obtained by FRAUD, it also may amend a judgment for the same purpose. When a court vacates a judgment obtained by fraud, it not only rids itself of the defilement caused by the fraud but also restores balance and fairness between the parties by removing the benefit gained by the party that committed the fraud. Amending a judgment serves these same goals by removing the benefit, for example, the avoidance of a judgment against itself that the party gained by committing "FRAUD ON THE COURT." See, _In Re Levander_. 180 F.3d 114 (9th Cir. 1999); _and Drobny v. C.I.R._, 113 F.3d 670, 677 (7th Cir. 1997)."

**4.  Judge Engelmayer meets the criteria set by the 2d. Cir.**

Lastly, the 2d Cir., held fraud upon the court" is limited to fraud which seriously affects the integrity of the normal process of adjudication. *"See Gleason v. Jndrucko*, 860 F.2d 556, 559 (2d Cir. 1988).

5. **Potential Bribery of Judge or Judge(s) by Ms. Weingarten**—I do not know what to believe

Universal Oil Products Co. v. Root Refining Co.. 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)(Bribery of Judge).

6. Ms. Weingarten, Judge Cogan, AUSA Peace, and Judge Engelmayer with my lawyers meet the following criteria for "concerted effort/collusion
   These actions collectively constitute a concerted effort to deprive me of my constitutional rights, including due process, access to justice, and my right to be free from cruel and unusual punishment. The case of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) establishes that fraud upon the court—including intentional misrepresentations, concealment, and actions that undermine the judicial process—justifies setting aside judgments and addressing the misconduct. Similarly, Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575 (1946) reinforces the court's inherent power to protect itself from being a party to fraud

7. Habeas Corpus, I know that I have to file another suit after Judge Engelmayer ignores, Clerk Wolfe aides in the obstruction, and Ms. Weingarten bribes.

I know I am going to be right:
Rule 60(b) of the Federal Rules of Civil Procedure provides that a party to an action may by motion seek to vacate a judgment on the grounds of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation, or misconduct of an adverse party, within one year of the entry of a final judgment. Fed.R.Civ.P. 60(b).

Relief from a final judgment may also be obtained at any time by way of an independent action to set aside a judgment for "fraud upon the court." Id., and advisory committee note thereto ("under the saving clause, fraud may be urged as a basis for relief by independent action"). Although both clause (3) and the saving provision of Rule 60(b) provide for relief from a judgment on the basis of fraud, the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-46 64 S.Ct. 997, 1000-01, 88 L.Ed. 1250 (1944); Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir.) (per curiam), cert. denied, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed. 2d 139 (1972); Dankese Eng'g, Inc. v. Ionics, Inc., 89 F.R.D. 154, 157-58 (D.Mass. 1981); see generally 7 J. Moore, Federal Practice, ¶ 60.33, at 360-62 (2d ed. 1987). Indeed, "fraud upon

the court" as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. See Kupferman v. Consolidated Research Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972); 7 Moore ¶ 60.33, at 360. 60

8. Denial of Free Will by Judge Engelmayer, Ms. Weingarten, and Judge Cogan

United States v. Twenty MILJAM-350 IED Jammer, 669 F.3d 78 * | 2011 U.S. App. LEXIS 25435 (2d Cir)

9. Discrimination by Judge Engelmayer based LGBTG+, Mental Illness, Planned Harassment, and Contributor in Weingarten's scheme in Hiding from Detention (Cat's Paw Theory)
   Tennessee v. Lane, 541 U.S. 509 (2004): Recognizes the importance of court access for individuals with disabilities.
   - Dean v. University at Buffalo School of Medicine & Biomedical Sciences, 804 F.3d 178 (2015): Failure to provide reasonable accommodation under the ADA can constitute discrimination.
   - I have to find the other cases that relate
10. Voidable Judgement, as Judge Engelmayer had subject matter jurisdiction

Deprived of every single right by Judge Engelmayer, as he was bribed or whatever but for sure he conspired with and viciously retaliated against me

**Place Holder:** Void ab initio orders stand in contrast to voidable orders, which are actions taken by a court in error but within the bounds of its authority. Voidable judgments are more common and usually involve a court's failure to comply with precedent or an applicable statute. Like any ordinary legal error in a proceeding below, objections to voidable errors must be preserved and brought before courts of appeal pursuant to the procedural rules. Hannah v. Commonwealth, 303 Va. 106, 115J

JUDGMENT §110 JUDGMENT §289: Fed. R. Civ. P. 60(b), however, provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Specifically, Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if the judgment is void. *See* United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 260

JUDGMENT §21 JUDGMENT §289 for *Jurisdictional Defect*: A void judgment is a legal nullity. Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Fed. R. Civ. P. 60(b)(4)'s exception to finality would swallow the rule. A violation of due process that deprives a party of notice or the opportunity to be heard, which fits what Judge Engelmayer did to me for the pasted five years to aide Ms. Weingarten evade criminal prosecution. [1] United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 260. A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed. 1933); see also id., at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than [****19] the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270

Evil Trinity did not want the fact that they engaged in wage theft, numerous crimes under 18 USC § 241 because Judge Engelmayer was bribed and hid his criminal conduct with Kellman JUDGMENT §283:  OPPORTUNITY TO LITIGATE[2]

[17]

Fed. R. Civ. P. 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute.

---

[1] A judgment is not void," for example, "simply because it is or may have been erroneous." *Hoult* v. *Hoult*, 57 F.3d 1, 6 (CA1 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60-150 to 60-151 (3d ed. 2007) (hereinafter Moore's). Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Kocher* v. *Dow Chemical Co.*, [*271] 132 F.3d 1225, 1229 (CA8 1997); see Moore's § 60.44[1][a], at 60-150. Instead, [***170] Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. See *United States* v. *Boch Oldsmobile, Inc.,* 909 F.2d 657, 661 (CA1 1990); Moore's § 60.44[1][a]; 11 C. Wright, A. Miller, & M. Kane,  [****20] Federal Practice and Procedure § 2862, p. 331 (2d ed. 1995 and Supp. 2009); cf. *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U.S. 371, 376, 60 S. Ct. 317, 84 L. Ed. 329 (1940); *Stoll* v. *Gottlieb*, 305 U.S. 165, 171-172, 59 S. Ct. 134, 83 L. Ed. 104 (1938). See United Student Aide Funds, v Espinosa, 559, US 260, 270-271

[2] Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief. We thus agree with the Court of Appeals that the Bankruptcy Court's confirmation order is not void. See United Student Aid Funds, v Espinosa, 559, US 260, 270-271

Where a party is notified of a bankruptcy plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief.

United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 260

11.

## RELIEF REQUESTED

For the foregoing reasons, Petitioner respectfully requests that this Court:
1. Declare the judgment void due to structural errors, judicial bias, and fraud.
2. Vacate Petitioner's conviction and sentence.
3. Order a new trial before a neutral judge.
4. Conduct an evidentiary hearing into judicial corruption and case-fixing in the Second Circuit.
5. Invoke the All Writs Act to issue any further necessary relief to prevent the continued miscarriage of justice.

## CONCLUSION

This case presents extraordinary evidence of judicial bias, fraud, and conspiracy, making the judgment void under well-established constitutional and statutory law. The Court must act under 28 U.S.C. § 2255 and the All Writs Act, 28 U.S.C. § 1651, to restore the integrity of the judiciary by vacating the conviction and ensuring fair adjudication.

III.     **Letter Magistrate Judge Lehrburger, the matters are different, but the request is not:**

   I am not writing a specific letter for above-referenced case and I know the answer will be no or it will go unanswered because this has been your pattern. Below is the letter submitted to the magistrate, and I believe, the standard of review for the request of a lawyer is the same. If you deny me, it will be truly on merit and not criminal. Below is the letter:

**Letter:** I am writing to respectfully request the appointment of legal counsel to represent me in the above-referenced case, filed pursuant to Title VII of the Civil Rights Act of 1964. Under 42 U.S.C. § 2000e-5(f)(1), the court has discretion to appoint an attorney for a plaintiff in a Title VII claim, and I believe my circumstances merit such an appointment.

I have made diligent efforts to obtain legal representation on my own but have been unsuccessful. Specifically, I contacted several attorneys but was either turned down or informed that they were unable to take my case. Additionally, I am financially I am able to hire private counsel.

I do not know if my case has merit or not. I believe, however, that an appointment would help us all. Although I believe I am capable of representing myself, the emotional aspect of the legal and procedural complexities of pursuing this matter in federal court make it difficult for me to adequately represent myself. This is all compounded by my distrust of the system, which would include lawyers. Please note—I will pay if a Pro Bono lawyer were willing to take my case, if the lawyer was willing <u>with</u> knowing that I have little trust too. I want people to know certain events, then there is my fear of what has transpired since 2015.

---

### *Standard of Review:*

In determining whether to grant an application for counsel, the Court must consider: "The merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." <u>Cooper v. A. Sargenti Co., Inc.</u>, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for counsel Plaintiff must demonstrate that the claim had "substance" or "some chance of success." See <u>Ferrelli v. River Manor Health Care Center</u>, 323 F.3d 196, 204 (2d Cir. 2003) (quotation marks and citation omitted). In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. Cooper, 877 F.2d at 172. **See** <u>Nieves v. N.Y.C. Dept. of Educ.</u>, 2024 U.S. Dist. LEXIS 233431, *2[1]

**Therefore**, the "*standard of Review*" is my answer, Your Honor does not even need to give any thought towards, if the case has any type of merit or not. I will file this letter as I

---

[1] I obtained this paragraph from Judge Donnelly's decision for "Nieves v. DOE" and LexisNexis is telling me that it is cited wrong—I do not, so I am providing you with: The merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel. **Source Citation**: <u>Cooper v. A. Sargenti Co.,</u> 877 F.2d 170, 172. I obtained Judge Donnelly's decision on LexisNexis, too, but the they did

already said that I was looking for lawyer and I remembered that I saw a statute where the stated the Court could provide a Pro Bono lawyer. It took a while to find it in my disorganized system, but I found it because I thought, for a moment, that I dreamt the fact that the statute has this provision, as I know lawyers, in civil proceedings, it not a thought or right.

_____

    Most of my lawyers have never made any complaint of collusion, even though I thought it. Ms. Weingarten, however, with her zeal of covering up tracks for her belief that she harms me, and I am sadden by the loss of money. If Your Honor had a chance to glance at my rough pleadings, you have read that I emailed Ms. Weingarten and everyone, that I
    took active

    Furthermore, having legal representation would greatly benefit my mental health by alleviating the stress and anxiety that I have in the case with surrounding factors. It would also lessen the burden on those who receive my emails, as the emails are not professionals and provide me with no additional help or advantage. Irrespective of what I believe or feel, the truth is that having an attorney would allow me to pursue this matter with a clear focus and reducing the strain on those who have been emailing—just saying the truth.

    I fully understand if Your Honor cannot appoint an attorney, but I respectfully ask the court to consider my situation and circumstances upon the request of which I made of the Court. My unsuccessful attempts to secure counsel, and the potential benefits this appointment would have on both my mental well-being and my ability to effectively present my case in a meaningful manner—**with** those who received my emails because I little patience for behavior.

    The flipside, even if I were to truly qualify under the standard of review, the issue is: I would not trust any lawyer at this point. Ms. Weingarten, Judge Cogan, and Judge Engelmayer have ensured that I would argue with the lawyer, out of suspicion, towards any answer or tactic he or she would provide me. This is the underlying issue of why I have been turned down by numerous lawyers, as they are always interested.[1] I do not want anyone to take on my case and then encounter my behavior, thanks to the interference by the Trinity of Evil, as this would not be fair to anyone or have the lawyer leave me during litigation, which is not fair to me. I always start with the facts of the basic claims and damages of which I have incurred. When they accept, I then tell them about the admissions by my previous lawyers with the Trinity and who I have emailed in this process— this is where they are no longer interested.

---

[1] This still does not mean, there is merit to the case.

Thank you for your time and consideration of this request. I am willing to provide any additional information the court may require.

Lucio Celli

Case 1:19-cr-00127-PAE-ST    Document 310    Filed 01/30/25    Page 16 of 16 PageID #: 2605