UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*2019-cr-127*

USA,

Plaintiff,

v.

Lucio Celli

Defendants.

**Judicial Misconduct Under the Act of 1980:** Hon. Paul A. Engelmayer, U.S. District Judge, Southern District of New York

---

## COMPLAINT OF JUDICIAL MISCONDUCT

### I. Introduction

Pursuant to 28 U.S.C. § 351, I respectfully submit this complaint of judicial misconduct against Judge Paul A. Engelmayer for conduct that constitutes **willful misconduct, bias, prejudicial treatment, abuse of judicial office, and failure to perform judicial duties impartially**. The allegations described herein are supported by documentary and testimonial evidence and constitute violations of constitutional standards of due process, judicial ethics, and the Judicial Conduct and Disability Act.

---

### II. Summary of Misconduct

Judge Paul A. Engelmayer engaged in the following misconduct:

1. **Knowingly Allowed and Relied on Perjured Testimony** from Probation Officer Joseph Lombardo, who testified falsely about the terms of my probation.
2. **Failed to Intervene or Disclose** material exculpatory facts known personally to him from the July 21, 2021 transcript, which disproved the alleged violation.

3. **Ignored Subornation of Perjury** by Assistant U.S. Attorney Karamigios, who elicited false testimony at the probation violation hearing.
4. **Enabled and Participated in Retaliation** by allowing attorneys assigned to my case to obstruct my defense.
5. **Refused to Recuse** himself despite actual and perceived conflicts of interest involving Randi Weingarten and Senator Charles Schumer.
6. **Failed to Safeguard the Right to Effective Counsel**, despite clear evidence of a conspiracy among counsel to undermine my defense, in violation of the Sixth Amendment.

---

## III. Supporting Facts and Legal Authorities

*A. Use of Perjured Testimony –* Napue v. Illinois*, 360 U.S. 264 (1959)*

At a revocation hearing, Officer Joseph Lombardo falsely testified that the conditions of my probation were dictated by email from Benjamin Silverman. Judge Engelmayer **personally stated those terms** on July 21, 2021. He therefore knew this testimony was false, yet **allowed the government to rely on it** to revoke my liberty.

In *Napue*, the Supreme Court held that the government violates due process where a conviction is obtained through false testimony, even if the prosecution did not directly solicit it. Here, the Court itself facilitated the due process violation.

*B. Judicial Knowledge and Inaction –* Mooney v. Holohan*, 294 U.S. 103 (1935)*

Judge Engelmayer **knew of the perjury** because he himself dictated the relevant probation terms. His failure to act upon this knowledge and correct the record constitutes judicial complicity in a constitutional violation.

In *Mooney*, the Court held that a conviction obtained by the knowing use of false evidence by state actors violates the Fourteenth Amendment. A judge's silence in the face of perjury is not neutral—it is **complicity**.

*C. Failure to Intervene in Attorney Misconduct –* Holloway v. Arkansas*, 435 U.S. 475 (1978)*

Judge Engelmayer also knew that my counsel, Susan Kellman, was involved in a conspiracy to suppress exculpatory evidence. He failed to inquire or remove her, even after her **refusal to introduce the July 21 transcript** which disproved the government's claim. The Supreme Court in *Holloway* ruled that when a judge is aware of potential conflict or misconduct by counsel, he must conduct a **"searching inquiry"**. Judge Engelmayer refused to act, despite overwhelming evidence that my counsel was acting against my interests.

*D. Judicial Bias and Recusal* – Caperton v. A.T. Massey Coal Co*., 556 U.S. 868 (2009)*

Despite clear conflicts of interest, Judge Engelmayer refused to recuse himself. He was appointed to the bench on **Senator Schumer's recommendation**, yet proceeded to rule in a matter where **Randi Weingarten—a close personal friend of Schumer's—was implicated in a retaliatory conspiracy against me**. Schumer publicly describes Weingarten as being "like a sister." Under *Caperton*, such relationships create an objective probability of bias and demand recusal under the Due Process Clause.

*E. Constructive Denial of Counsel* – United States v. Cronic*, 466 U.S. 648 (1984)*

The totality of events surrounding Judge Engelmayer's courtroom reveals a **breakdown of the adversarial process**. Attorneys Kellman and Silverman sabotaged my defense, yet the judge allowed them to proceed. He knew they had refused to introduce evidence, conspired with outside actors, and violated ethical duties. As *Cronic* holds, when no meaningful adversarial testing occurs, the Sixth Amendment is violated and prejudice is presumed.

## IV. Pattern of Retaliation and Abuse of Authority

This was not isolated error. Judge Engelmayer's inaction furthered a pattern of retaliation initiated by outside political actors. Petitioner was targeted through:

- False probation violations;
- Sabotaged disciplinary hearings;
- Suppression of exonerating recordings;
- The use of planted, conflicted defense counsel.

Judge Engelmayer played a **central role in allowing these retaliatory actions to take root and flourish**, in violation of his oath and constitutional obligations.

## V. Relief Requested

I respectfully request that the Chief Judge of the Court of Appeals initiate a formal investigation under 28 U.S.C. §§ 352–353 into the conduct of Judge Paul A. Engelmayer and determine whether:

1. He knowingly allowed the use of perjured testimony;
2. He engaged in willful misconduct or bias;
3. He abused his judicial authority by refusing recusal in matters involving personal or political entanglements;

4. He failed to fulfill his constitutional obligation to safeguard due process and effective assistance of counsel.

I request that appropriate discipline be imposed and that the matter be referred to the Judicial Conference of the United States if necessary.

---

- Dismissal of the alleged violation,
- Reinstatement of original conditions of release,
- Or an evidentiary hearing on the full scope of constitutional violations.

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]