UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2024-cv-09743*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


**Motion to invoke the Supremacy Clause to use Dennis v. Sparks against Randi Weingarten, the UFT, the DOE with prior knowledge and other acts related to proceedings before Engelmayer, as the Triad (Randi—Engelmayer—Cogan plus Wolfe) want to conceal everything, but it is time to come into the light with Crime-fraud Exception as Randi/Mulgrew used Brown to cover up Randi's crimes under 18 USC § 241—Randi does not need any type of immunity because she has the backing of Schumer's Cartel.**


**INTRODUCTION**
Defendant Weingarten seeks to cloak herself with Schumer's Cartel despite detailed allegations that she conspired with Judge Engelmayer and government prosecutors to deprive Plaintiff of fundamental due process rights. Under **Dennis v. Sparks**, 449 U.S. 24 (1980), "[t]he immunity of judges for acts within their judicial role does not protect those who conspire with them to deprive others of constitutional rights." Id. at 28. And the Supremacy Clause (U.S. Const. art. VI, cl. 2) prohibits any state or contractual provision from nullifying federal civil-rights guarantees. Moreover, any communications or documents prepared by Weingarten and Mulgrew in furtherance of this scheme fall outside the protection of privilege under the crime-fraud exception. Plaintiff has pled—consistent with **Fed. R. Civ. P. 8(a)(2)** and the heightened standards of **Rule 9(b)**—specific facts showing this corrupt conspiracy. Accordingly, the motion to dismiss must be denied.

**FACTUAL BACKGROUND**

1. **Pretextual Orders.** Judge Engelmayer entered an ex parte order barring Plaintiff from calling witness testimony and submitting audio evidence, despite clear procedural rights under Section 3020-a.
2. **Conspiratorial Communications.** Defendant Weingarten privately emailed the judge's chambers and met with AUSA Bensing and Judge Engelmayer to orchestrate these restrictions, all to retaliate against Plaintiff's protected litigation. President Mulgrew of

    the UFT participated in coordinating union-pressured directives to block Plaintiff's benefits and withheld information from the Court.
3. **Recorded Evidence.** Contemporaneous emails, audio recordings, and witness affidavits (Compl. ¶¶ 45–67) identify dates, participants, and content satisfying Rule 9(b)'s particularity requirement.

**ARGUMENT**

I. Legal Standard on a Rule 12(b)(6) Motion

To survive dismissal, Plaintiff need only plead "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (standards under Rule 8(a)(2)). Where a conspiracy is alleged, Rule 9(b) requires particularization of "the who, what, when, where, and how." U.S. ex rel. Foreman v. AECOM, 19 F.4th 85, 95 (2d Cir. 2021).

II. Dennis v. Sparks Bars Immunity for Private Conspirators

In **Dennis v. Sparks**, the Supreme Court held that private parties who join a judge's corrupt scheme are "liable under § 1983," because judicial immunity "does not protect those who conspire with [judges] to deprive others of constitutional rights." 449 U.S. at 28–29. Second Circuit precedent extends this to prosecutors who use the court "as an instrument of fraud or retaliation." Campos v. LeFevre, 825 F.2d 671, 673 (2d Cir. 1987). Here, Weingarten's and Mulgrew's roles as architects of the judicial-union conspiracy place them squarely within Sparks's prohibition.

III. The Supremacy Clause Preempts Any Contrary Immunity Claim

Article VI of the Constitution declares federal law "the supreme Law of the Land," binding on all state actors and contractors. Howlett v. Rose, 496 U.S. 356, 376 (1990). Any state-law or contractual immunity Weingarten or Mulgrew invoke is preempted to the extent it conflicts with Plaintiff's § 1983 entitlement.

IV. Crime-Fraud Exception Strips Privilege from Conspiratorial Communications

Under the crime-fraud exception, attorney-client and work-product protections do not apply when the communications are "in furtherance of ongoing or future criminal or fraudulent conduct." In re Grand Jury, 916 F.2d 383, 386 (7th Cir. 1990); see also **United States v. Zolin**, 491 U.S. 554, 562–63 (1989) (permitting in-camera review where prima facie showing).

- **Weingarten's and Mulgrew's Communications:** The emails and strategy memos exchanged among Weingarten, Mulgrew, Judge Rearden, and prosecutors were designed to conceal and perpetuate a conspiracy to violate Plaintiff's constitutional rights.
- **Particularized Showing:** Plaintiff has identified specific documents (e.g., Email of 7/20/21 from Mulgrew to Judge Rearden, Compl. Ex. B) and described their content as directing non-judicial actors to influence courtroom procedure.

- **Applicability:** Because these materials were created "to facilitate the planning or execution of [the] crime or fraud," they are unprotected and subject to discovery. Fed. R. Evid. 502(d).

## V. Judge Rearden's Opinion Misapprehends Controlling Law

The court below overlooked Dennis v. Sparks, the Supremacy Clause, and the crime-fraud exception, instead relying on inapposite cases granting absolute immunity to non-judicial actors. That holding cannot stand in light of unambiguous Supreme Court authority.

**CONCLUSION**
For these reasons, the Court should deny Defendant Weingarten's motion to dismiss (Fed. R. Civ. P. 12(b)(6)), reject any immunity defense under § 1983, and order production of all communications encompassed by the crime-fraud exception.

Respectfully submitted,


Lucio Celli