# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

*2019-cr-127*

USA,

Plaintiff,

v.

Lucio Celli

Defendants.

MOTION FOR EVIDENTIARY HEARING AND LIMITED DISCOVERY PURSUANT TO *BRACY v. GRAMLEY*, 520 U.S. 899 (1997), INTO EX PARTE COMMUNICATIONS BETWEEN MAGISTRATE LEHRBURGER, SENATOR SCHUMER, AND RANDI WEINGARTEN

**PRELIMINARY STATEMENT**

Plaintiff respectfully moves for an evidentiary hearing and limited discovery pursuant to *Bracy v. Gramley*, 520 U.S. 899 (1997), to investigate the existence and influence of **undisclosed ex parte communications and/or off-the-record meetings** between Magistrate Judge Stewart D. Lehrburger, Senator Charles Schumer, and Randi Weingarten. These undisclosed communications occurred in a context where:

- Senator Schumer exercises direct political influence over magistrate reappointment processes in the Southern District of New York;
- Randi Weingarten, a politically aligned and named party in this case, has deep ties to both the Schumer political bloc and court personnel;
- Judge Lehrburger presided over key rulings affecting Plaintiff's access to due process and meaningful relief, despite publicly documented and judicially noticeable conflicts of interest;
- Plaintiff was denied the ability to present evidence, call witnesses, or cross-examine participants tied to Weingarten's political apparatus.

The totality of these facts provides a non-speculative, factual predicate for discovery and a *Bracy* hearing to uncover the scope of political coordination that infected the tribunal.

## LEGAL STANDARD

In *Bracy v. Gramley*, the Supreme Court held that a habeas petitioner is entitled to discovery and an evidentiary hearing where there is a "specific allegation" suggesting judicial bias that may have influenced the outcome. 520 U.S. at 908–09. The petitioner need not prove the full extent of the bias beforehand—only that the facts alleged, if proven, would show a structural violation of due process.

Subsequent rulings have affirmed the need for courts to investigate "the appearance of bias or extrajudicial entanglement," especially where political relationships intersect with judicial functions. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Tumey v. Ohio*, 273 U.S. 510 (1927).

## BASIS FOR DISCOVERY AND HEARING

*I. Senator Schumer's Control Over Lehrburger's Reappointment Created a Structural Incentive for Bias*

Judge Lehrburger was up for reappointment during the period in which Plaintiff's claims were pending. Under the governance procedures of the SDNY, Senator Schumer's political bloc exercises effective veto power over magistrate reappointments. Plaintiff has presented evidence, and requests judicial notice, that Randi Weingarten is a political ally of Senator Schumer and has appeared at coordinated events, advocacy sessions, and endorsement actions with him.

This intersection of partisan interest and judicial discretion creates the precise scenario that *Bracy* condemns—where a judge's career interests align with a party to the case and no disclosure is made to the litigant.

*II. Evidence Suggests Undisclosed Coordination Between Lehrburger and Weingarten's Political Network*

Plaintiff has uncovered evidence, both circumstantial and testimonial, suggesting that Judge Lehrburger's decisions—including denial of evidentiary hearings, refusal to allow discovery, and suppression of filings implicating Weingarten—were not based on the record, but coordinated with external interests. The timing and substance of rulings reflect a pattern of preordained outcomes benefitting Weingarten and her political sponsors.

Plaintiff is informed and believes that off-the-record communications—whether in-person meetings, email correspondence, or via intermediaries—took place between Lehrburger, Weingarten, and Schumer or his staff. These contacts have never been disclosed.

*III. Plaintiff Was Denied Meaningful Adversarial Process in a Politically Rigged Tribunal*

Plaintiff's filings raising misconduct, constitutional violations, and fraud were dismissed or suppressed without factual development. Lehrburger's orders consistently advantaged the politically connected parties and denied Plaintiff basic procedural rights—including access to evidence and confrontation of key witnesses. These denials align precisely with the bias described in *Bracy* and *Caperton*, where judicial decisions were corrupted by external influence.

---

## REQUEST FOR RELIEF

Plaintiff respectfully requests:

1. An evidentiary hearing into whether ex parte communications or coordination occurred between Magistrate Judge Lehrburger, Randi Weingarten, and Senator Schumer or his staff during the pendency of Plaintiff's proceedings;
2. Limited discovery including:
    - Judicial conference disclosures;
    - Internal court records relating to magistrate reappointment panels;
    - Communications between chambers staff and any third-party aligned with Weingarten or Schumer;
    - Depositions or interrogatories to court officials who may have facilitated contact;
3. Reassignment of this matter to a neutral Article III judge for all further proceedings;
4. Any further relief deemed just and appropriate in the interest of judicial integrity.

---

## CONCLUSION

This motion is supported by credible facts, constitutional precedent, and longstanding doctrine recognizing that even the appearance of judicial bias undermines the legitimacy of the court. *Bracy* entitles Plaintiff to inquiry where there is a reasonable basis to suspect extrajudicial influence. The record now surpasses that threshold.

Respectfully submitted,

/s/ Lucio Celli

DATED: May 22, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]