UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

*2019-cr-127*

Lucio Celli,

Plaintiff,

v.

USA,

Defendants.


MOTION FOR Engelmayer's order be REVIEWED UNDER STRICT SCRUTINY PURSUANT TO FEDERAL REGISTER RULE AT 85 FR 84229 and Horne v. Flores, 557 U.S. 433, 448 (2009


NOW COMES Petitioner Lucio Celli, pro se, and respectfully moves this Court to review the actions and order at issue pursuant to strict scrutiny analysis, and in conformance with the Federal Register rule published at 85 FR 84229 (Dec. 28, 2020), titled "Approval of Civil Consent Decrees With State and Local Governmental Entities."

This motion is being made pursuant to **Fed. R. Civ. P. 65**. In particular:

- **Rule 65(a)** sets out the requirements for preliminary injunctions (and authorizes the court to "hear evidence and to grant or deny" relief after notice)
- **Rule 65(b)** covers temporary restraining orders, including how and when they expire and may be extended
- **Rule 65(d)** defines the scope and binding effect of any injunction


In support thereof, Petitioner states as follows:


I. INTRODUCTION

1. Petitioner brings this motion seeking a review under strict scrutiny of the order issued by Judge Engelmayer, which restrains Petitioner from communicating with the Department of Education and the New York State Education Department during the disciplinary proceedings conducted under Education Law § 3020-a.

2. The Federal Register rule at 85 FR 84229, which governs the DOJ's oversight of civil consent decrees with state and local governmental entities, mandates heightened review and strict limits on federal intrusion. The rule emphasizes that any federal decree or DOJ action that imposes long-term obligations on state or local governments must be consistent with the principles of federalism, democratic accountability, and the impartial rule of law.

3. Petitioner contends that Respondent AUSA Bensing's misrepresentations, combined with the restrictive order, constitute an overreach that violates constitutional due process and First Amendment rights, while simultaneously interfering with the autonomy of state and local governance as protected by federalism principles.

4. Accordingly, this Court is compelled to examine the present action under strict scrutiny pursuant to the guidelines established in the Federal Register rule and relevant constitutional precedent, including Horne v. Flores, 557 U.S. 433, 448 (2009).

II. FACTUAL AND PROCEDURAL BACKGROUND

5. Petitioner, a tenured teacher, became subject to a disciplinary proceeding under Education Law § 3020-a. During these proceedings, Judge Engelmayer issued an order that prohibited Petitioner from communicating with the Department of Education (DOE) and the New York State Education Department (NYSED).

6. Petitioner asserts that the order deprived him of a meaningful opportunity to prepare his defense, thereby violating his procedural due process rights under the Fourteenth Amendment, as well as his right to effective assistance of counsel under the Sixth Amendment.

7. Furthermore, Petitioner contends that AUSA Bensing intentionally misrepresented the terms of Petitioner's probation—specifically asserting a restriction on contact with his employer—in an apparent effort to thwart Petitioner's ability to document the actions of officials including Randi Weingarten and Judge Cogan.

8. Petitioner further argues that these actions collectively amount to a denial of his First Amendment right to free speech, as the restrictions operate as an impermissible prior restraint.

9. The Federal Register rule at 85 FR 84229 explicitly cautions against federal court decrees that impose wide-ranging, long-term obligations on state and local governmental entities. The rule provides that:

   a. "The Department must ensure that its practices in such cases are in the interests of justice, transparent, and consistent with the impartial rule of law and fundamental constitutional principles, including federalism and democratic control and accountability."

   b. "[Consent decrees] that impose wide-ranging and long-term obligations on… State or local governments are extraordinary remedies that raise sensitive federalism concerns."

   c. Federal actions must avoid undue federal intrusion into the operations of state sovereign functions.

10. Petitioner asserts that Respondents' actions violate these principles by appropriating consent-decree-like mechanism and judicial oversight to impose long-term and undue restrictions that interfere with state autonomy and Petitioner's constitutional rights.

III. ARGUMENT

A. REVIEW UNDER STRICT SCRUTINY IS WARRANTED

11. The Federal Register rule at 85 FR 84229 mandates that any federal consent decree or action involving state or local governments be subjected to heightened DOJ review and strict accountability in order to safeguard federalism and constitutional guarantees. Petitioner respectfully contends that the present case squarely falls within these parameters.

12. As a matter of constitutional law, any order that unduly impairs a party's fundamental rights—such as due process and free speech—must be reviewed under strict scrutiny.

13. Petitioner submits that the combined restrictions on communication and the misrepresentations concerning his probation amount to an unconstitutional infringement that is compounded by federal intrusion into what are traditionally state administrative processes.

B. VIOLATION OF FEDERALISM PRINCIPLES

14. The Federal Register rule emphasizes that state governments "are sovereigns with special and protected roles under our constitutional order." In this case, the actions of the

DOJ via AUSA Bensing and the subsequent judicial order flagrantly disregard this protective posture by imposing remedies that essentially equate to a federal consent decree.

15. By failing to ensure that its actions are consistent with the "impartial rule of law and fundamental constitutional principles," Respondents have overstepped constitutional bounds by effectively commandeering state oversight processes, thus undermining the balance between federal authority and state sovereignty.

16. The rule's caution against "wide-ranging and long-term obligations"—remedies that intrude upon state governmental functions—reinforces Petitioner's argument that the order is impermissible as applied to a state disciplinary proceeding, thereby necessitating a strict scrutiny review.

C. VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS

17. Petitioner has a protected substantive interest in the ability to mount a full and meaningful defense in disciplinary proceedings. The order's prohibition on communicating with the DOE and NYSED has directly impaired his capacity to gather and present evidence, thus eliciting a violation of his procedural due process rights under the Fourteenth Amendment, as established in Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).

18. In addition, Petitioner's ability to document and communicate his concerns is fundamental to his First Amendment rights. The imposed restrictions and the misrepresentations made by AUSA Bensing constitute an impermissible prior restraint, running afoul of the principles enshrined in Pickering v. Board of Ed. of Township High School Dist. 205, 391 U.S. 563 (1968) and Garcetti v. Ceballos, 547 U.S. 410 (2006).

**Please Take Notice**, the order to cause by Magistrate Lehrburger thought up by Livingston, Engelmayer, Cogan and Wiengarten, so that they could avoid a public record for what they did to me for the past 6 years and of the quid pro quo

19. Finally, the misrepresentations regarding his probation terms and the consequential interference with counsel further implicate Petitioner's Sixth Amendment right to effective assistance of counsel, creating a dual constitutional violation that reinforces the necessity of strict scrutiny review.

IV. CONCLUSION

20. For the foregoing reasons, Petitioner respectfully requests that this Court:

   a. Apply strict scrutiny in its review of the order issued under the guise of administrative disciplinary proceedings, consistent with the Federal Register rule published at 85 FR 84229;

   b. Declare that the actions of Respondents—including the order restricting communication and the misrepresentations regarding Petitioner's probation—are in violation of Petitioner's constitutional rights, federalism principles, and the guidance set forth in Horne v. Flores and the associated provisions of the Federal Register rule; and

   c. Grant any further and additional relief that this Court deems just and proper.

WHEREFORE, Petitioner prays that this Court grant this Motion for Review Under Strict Scrutiny, vacate or modify the contested order as appropriate, and provide such other relief as may be just and proper under the circumstances.

Respectfully submitted,

/s/ Lucio Celli

DATED: June 11, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com

Service by ECF and email