# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

*19-cr-127*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST AUSA SMITH for having AUSA Bensing lie about terms of probation that the DOE counted as prosecutors and had Karamigios suborn perjury and deprive me of liberty for attempting to gain my wages, as ALJ Blassman said to settle with me due to the fact it affects my wages

---

## INTRODUCTION

Plaintiff respectfully moves this Court to impose sanctions upon Assistant United States Attorney ("AUSA") Smith pursuant to the Court's inherent authority, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11. AUSA Smith has engaged in conduct designed to obstruct justice and perpetuate fraud upon the Court, including:

1. Directing or permitting AUSA Bensing to misrepresent the Department of Education ("DOE") as being represented by AUSAs, when in fact they were not;
2. Assisting AUSA Karamigios in suborning perjury to conceal unlawful wage theft and retaliatory actions taken against Plaintiff; and
3. Acting in furtherance of a scheme to protect the interests of Randi Weingarten and the United Federation of Teachers ("UFT"), rather than the impartial administration of justice.

*FACTUAL BACKGROUND*

1. Plaintiff has been engaged in litigation concerning deprivation of wages, pension credits, and medical benefits tied to employment with the New York City Department of Education.
2. Throughout the proceedings, AUSAs have inserted themselves without jurisdictional authority, falsely asserting representation of DOE officials.
3. Specifically, AUSA Bensing misrepresented DOE's posture to this Court, with the knowledge and assistance of AUSA Smith.
4. AUSA Karamigios further engaged in suborning perjury from witnesses to prevent disclosure of DOE and UFT's joint responsibility in wage and benefit deprivations.
5. AUSA Smith's role in orchestrating, permitting, or failing to prevent these abuses constitutes sanctionable misconduct under both Rule 11(b) and 28 U.S.C. § 1927, as well as fraud upon the court within the meaning of Hazel–Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

---

*LEGAL STANDARD*

1. **Rule 11(b)** requires attorneys to ensure representations to the court are not made for improper purposes, are warranted by law, and are supported by evidence.
2. **28 U.S.C. § 1927** permits sanctions against any attorney who multiplies proceedings unreasonably and vexatiously.
3. Courts also possess **inherent authority** to sanction conduct that constitutes abuse of the judicial process or fraud upon the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).
4. Fraud upon the court exists where officers of the court engage in deliberate misconduct designed to corrupt the judicial process. *Hazel–Atlas Glass Co.*, 322 U.S. at 245–46.

---

*ARGUMENT*

1. **Misrepresentation of DOE's Representation**
   - AUSA Bensing falsely represented DOE as a federal client. Such conduct, facilitated by AUSA Smith, violated Rule 11(b)(2)–(3) and multiplied proceedings without legal basis.
2. **Subornation of Perjury by AUSA Karamigios**
   - AUSA Smith permitted and coordinated with AUSA Karamigios to suborn perjury by DOE witnesses, thereby obstructing Plaintiff's ability to establish wage theft and retaliation.
3. **Improper Protection of Randi Weingarten and UFT**
   - AUSA Smith acted not as an officer of the court, but as a shield for politically connected parties, engaging in conduct that is ultra vires and corrosive to the appearance of impartial justice.

4. **Sanctionable Pattern of Conduct**
    - The cumulative effect of these actions demonstrates bad faith litigation tactics warranting sanctions under the Court's inherent authority. See *Chambers v. NASCO*.

*RELIEF REQUESTED*

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Impose monetary sanctions upon AUSA Smith pursuant to 28 U.S.C. § 1927 and Rule 11(c);
2. Refer AUSA Smith to the Department of Justice Office of Professional Responsibility for investigation;
3. Strike any filings or representations made under AUSA Smith's direction that misrepresented DOE's status; and
4. Grant such other and further relief as this Court deems just and proper.

**Dated:** 9/3/25
Respectfully submitted,


/s/ Lucio Celli


DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]